Chad C. Rasmussen (13847)
ALPINA LEGAL
2230 N University Pkwy, Ste. 7E
Provo, UT 84604
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

*Attorney for CASCADE COLLECTIONS LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| In re:                      | Case No. 19-27718 (Ch. 13) |
|-----------------------------|----------------------------|
| DESARAE LASHAE PEARSON,     | Judge: R. Kimball Mosier   |
| Debtor.                     |                            |

**CREDITOR CASCADE COLLECTIONS LLC'S UNSWORN DECLARATION OF STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR RULE 9011 SANCTIONS (DOC 26)**

CASCADE COLLECTIONS LLC ("Cascade"), by and through counsel of Alpina Legal, and pursuant to this Court's direction at its October 14, 2020 hearing regarding Debtor's Objection to Claim No. 1 and Claim No. 6 Filed on Behalf of Cascade Collections, LLC (Doc. 21) and amended Objection to Claim No. 6 (Doc. 35), provides this updated statement of facts via unsworn declaration of its counsel Chad C. Rasmussen, in support of its Motion for Rule 9011 Sanctions (Doc. 26):

**<u>STATEMENT OF FACTS</u>**

1. On or about July 10, 2012, Cascade entered into a Collection Agreement and Assignment of Accounts ("Collection Agreement") with Titanium Funds LLC. Attached hereto as

**Exhibit A** is an unredacted copy of the Collection Agreement and Assignment of Accounts; *see* Declaration of Chad C. Rasmussen (attached hereto as **Exhibit B**), ¶ 3.

2.  The Collection Agreement states in part:

    a)  Cascade "shall have the right and absolute discretion to use whatever lawful means it deems appropriate in order to collect and recover such debts" (*see* para. 1);

    b)  It "in no way creates an agency relationship between the Parties, and the relationship created is one of independent contractor" (*see* para. 2);

    c)  Titanium Funds LLC "hereby assigns all of its rights and interests in any and all accounts placed for collection to" Cascade Collections" (*see* para. 4); and

    d)  "Such assignment gives Collector the legal right to collect on the accounts, settle and compromise the accounts (pursuant to this agreement), bring suit against the account debtors in its own name, and to otherwise use any and all lawful means it deems necessary and absolute discretion to recover the monies due under the accounts" (*see* para. 4). *See* **Exhibit A**.

3.  Upon information and belief, prior to May 14, 2020, Debtor's counsel Matthew Broadbent had no factual basis to believe that the Collection Agreement did not provide for this information. *See* **Exhibit B**, ¶ 4.

4.  On or about September 13, 2012 Titanium Funds LLC assigned an account of Debtor to Cascade under the Collection Agreement. *See* **Exhibit B**, ¶ 5.

5.  On December 16, 2012 Debtor was served with process in a lawsuit filed by Cascade against her in order to collect on her account in the Salt Lake City Dept. of the Third

Judicial District Court, Salt Lake Count, State of Utah, which was assigned case no. 129918006 (the "Lawsuit"). Attached hereto as **Exhibit C** is a copy of the proof of service in the Lawsuit.

6.  The proof of service in the Lawsuit reflects personal service upon Debtor. *See* **Exhibit C**.

7.  On February 11, 2013 judgment was entered against Debtor in the Lawsuit. Attached hereto as **Exhibit D** is a copy of the judgment entered in the Lawsuit.

8.  Debtor did not appeal the judgment in the Lawsuit.

9.  Notice of the judgment that Cascade obtained in the Lawsuit was also given to Debtor via mail on February 11, 2013 and June 23, 2014. *See* **Exhibit B**, ¶ 10; Attached hereto as **Exhibit E** is a copy of a notice of judgment and separate motion that included a copy of the judgment.

10. Prior to Debtor's filing this instant bankruptcy case, Debtor had previously filed for and obtained, through counsel Matthew Broadbent, a discharge in a Chapter 7 case, assigned case no 16-24465 (the "2016 Chapter 7 Bankruptcy Case"), such discharge was entered on August 31, 2016. *See* **Exhibit B**, ¶ 13

11. Debtor's bankruptcy schedules in the 2016 Chapter 7 Bankruptcy Case failed to list or include Cascade. Attached hereto as **Exhibit F** is a copy of the bankruptcy schedules filed by Defendant in her 2016 Chapter 7 Bankruptcy Case.

12. Schedules D and E/F of Debtor's bankruptcy schedules in the 2016 Chapter 7 Bankruptcy Case, which listed her creditors, fail to list or include Cascade. *See* **Exhibit F**, pp. 12–36 (of 58).

13. Prior to June 21, 2017, Cascade never received notice of Defendant's 2016 Chapter 7 Bankruptcy Case, and only received knowledge of it in December, 2017, when notice was given to Cascade's attorney. *See* **Exhibit B**, ¶¶ 14–15.

14. Debtor's bankruptcy schedules in the 2016 Chapter 7 Bankruptcy Case do list the predecessor in interest of Debtor's account: Titanium Funds LLC. *See* **Exhibit F**, p. 33 (of 58).

15. On or about February 28, 2018, Cascade obtained a bench warrant against Debtor in the Lawsuit based on her failure to comply with an order of the court. Attached hereto as **Exhibit G** is a copy of the Bench Warrant.

16. On or about September 25, 2018, Debtor, through counsel other than Matthew Broadbent, filed a motion to quash the Bench Warrant issued in the Lawsuit alleging that her 2016 Chapter 7 Bankruptcy Case discharged the judgment that was entered in the state court case and that Cascade's collection efforts in the state court case violated the 2016 Chapter 7 Bankruptcy Case's discharge order and injunction. Attached hereto as **Exhibit H** is a copy of the Motion to Quash.

17. In Debtor's 2016 Chapter 7 Bankruptcy Case, Debtor, through her current counsel Matthew Broadbent, filed a motion to reopen (the "Motion to Reopen No. 1") her case on January 1, 2019 wherein she attempted to reopen the case to include Cascade as a listed creditor. Attached hereto as **Exhibit I** is a copy of the Motion to Reopen No. 1.

18. On January 28, 2019 Cascade filed an objection to the Motion to Reopen No. 1. Attached hereto as **Exhibit J** is a copy of the Objection to the Motion to Reopen No. 1.

19. Debtor's Motion to Reopen No. 1 was then withdrawn on March 18, 2019.

20. On January 15, 2019, the court in the Lawsuit denied Debtor's Motion to Quash and

ruled, in pertinent part, as follows:

    a) Defendant was personally served with a summons and complaint in this case as evidenced by the summons on return filed in this case.

    b) Defendant has failed to show by clear and convincing evidence that she was not personally served with a summons and complaint in this case.

    c) Plaintiff obtained a judgment against Defendant and became her judgment creditor on February 11, 2013, and notice of the judgment was given to her.

    d) Over three years after judgment was entered against her, Defendant filed a petition for bankruptcy in the Utah Bankruptcy Court, which was assigned case number 16-24465.

    e) Plaintiff was not listed as a creditor in her bankruptcy case, although the original creditor of the debt the judgment was based upon was listed by Defendant in her bankruptcy.

    f) As Defendant's judgment creditor, Plaintiff should have been listed in and given notice by Defendant of her bankruptcy case.

    g) On August 31, 2016, Defendant obtained a discharge in her bankruptcy case.

    h) Plaintiff did not have notice of Defendant's bankruptcy case prior to the deadline of filing proofs of claim of June 21, 2017.

    i) Plaintiff first received notice of Defendant's bankruptcy case on December 20, 2017 and therefore Plaintiff did not have notice in time to file a proof of claim by the June 21, 2017 deadline.

    j) Pursuant to 11 U.S.C. 523(a)(3), the discharge entered in Defendant's bankruptcy does not cover the judgment Plaintiff obtained against her in this case and, accordingly, the discharge injunction is not applicable to Plaintiff. Attached hereto as **Exhibit K** is a copy of the state court's January 15, 2019 Order.

21. On April 11, 2019, Debtor, through counsel Matthew Broadbent, filed a second motion to

reopen (the "Motion to Reopen No. 2") in the 2016 Chapter 7 Bankruptcy Case wherein

she attempted to reopen the case to determine the dischargeability of the judgment

Cascade obtained against her in the Lawsuit. Attached hereto as **Exhibit L** is a copy of

the Motion to Reopen No. 2.

22. On April 12, 2019 Cascade filed an objection to Motion to Reopen No. 2. Attached

hereto as **Exhibit M** is a copy of this Objection to Motion to Reopen No. 2.

23. On April 19, 2029 Debtor, through counsel Matthew Broadbent, filed a reply in support

    of her Motion to Reopen No. 2. Attached hereto as **Exhibit N** is a copy of the Reply.

24. On May 13, 2019, this Court in the 2016 Chapter 7 Bankruptcy Case heard Debtor's

    Motion to Reopen No. 2.

25. At the May 13, 2019 hearing, this Court denied the Debtor's Motion to Reopen No. 2 and

    stated, in pertinent part:

    a) "I looked at the documents that were filed. I don't see how I can get around the
       finding of the third district court that the debt evidenced by the default judgment
       is not discharged in this bankruptcy… The Rooker-Feldman doctrine requires this
       federal court to give full faith and credit to any final order of the state court and to
       not in any way, shape, or form modify or otherwise act as an appellate court to the
       orders or judgments entered by a state court… [T]he debt in issue is one
       evidenced by the default judgment in favor of Cascade Collections LLC. All of
       the other transfers, transactions, machinations, etc. involving Titanium and any
       other entity are superseded by the entry of the default judgment. I can't go back
       and revisit how or why Cascade obtained a default judgment; whether that was
       appropriate; whether all of the applicable provisions were required. There is a
       final non-appealable judgment and that's the debt the Court has to deal with. I
       couple that with the order of the third district court on the Order on Motions to
       Quash Bench Warrants, Strike Affidavits, Substitute Declarations for Affidavits
       that was entered on January 15, 2019 that includes the specific findings that not
       only support the validity of the default judgment but go on further to make
       specific findings as to the lack of notice to the creditor of the bankruptcy filing;
       that the discharge entered did not cover the judgment plaintiff obtained; and that
       the discharge injunction is not applicable… I'm going to find that even if I did
       reopen the case, there is no relief that could be afforded in connection with the
       debt evidenced by the default judgment in favor of Cascade… I'm bound by these
       findings, and I don't see any basis to ignore them or to question their validity or
       whether the state court had jurisdiction to enter them. It appears the debtor was
       represented; that they were litigated; that the court made specific findings and **I
       am bound, perhaps moreso then even the debtor, by these findings. I can't
       make alternate findings that change that.**" *See* Docket No. 35, Case No. 16-
       24465, Hearing Audio, dated May 13, 2019. (Bold emphasis added); see also
       **Exhibit O**, a pdf with the audio of this hearing imbedded.[1]

---

[1] This is a transcription provided by Cascade's counsel. A pdf with the audio of the hearing imbedded is attached
hereto as Exhibit "N." Alternatively, the Court can access Doc. 35 from case no. 16-24465 to access the audio
recording.

26. Both the state court and this Court have already ruled on the issue of whether Debtor's 2016 Chapter 7 Bankruptcy Case discharged Cascade's judgment obtained in the Lawsuit. *See* **Exhibits K and O**.

27. The state court in the Lawsuit has ruled that "Pursuant to 11 U.S.C. 523(a)(3), the discharge entered in [Debtor's 2016 Chapter 7 Bankruptcy Case] does not cover the judgment [Cascade] obtained against her in this case [the Lawsuit] and, accordingly, the discharge injunction is not applicable to [Cascade]." *See* **Exhibit K**, ¶ 10.

28. This Court, in the 2016 Chapter 7 Bankruptcy Case has ruled that "the discharge entered did not cover the judgment plaintiff obtained; and that the discharge injunction is not applicable... [and] I'm bound by these findings." *See* **Exhibit N**.

29. On May 14, 2020, Debtor, through counsel Matthew Broadbent, filed her Objection (Doc. 21) in this instant bankruptcy case.

30. The Objection sought to disallow both Claim No. 1 and Claim No. 2.

31. Claim No. 1 lists Alpina Legal as the Creditor whereas Claim No. 6 lists Cascade as the creditor. *See* **Exhibit B**, ¶ 16.

32. Claim No. 1 erroneously listed Cascade's attorney's law firm Alpina Legal as the creditor. *See* **Exhibit B**, ¶ 17.

33. Due to this error Claim No. 1 was withdrawn on December 9, 2019 and Claim No. 6 was simultaneously filed listing Cascade as the Creditor. **Exhibit B**, ¶ 18.

34. Claim No. 1 was withdrawn 157 days prior to Debtor's counsel's filing of the Objection. **Exhibit** B, ¶ 19.

35. Debtor's Objection, made through her same counsel, Matthew Broadbent, as that in the 2016 Chapter 7 Bankruptcy Case, states that "Claim 1 and Claim 6 are invalid because the underlying Debt was discharged in the 2016 Bankruptcy Case." *See* Doc. 21, ¶ 22.

36. Debtor's Objection, made through her same counsel, Matthew Broadbent, as that in the 2016 Chapter 7 Bankruptcy Case, states that "Claim 1 or Claim 6 is invalid because the Claims are duplicates." *See* Doc. 21, ¶ 23.

37. Upon information and belief Debtor's counsel Matthew Broadbent has failed to conduct an inquiry reasonable under the circumstances prior to and in filing the Objection. *See* **Exhibit B**, ¶¶ 20–24.

38. Upon information and belief, if an inquiry was conducted by Debtor's counsel Matthew Broadbent prior to and in filing the Objection, Debtor's counsel willfully and knowingly made the legal argument that Cascade's Claim No. 6 was invalid because it was discharged in the 2016 Chapter 7 Bankruptcy Case. *See* **Exhibit B**, ¶¶ 20–24.

39. Upon information and belief, when filing the Objection, Debtor's counsel willfully and knowingly failed to provide to this Court a copy of the January 15, 2019 Order issued in the Lawsuit. *See* **Exhibit B**, ¶¶ 20–24.

40. Upon information and belief, if an inquiry was conducted by Debtor's counsel Matthew Broadbent prior to and in filing the Objection, Debtor's counsel willfully and knowingly made the legal argument that Cascade's Claim No. 6 was a duplicate of Claim No. 1 despite Claim No. 1 having been previously withdrawn. *See* **Exhibit B**, ¶¶ 20–24.

41. Upon information and belief, when filing the Objection, Debtor's counsel willfully and knowingly failed to notify the Court that Claim No. 1 had been withdrawn. *See* **Exhibit B**, ¶¶ 20–24.

42. On May 15, 2020, Cascade served its Motion for Rule 9011 Sanctions (Doc. 26) via email and first-class mail upon Debtor's counsel Matthew Broadbent. *See* **Exhibit B**, ¶ 25.

43. On June 12, 2020, Cascade filed with the Court its Motion for Rule 9011 Sanctions (Doc. 26).

44. Debtor's counsel Matthew Broadbent amended the Objection on July 28, 2020 (see Doc. 35), approximately 74 days after the date of service of Cascade's Motion for Rule 9011 Sanctions (Doc. 26). *See* **Exhibit B**, ¶ 25.

45. Debtor's Objection has required Cascade to research the issues, facts, and law surrounding the Objection, to respond to the Objection, to prepare, serve, and file its motion for sanctions, to participate in the hearings held on June 24, 2020, July 15, 2020, July 29, 2020, September 9, 2020, and October 14, 2020on the Objection, and to prepare, file, and serve the original statement of facts (Doc. 29) and this updated Statement of Facts. *See* **Exhibit B**, ¶ 27.

46. This has amounted to Cascade expending time and resources and incurring expenses that it believes it otherwise would not have to but for the Objection. *See* **Exhibit B**, ¶ 28.

47. Cascade's attorney has spent a total of 22.9 hours to date related to responding to the Objection and its motion for sanctions. *See* **Exhibit B**, ¶ 29.

48. Cascade believes that Debtor's Objection is frivolous, has been presented for the

improper purpose to harass Cascade, and has needlessly increased the cost of litigation

for Cascade. *See* **Exhibit B**, ¶ 30.

I declare under criminal penalty of the State of Utah that the foregoing is true and correct.

Respectfully submitted this 28th day of October, 2020 at Provo, UT.

/s/ Chad C. Rasmussen
Chad C. Rasmussen
Attorney for Cascade Collections LLC

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October, 2020, I sent a copy of the foregoing Unsworn Declaration of Statement of Facts via the Electronic Case Filing System to the following:

Matthew K. Broadbent
matt@vannovalegal.com,
vannova.ecf@gmail.com;broadbentmr74548@notify.bestcase.com;vannovalegal@ecf.courtdrive
.com;encoreresss.inbound@gmail.com;ecfarchive@vannovalegal.com

Lon Jenkins tr
ecfmail@ch13ut.org, lneebling@ch13ut.org

United States Trustee
USTPRegion19.SK.ECF@usdoj.gov

/s/ Chad C. Rasmussen
Chad C. Rasmussen

# Exhibit "A"

# COLLECTION AGREEMENT AND ASSIGNMENT OF ACCOUNTS

Cascade Collections LLC
www.UtahDebtCollector.com
contact@UtahDebtCollector.com
(801)-900-DEBT (3328)

**THIS COLLECTION AGREEMENT AND ASSIGNMENT OF ACCOUNTS** is made and entered into this _10th_ day of _July_, 20_12_, between and by Cascade Collections LLC ("Collector"), a Utah Limited Liability Company, Titanium Funds LLC ("Creditor"), a Utah Limited Liability Company, and Miller, Reay & Associates, PLLC ("MR&A"), a Utah Professional Limited Liability Company (individually "Party" and collectively "Parties").

**WHEREAS** Creditor is a registered consumer lender, and in good standing before the Utah Department of Financial Institutions, that finances the purchases of vehicles at a car dealership and has need to recover delinquent monies owing to it on account of such purchases;

**WHEREAS** Collector is a registered, licensed, and bonded collection agency and in good standing before the Utah Department of Commerce, Division of Finance and thus has expertise in debt collection;

**WHEREAS** MR&A is an entity owned by J. Benson Miller who is a member of Creditor and will oversee the collection and recovery of delinquent monies due Creditor;

**WHEREAS** all Parties agree that each is giving and receiving sufficient and adequate valuable consideration for the mutual promises and obligations herein, the receipt of which is hereby acknowledged;

**THEREFORE** the Parties intend and agree to be mutually bound by the following:

**1. Collection Services Provided.** Collector shall provide debt collection and recovery services on all accounts placed by Creditor and assigned to Collector. Collector shall use best efforts to collect and recover the debts of each account. Collector shall have the right and absolute discretion to use whatever lawful means it deems appropriate in order to collect and recover such debts.

**2. Parties' Relationship and Proprietary Information.** This Agreement in no way creates an agency relationship between the Parties, and the relationship created is one of independent contractor. Furthermore, the Parties acknowledge and recognize the proprietary interests of each other in their respective business operations, including information or data relating to the business operations, systems, components, customers, prices, methods, plans, programs, results or other know-how of the other. In order to maintain privacy and confidentiality of any information obtained during the regular course of performing under this Agreement, Creditor and Collector agree to preserve the confidential nature of this information and the Parties' relationship by (1) using and retaining such information in trust and confidence, only for its own internal use, and not in any way in competition with the other, (2) not copying (except for internal use), altering, disassembling, or otherwise changing, in any manner whatsoever, such information, and (3) not making any unauthorized disclosure of such information.

**3. Term of Agreement.** The term of this Agreement shall be eighteen (18) months from the date first mentioned above, during which Collector shall have the exclusive right to collect on any and all accounts Creditor has chosen to offer for debt collection placement; such offer, if made, to be made to only Collector. This Agreement shall automatically renew itself when the term matures unless either Party notifies the other in writing, no later than thirty (30) days before the end of the term, that it wishes to not renew the Agreement. Any accounts already placed with or assigned to Collector by Creditor shall not be affected by the termination of this Agreement and all its terms and conditions shall be applicable to such accounts: Collector shall have the absolute right to collect on such accounts, in particular accounts pending litigation or that have judgments, until returned to Creditor.

Version 07102012

CcR

**4. Assignment of Accounts.** Creditor hereby assigns all of its rights and interests in any and all accounts placed for collection to Collector. Such assignment of accounts gives Collector the legal right to collect on the accounts, settle and compromise the accounts (pursuant to this agreement), bring suit against the account debtors in its own name, and to otherwise use any and all lawful means it deems necessary and in its own and absolute discretion to recover the monies due under the accounts. Collector may in its sole and absolute discretion forward assigned accounts to others for collection. Assignment of accounts shall be deemed automatic upon charge-/write-off by Creditor (which occurs when a write-off report is generated and includes the assigned accounts), provided, however, that Collector may, in its sole discretion, elect at any time not to pursue collection of an assigned account and return the account to Creditor. Any accounts returned to Creditor may be pursued by Creditor through any means it so desires.

**5. Authority Granted.** Creditor authorizes Collector to receive and endorse in the name of Creditor and deposit into a common account with commingled funds collected on accounts assigned by Creditor any and all remittances, funds, or payments made payable or endorsed to Creditor that come into the possession of Collector while performing services for Creditor. Furthermore, Creditor authorizes Collector, in Collector's sole and absolute discretion, to negotiate a minimum seventy percent (70%) settlement on all assigned accounts should payment in full or alternative payment arrangements not be reasonably viable in Collector's judgment. Any settlement for less than seventy percent (70%) of the account balance must be approved in writing by Creditor. Collector is further authorized to adjust the balance due on assigned accounts to comply with any applicable law. Collector shall have no obligation to commence legal proceedings for the purpose of collecting on assigned accounts; shall not be liable for assigned accounts being barred by the statutes of limitations or judgments expiring without renewal; and shall have the right, in its sole discretion, except as limited by applicable law or regulation, to determine the time and manner of collection of assigned accounts, including proceeding to suit and enforcement of any judgment.

**6. Credit Reporting Agencies.** Creditor agrees to allow Collector to report all assigned accounts to credit reporting agencies. However, Collector, in its absolute and sole discretion, may, but need not, furnish to credit reporting agencies information pertaining to assigned accounts.

**7. Creditor's Duties.** Creditor shall provide to Collector all necessary information for evaluation and collection of the assigned accounts and cooperate with Collector in its collection efforts. Creditor shall cease all direct collection efforts on any assigned account and inform Collector of the commencement date of the delinquency; payments received before or after any assignment; relevant communications; bankruptcies of any account debtor; set-off rights, counter claims, and other defenses or disputes; and pleadings received pertaining to assigned accounts. Creditor shall provide Collector with complete and accurate information regarding each assigned account. Should Creditor determine that information previously provided to Collector is not complete or accurate, Creditor shall promptly provide Collector any correction or any additional information that is necessary to make the information complete and accurate. Creditor shall promptly inform Collector of any new or additional information affecting the evaluation and collection of the assigned accounts. Creditor shall provide to Collector access to its proprietary database to assist and facilitate Collector's collection efforts. Creditor will support Collector in its collection efforts, including the following activities: appear for any deposition or court appearance upon reasonable notice; execute any documents, including liens, releases, and satisfactions, reasonably necessary; provide a copy of any paperwork verifying a debt; and otherwise comply with all reasonable requests in connection with Collector's evaluation and collection efforts of the assigned accounts. Furthermore, Creditor agrees and shall pay any and all commissions and fees owed to Collector as further outlined below.

**8. MR&A's Roles and Duties.** MR&A shall conduct oversight of the collection activities of Collector. Specifically, MR&A may provide consulting, benchmarking, and support in the collection of the accounts, and shall be available to attend or carryout court appearances or trials at the request of Collector and otherwise act as a liaison between Collector and Creditor. Furthermore, MR&A shall also coordinate any collection of accounts for which bankruptcy proceedings are instituted.

**9. Collector's Collection Fee.** Creditor agrees to and shall pay Collector, and allow Collector to retain, a collection fee/commission on all collected and recovered monies of forty percent (40%) of the amount collected or recovered for or received by Creditor. Such fee/commission will be split between Collector

and MR&A: thirty-two percent (32%) to Collector and eight percent (8%) to MR&A. Creditor agrees to this fee/commission on all accounts if monies be actually collected by Collector or paid directly to Creditor; or if Creditor chooses to credit, waive, or forgive the monies owing under any assigned account; or if the product or services the subject of the debt are returned or received in lieu of payment; or if the debt is settled, other than a settlement directly with an account debtor, from any source after Collector demands payment. Subject to the preceding sentence, if Collector does not collect/recover any amounts, there is no fee/commission. Any amounts that are collected from a check that is proven to be worthless or are required to be returned to the payor thereof, shall not be considered collected/recovered, and any fee/commission of Collector and monies remitted to Creditor on account of such amounts shall be properly accounted for and adjusted as justice so requires. Additionally, Creditor agrees to pay Collector a ten-percent (10%) fixed fee of the stated debt of any assigned account in the event such account was assigned after having already been paid in full prior to assignment. Creditor authorizes Collector to deduct and retain Collector's fee/commission from any and all monies it collects and recovers. Furthermore, Collector is authorized to deduct its fee/commission it is entitled to from any and all monies it collects/recovers not only on account of monies it collects/recovers, but also on account of monies Creditor directly receives, recovers, or collects. Collector is also authorized to deduct from monies collected/recovered on any given account its costs and attorney's fees advanced on account of such assigned account. Costs and attorney's fees for any given assigned account shall be deducted/recouped first from any amounts collected/recovered on such assigned account until such costs and attorney's fees are recouped in full; after such recoupment, the balance of any amounts collected/recovered are subject to the fee/commission. For the purpose of this Agreement costs shall include court fees and charges; service of process fees and charges; and such other costs incurred in obtaining and executing on any judgment obtained against an account debtor.

**10. Accounting.** Collector shall remit on the fifteenth (15th) day of each month, all monies due to Creditor on assigned accounts that have been collected during the preceding calendar month and will furnish an appropriate statement of account activity. However, there may be no statement if no monies are recovered during any given month. Collector agrees to remit monthly all monies collected less amounts Collector is entitled to. Collector may retain for its sole benefit and as additional consideration any interest collected or accrued from deposits of recovered monies.

**11. Indemnification.** Collector shall have no obligation to defend or to provide legal counsel for Creditor in any legal proceedings, including a cross-complaint commenced by an account debtor against Creditor. Commencement of legal proceedings by Collector for the purpose of collecting on assigned accounts shall not be construed as an assumption of such obligation. Furthermore, Collector will be accountable for its actions in the handling of these accounts. Collector is therefore relying solely on the assurances made by Creditor as to the validity of these accounts and on the duties of Creditor, as set forth above. As such, Creditor agrees to indemnify Collector, its officers, directors, servants and agents and to hold Collector harmless from and against all damage, cost, loss and expense, including reasonable attorney's fees resulting from, arising out of, or on account of the negligence, errors or omissions, or intentional conduct of Creditor in connection with such information and duties. Creditor further agrees to indemnify Collector, its officers, directors, servants and agents and to hold Collector harmless from and against all damage, cost, loss and expense, including reasonable attorney's fees that may arise out of or be on account of the acts of the agents or employees of Creditor. The indemnities provided for herein shall survive the termination of this Agreement. Collector hereby expressly disclaims responsibility or liability for any other damages whether special, incidental or consequential.

**12. Litigation.** If either Party prevails in a legal action to enforce any of its rights or to resolve any controversy or dispute as to the interpretation of this Agreement, such Party shall be entitled to and awarded all costs and fees of such action, including reasonable attorney's fees.

**13. Remedies.** If either Party is in breach of this Agreement, the remedies available to the non-breaching Party shall include the following: withholding performance, bringing suit for damages, specific performance, or an injunction, or any other remedy available at law.

**14. Severability.** All the terms of this Agreement are severable. If any portion of this Agreement is held to be illegal, void, or invalid, all other portions shall remain valid and enforceable, and all portions of this Agreement, including such invalid or illegal portions, if need be, shall be construed to have substantial effect despite any portion's invalidity or illegality.

**15. Governing Law.** The Parties agree that this Agreement shall be construed and interpreted only under the laws of the State of Utah and that proper venue shall be only in the State of Utah.

**16. Entire Agreement.** All of the terms and provisions of this Agreement constitute the complete and entire agreement of the Parties as it relates to the subject of those terms and provisions.

**CREDITOR: Titanium Funds LLC**

Signed: _____     Date: 8/1/12

Name: Sam Page

Title: _____

**COLLECTOR: Cascade Collections LLC**

Signed: _____     Date: 7/10/12

Name: Chad Rasmussen

Title: President

**Miller Reay & Associates, PLLC**

Signed: _____     Date: 7/12/12

Name: Benson Miller

Title: Manager

# Exhibit "B"

Chad C. Rasmussen (13847)
ALPINA LEGAL
2230 N University Pkwy, Ste. 7E
Provo, UT 84604
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

*Attorney for CASCADE COLLECTIONS LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Case No. 19-27718 (Ch. 13) |
| DESARAE LASHAE PEARSON, | Judge: R. Kimball Mosier |
| Debtor. | |

**DECLARATION OF CHAD RASMUSSEN**

The Declarant, Chad Rasmussen, declares upon oath as follows:

1. The statements in this Declaration are based upon my own personal knowledge and I am competent to testify to the matters stated herein.

2. I am an attorney at Alpina Legal and I represent Cascade Collections LLC ("Cascade").

3. On or about July 10, 2012, Cascade entered into a Collection Agreement and Assignment of Accounts ("Collection Agreement") with Titanium Funds LLC. Attached as Exhibit A to "CREDITOR CASCADE COLLECTIONS LLC'S UNSWORN DECLARATION OF STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR RULE 9011 SANCTIONS (DOC 26)" is a true and correct copy of the Collection Agreement.

4. I have represented Cascade in all matters related to the Debtor and her Objection, including in state court proceedings and in another bankruptcy case of hers. In doing so I

1

have interacted with Debtor's counsel, including Matthew Broadbent. At no time prior to the date of this Declaration and Cascade's Statement of Facts have I heard or seen anything from Debtor's counsel Matthew Broadbent regarding any factual basis to believe that the Collection Agreement did not contain the following information:

   a)  That Cascade "shall have the right and absolute discretion to use whatever lawful means it deems appropriate in order to collect and recover such debts" (*see* para. 1);

   b)  That the Collection Agreement "in no way creates an agency relationship between the Parties, and the relationship created is one of independent contractor" (*see* para. 2);

   c)  That Titanium Funds LLC "hereby assigns all of its rights and interests in any and all accounts placed for collection to" Cascade Collections" (*see* para. 4); and

   d)  That "such assignment gives Collector the legal right to collect on the accounts, settle and compromise the accounts (pursuant to this agreement), bring suit against the account debtors in its own name, and to otherwise use any and all lawful means it deems necessary and absolute discretion to recover the monies due under the accounts" (*see* para. 4).

5.  On or about September 13, 2012 Titanium Funds LLC assigned an account of Debtor to Cascade under the Collection Agreement after it sent a report that included an account identifying Debtor and the amounts related to the debt owing thereunder.

6.  Alpina Legal was hired by Cascade to collect amounts owed under Debtor's account that had been assigned to Cascade by Titanium Funds LLC.

2

7.  On December 16, 2012 Alpina Legal caused Debtor to be served with process in a lawsuit filed by Cascade against her in order to collect on her account in the Salt Lake City Dept. of the Third Judicial District Court, Salt Lake Count, State of Utah, which was assigned case no. 129918006 (the "Lawsuit").

8.  On February 11, 2013 judgment was entered against Debtor and in favor of Cascade in the Lawsuit.

9.  Debtor did not appeal the judgment in the Lawsuit.

10. Notice of the judgment Cascade obtained in the Lawsuit was given to Debtor via mail on February 11, 2013 and June 23, 2014.  On February 11, 2013 a Notice of Judgment was served upon her and that included a copy of the judgment. On June 23, 2014 a Motion was served upon her and that also included a copy of the judgment.

11. Cascade's collection efforts to recover the judgment include filing and serving a motion to identify the employment of Defendant, and filing motions for Supplemental Orders.

12. Cascade has also made three separate requests to the Utah Department of Workforce Services to discover Debtor's employment on July 9, 2014, November 12, 2014, and May 18, 2015, all in efforts of being able to garnish wages to collect the judgment.

13. In 2016 Debtor filed for and obtained, through counsel Matthew Broadbent, a discharge in a Chapter 7 case, assigned case no 16-24465 (the "2016 Chapter 7 Bankruptcy Case"); Discharge was entered on August 31, 2016.

14. Alpina Legal did not receive any type of notice of Debtor's 2016 bankruptcy until December 20, 2017, when Debtor's bankruptcy counsel's office emailed me a Notice of Filing. This was the first notice Alpina Legal or Cascade received, and this was received

after June 21, 2017, the deadline to file a proof of claim. A copy of such email notice is

attached hereto as Exhibit 1.

15. Prior to June 21, 2017, Cascade never received notice of Defendant's 2016 bankruptcy.

16. Alpina Legal filed two claims in Debtor's currently pending bankruptcy case. Claim No.

1 lists Alpina Legal as the Creditor whereas Claim No. 6 lists Cascade as the creditor.

17. On Claim No. 1 Alpina Legal erroneously listed Cascade's attorney's law firm Alpina

Legal as the "creditor."

18. Due to this error I withdrew Claim No. 1 on December 9, 2019 and Claim No. 6 was

simultaneously filed listing Cascade as the "creditor."

19. Claim No. 1 was withdrawn 157 days prior to Debtor's counsel's filing of the Objection.

20. Given the prior filings and pleadings in the state court case and before this Court, it is my

belief that because Debtor's counsel Matthew Broadbent was involved in making these

filings or had knowledge of these filings he has failed to conduct an inquiry reasonable

under the circumstances prior to and in filing the Objection.

21. Given the prior filings and pleadings in the state court case and before this Court, it is my

belief that because and despite the fact that Debtor's counsel Matthew Broadbent was

involved in making these filings or had knowledge of these filings that he willfully and

knowingly made the legal argument that Cascade's Claim No. 6 was discharged in

Debtor's 2016 bankruptcy.

22. Given the prior filings and pleadings in the state court case and before this Court, it is my

belief that because and despite the fact that Debtor's counsel Matthew Broadbent was

involved in making these filings or had knowledge of these filings that he willfully and

4

knowingly failed to provide a copy to this Court in this case a copy of the January 15, 2019 Order issued in the state court case.

23. Given the filings in this case, if an inquiry was conducted by Debtor's counsel Matthew Broadbent prior to and in filing the Objection, it is my belief that he willfully and knowingly made the legal argument that Cascade's Claim No. 6 was a duplicate of Claim No. 1 despite Claim No. 1 having been withdrawn.

24. Given the filings in this case, it is my belief that Debtor's counsel Matthew Broadbent willfully and knowingly failed to notify the Court that Claim No. 1 has been withdrawn.

25. On May 15, 2020, I served Cascade's Motion for Rule 9011 Sanctions (Doc. 26) via email and first-class mail upon Debtor's counsel Matthew Broadbent.

26. On July 28, 2020, Debtor's counsel Matthew Broadbent filed an amended Objection (Doc. 35).

27. Debtor's Objection has required me, as Cascade's attorney, to research the issues, facts, and law surrounding the Objection, to respond to the Objection and the amended Objection, to prepare, serve, and file its motion for sanctions, to participate in the hearings held on June 24, 2020, July 15, 2020, July 29, 2020, September 9, 2020, and October 14, 2020 on the Objection, and to prepare, file, and serve two separate Statement of Facts.

28. This has amounted to my expending time and resources and incur expenses for Cascade that I believe Cascade otherwise would not have to be responsible for but for the Objection.

29. I have expended a total of at least 22.9 hours doing the following activities related to the Objection:

5

a)  On May 15, 2020, 1.1 hours in receiving and reviewing the Objection and beginning the drafting of Cascade's response;

b)  On May 15, 2020, 3.6 hours in researching and drafting the Motion for Sanctions and serving the Motion upon Debtor's counsel;

c)  On June 1, 2020, 0.6 hours in finalizing Cascade's response to the Objection and filing and serving the response;

d)  On June 24, 2020, 0.7 hours in preparing for and participating in the preliminary hearing on the Objection via telephone;

e)  On June 25, 2020, 0.6 hours in drafting Cascade's first Statement of Facts; and

f)  On June 26, 2020, 3.2 hours in drafting, completing, filing, and serving Cascade's Statement of Facts;

g)  On July 15, 2020, 0.6 hours in preparing for and participating in the Court's hearing via telephone;

h)  On July 21, 2020, 2.2 hours in reviewing hearing audio, and researching relevant law surrounding the collection agreement; preparing and filing unredacted copy of collection agreement;

i)  On July 29, 2020, 0.9 hours in reviewing amended objection to claim and participating in Court's hearing via telephone;

j)  On July 30, 2020, 2.0 hours in beginning drafting opposition to amended objection to claim and conducting research regarding the same;

k)  On August 14, 2020, 3.6 hours in continued research and drafting of opposition to amended objection to claim;

l)  On August 17, 2020, 2.2 hours in finalizing, filing, and serving opposition to
amended objection to claim;

m)  On September 9, 2020, 0.7 hours in preparing for and participating in Court's
hearing via telephone regarding the amended objection; and

n)  On October 14, 2020, 0.9 hours in participating in Court's telephonic ruling on
amended objection.

30. Given the prior filings and pleadings in the state court case and before this Court, it is my
belief that Debtor's Objection is frivolous, has been presented for the improper purpose
to harass my client Cascade, and has needlessly increased the cost of litigation for my
client Cascade.

I declare under criminal penalty under the law of Utah that the foregoing is true and
correct. My testimony would conform to the statements in this declaration.

Signed on the 28th day of October, 2020 at Provo, Utah.

/s/ Chad Rasmussen
Chad Rasmussen

# Exhibit 1



Chad Rasmussen <chad.rasmussen@gmail.com>

---

# [18458] Desarae & Tavaras Pearson - BK7 #16-24465 * Notice of Filing

**BK Paralegal** <bkparalegal@vannovalegal.com>                          Wed, Dec 20, 2017 at 11:24 AM
To: "chad@alpinalegal.com" <chad@alpinalegal.com>

Hello,

Attached you will find the Notice of Filing for the debtors listed above with Case No. 129918006.

Feel free to contact our office for any questions or concerns regarding this matter.

Thank you,

**Legal Assistant**



49 West 9000 South

Sandy, UT 84070

T: 801-415-9800

F: 801-415-9818

**www.VannovaLegal.com**

This transmission (including any attachments) may contain confidential information, privileged material (including material protected by the attorney-client or other applicable privilege), or constitute non-public information.  Any use of this information by anyone other than the intended recipient is prohibited.  If you have received this transmission in error, please immediately reply to the sender and delete this information from your system.  Use, dissemination, distribution, or reproduction of this transmission by unintended recipients is not authorized and may be unlawful.

---

📄 **NoticeOfFiling.pdf**
123K

# Exhibit "C"

Serve DESARAE DIAZ: (801) 205-5041, 801-649-8989
1264 River Bed Dr. #1228
West Valley City, UT 84119

Chad Rasmussen (13847)
Aᴌᴘɪɴᴀ Lᴇɢᴀᴌ
350 E Center Street #7
Provo, UT 84606
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

Attorney for *Plaintiff*

IN THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| CASCADE COLLECTIONS LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>DESARAE DIAZ, an individual,<br><br>Defendant(s). | **10-DAY SUMMONS**<br><br><br>Case No.<br><br>Judge: |

THE STATE OF UTAH TO DESARAE DIAZ:

You are summoned and required to answer the attached complaint. Within 20 days after service of this summons, you must file your written answer with the clerk of the court at the following address: 450 South State St, Salt Lake City, UT 84114, and you must mail or deliver a copy to plaintiff's attorney at the address listed above. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint. Within 10 business days after service of this summons on you, the complaint will be filed with the clerk of the court. If the complaint is not filed with the court within 10 business days after service of this summons upon you, then you do not need to file an answer to the complaint. You may call the clerk of the court at 801-238-7300 at least 13 days after service of this summons upon you to determine if the complaint has been filed.

DATED this __12th__ day of December, 2012

__/s/ Chad Rasmussen_____
Chad Rasmussen

STATE OF UTAH     )          AFFIDAVIT OF SERVICE
COUNTY OF SALT LAKE )
I hereby make return and certify that I am a Private Investigator in the
State of Utah and not a party to this action.


I received the following process on _12/14_/2012  and served the within and
hereto annexed:

__X__ Summons & Complaint (_10_ Day)   _____ Writ of Execution

_____ Supp order                        Bench Warrant

_____ Order to show cause               Other


upon _Desarae Diaz_
the within named Defendant, by delivering to and leaving said process with

__X__Defendant personally,       DESCRIPTION: HEIGHT: _A_  AGE: _120's E30's_
                                 (APPROX)
                                          WEIGHT: _H_  HAIR: _Brw_

                                          OTHER:_____

_____, a person of suitable
age and discretion, residing at the listed resident of said Defendant
at _1264 River bed Dr. #1228 WVCUT 84119_____ Utah on _12_/16_/2012.

I further certify that at the time of service of the said article(s), I
endorsed the date and place of service and added my name and official
title, if any, thereto.

Active Military ___yes _X_no ___wouldn't say

PRIVATE INVESTIGATOR: Rick Gallegos

SUBSCRIBED TO BEFORE ME THIS                          MILES 1 WAY:_____
_17th_ DAY OF _Dec._, 2012.                           # OF TRIPS :_____
                                                      TOTAL MILES:_____

NOTARY PUBLIC                                          SERVICE FEE:$ _25_
STATE OF UTAH NOTARY PUBLIC
KENZIE PALMER
COMMISSION # 660593
MY COMMISSION EXPIRES:
11-25-2016
                                                      MILEAGE FEE:$ _—_
                                                      TOTAL FEE  :$ _25_

# Exhibit "D"

Chad Rasmussen (13847)
Alpina legal
350 E Center Street #7
Provo, UT 84606
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

*Attorney for Plaintiff*

## IN THE THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| CASCADE COLLECTIONS LLC, a Utah Limited Liability Company, | **DEFAULT JUDGMENT** |
| Plaintiff, | |
| v. | Case No. 129918006 |
| DESARAE DIAZ, an individual, | Judge: COLLECTION |
| Defendant(s). | |

In accordance with Utah Rule of Civil Procedure 55(b)(1), and in response to Plaintiff's request for entry of default judgment, judgment by default in favor of the Plaintiff is hereby entered against the Defendant, for the sum of $3,238.44 plus interest of $505.51 plus costs of $210.00 plus attorney fees of $550.00, a total judgment of $4,503.95 with interest on the total judgment at a rate of 24.88% per annum after the day of the judgment.

IT IS FURTHER ORDERED that this judgment may be augmented in the amount of

1

reasonable costs and attorney fees expended in collection of the total judgment by execution or

otherwise as shall be established by affidavit.

DATED this _____ day of _____, 20___

_____

Clerk of the Court

**Dated:**  February 11, 2013          /s/   Jacqueline M. Carter
04:13:27 PM                    District Court Clerk

2

# Exhibit "E"

Chad Rasmussen (13847)
ALPINA LEGAL
350 E Center Street #7
Provo, UT 84606
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

*Attorney for Plaintiff*

IN THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| CASCADE COLLECTIONS LLC, a Utah Limited Liability Company, | **NOTICE OF JUDGMENT** |
| Plaintiff, | |
| v. | Case No. 129918006 |
| DESARAE DIAZ, an individual, | Judge: COLLECTION |
| Defendant(s). | |

In accordance with Utah Rules of Civil Procedure 5(a)(2)(D) and/or 58A(d), Plaintiff

hereby gives notice to all parties to this action that on February 11, 2013, the court signed and

entered judgment against the Defendant(s).

DATED this __11th__ day of February, 2013

__/s/ Chad Rasmussen_____
Chad Rasmussen

*Certificate of Service*

I certify that on February 11, 2013, I gave notice of the signing and entry of judgment in
this action by mailing a copy of the Notice of Default Judgment to Defendant(s) DESARAE
DIAZ at 1264 River Bed Dr. #1228, West Valley City, UT 84119.

__/s/ Chad Rasmussen_____
Chad Rasmussen

Chad Rasmussen (13847)
ALPINA LEGAL
350 E Center Street #7
Provo, UT 84606
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

*Attorney for Plaintiff*

IN THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| CASCADE COLLECTIONS LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>DESARAE DIAZ, an individual,<br><br>Defendant. | **MOTION FOR ORDER REQUIRING UTAH UNEMPLOYMENT INSURANCE DIVISION TO DISCLOSE EMPLOYMENT INFORMATION**<br><br>Case No. 129918006<br><br>Judge: COLLECTION |

Plaintiff by and through its counsel Alpina Legal hereby moves the Court to enter an

order, pursuant to Utah Code 35A-4-314, requiring the Utah Department of Workforce Services,

Unemployment Insurance Division ("Division") to disclose the Judgment Debtor Desarae Diaz's

last known employer's name and address. This motion is based on the following grounds:

1. Judgment in favor of Plaintiff, who is the Judgment Creditor, was entered against

   Desarae Diaz on February 11, 2013. A copy of this judgment is included as Exhibit "A."

2. To date, this Judgment remains unsatisfied.

3. Utah Code 35A-4-314 provides that the Division "shall disclose to a creditor who has

   obtained judgment against a debtor the name and address of the last known employer of

   the debtor" if the creditor obtains a court order requiring such disclosure and, after such

1

order is entered, the creditor provides the Division with a copy of the order, enters into a

written agreement with the Division, pays a reasonable fee to the Division for complying

with the order, and complies with data safeguard and security measures to protect the

disclosed information.

4. Utah Code 35A-4-314(2) states that the Court "shall grant an order to disclose the

information" if following occurs:

    i.    Plaintiff files a motion with the Court;

    ii.    Plaintiff includes a copy of the judgment against the Judgment Debtor Desarae

        Diaz;

    iii.    Plaintiff serves a copy of the motion upon the Judgment Debtor and upon the

        Division;

    iv.    The Judgment Debtor and the Division have an opportunity to respond; and

    v.    No objection to the motion is sustained by the Court.

5. Plaintiff has or will have satisfied the requirements of Utah Code 35A-4-314(2) by filing

and serving this Motion upon Judgment Debtor Desarae Diaz and the Utah

Unemployment Insurance Division.

    Therefore, Plaintiff requests that this Court enter an order requiring the Utah Department

of Workforce Services, Unemployment Insurance Division to disclose the last known name and

address of the employer of Judgment Debtor Desarae Diaz.

    DATED this 20th day of June, 2014.

                                 /s/ Chad Rasmussen
                                 Chad Rasmussen

CERTIFICATE OF SERVICE

2

      I hereby certify that on the 20th day of June, 2014, I sent a copy of this MOTION FOR ORDER REQUIRING UTAH UNEMPLOYMENT INSURANCE DIVISION TO DISCLOSE EMPLOYMENT INFORMATION by first-class mail, postage pre-paid, to the following:

Desarae Diaz
1264 River Bed Dr. #1228
West Valley City, UT 84119

Kathleen Bounous – via electronic mail only
Utah Department of Workforce Services
Unemployment Insurance Division
kbounous@utah.gov
mlmartinez@utah.gov

/s/ Chad Rasmussen
Chad Rasmussen

**Exhibit A**

Chad Rasmussen (13847)
ALPINA LEGAL
350 E Center Street #7
Provo, UT 84606
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

*Attorney for Plaintiff*

IN THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| CASCADE COLLECTIONS LLC, a Utah Limited Liability Company, | **DEFAULT JUDGMENT** |
| Plaintiff, | |
| v. | Case No. 129918006 |
| DESARAE DIAZ, an individual, | Judge: COLLECTION |
| Defendant(s). | |

In accordance with Utah Rule of Civil Procedure 55(b)(1), and in response to Plaintiff's request for entry of default judgment, judgment by default in favor of the Plaintiff is hereby entered against the Defendant, for the sum of $3,238.44 plus interest of $505.51 plus costs of $210.00 plus attorney fees of $550.00, a total judgment of $4,503.95 with interest on the total judgment at a rate of 24.88% per annum after the day of the judgment.

IT IS FURTHER ORDERED that this judgment may be augmented in the amount of

1

reasonable costs and attorney fees expended in collection of the total judgment by execution or

otherwise as shall be established by affidavit.

DATED this _____ day of _____, 20___

_____

Clerk of the Court

**Dated:**  February 11, 2013          /s/   Jacqueline M. Carter
04:13:27 PM                    District Court Clerk

2

# Exhibit "F"

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Tavaras LaMar Pearson** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | **Desarae LaShae Pearson** |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF UTAH |
| Case number | 16-24465 |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information     12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:     Summarize Your Assets

|  |  | **Your assets** Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B) | |
| | 1a. Copy line 55, Total real estate, from Schedule A/B........................................................... | $ 0.00 |
| | 1b. Copy line 62, Total personal property, from Schedule A/B................................................. | $ 46,852.38 |
| | 1c. Copy line 63, Total of all property on Schedule A/B.......................................................... | $ 46,852.38 |

### Part 2:     Summarize Your Liabilities

|  |  | **Your liabilities** Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| | 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $ 12,496.00 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| | 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*............................... | $ 0.00 |
| | 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................... | $ 84,363.59 |
| | **Your total liabilities** | $ 96,859.59 |

### Part 3:     Summarize Your Income and Expenses

| 4. | *Schedule I: Your Income* (Official Form 106I) Copy your combined monthly income from line 12 of *Schedule I*................................................................... | $ 3,327.66 |
|---|---|---|
| 5. | *Schedule J: Your Expenses* (Official Form 106J) Copy your monthly expenses from line 22c of *Schedule J*........................................................................ | $ 3,392.00 |

### Part 4:     Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ■ Yes

7. **What kind of debt do you have?**

   ■ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

Debtor 1   **Tavaras LaMar Pearson**

Debtor 2   **Desarae LaShae Pearson**

Case number *(if known)* **16-24465**

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form
   122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

   $ _____ **4,818.86**

9. **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ 0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ 23,538.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ 0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ 0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $ 23,538.00 |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com   Best Case Bankruptcy

**Fill in this information to identify your case and this filing:**

| Debtor 1 | **Tavaras LaMar Pearson** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Desarae LaShae Pearson** | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    DISTRICT OF UTAH

Case number    **16-24465**

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property                                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ☑ No. Go to Part 2.
   ☐ Yes. Where is the property?

**Part 2:    Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

   ☐ No
   ☑ Yes

| 3.1 | Make: | **Ford** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|
| | Model: | **Explorer** | ☐ Debtor 1 only | |
| | Year: | **2002** | ☐ Debtor 2 only | |
| | Approximate mileage: | **133,000** | ☑ Debtor 1 and Debtor 2 only | **Current value of the entire property?** / **Current value of the portion you own?** |
| | Other information: | | ☐ At least one of the debtors and another | |
| | | Value based on nada.com Location: 3552 W Honda Ave, Salt Lake City, UT 84119 | ☐ Check if this is community property (see instructions) | **$2,100.00** / **$2,100.00** |

| 3.2 | Make: | **Chrysler** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|---|
| | Model: | **Town and Country** | ☐ Debtor 1 only | |
| | Year: | **2010** | ☐ Debtor 2 only | |
| | Approximate mileage: | **81,000** | ☑ Debtor 1 and Debtor 2 only | **Current value of the entire property?** / **Current value of the portion you own?** |
| | Other information: | | ☐ At least one of the debtors and another | |
| | | Value based on nada.com Location: 3552 W Honda Ave, Salt Lake City, UT 84119 | ☐ Check if this is community property (see instructions) | **$6,800.00** / **$6,800.00** |

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

   ☑ No
   ☐ Yes

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

| Debtor 1 | **Tavaras LaMar Pearson** | | |
|---|---|---|---|
| Debtor 2 | **Desarae LaShae Pearson** | Case number *(if known)* | **16-24465** |

5  Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here...........................................................=>

$8,900.00

**Part 3:** Describe Your Personal and Household Items

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

6.  **Household goods and furnishings**
    *Examples:* Major appliances, furniture, linens, china, kitchenware
    ☐ No
    ■ Yes.  Describe.....

> Household Goods - Appliances:
>
> Microwave: $20
> Washer: $80
> Dryer: $80
>
> Location: 3552 W Honda Ave, Salt Lake City, UT 84119

$180.00

> Household Goods - Furnishings:
>
> Living Room Furniture
> Location: 3552 W Honda Ave, Salt Lake City, UT 84119

$150.00

> Household Goods - Furnishings:
>
> Dining Room Furniture
> Location: 3552 W Honda Ave, Salt Lake City, UT 84119

$80.00

> Household Goods - Furnishings:
>
> Bedroom Furniture
> Location: 3552 W Honda Ave, Salt Lake City, UT 84119

$200.00

7.  **Electronics**
    *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
    ☐ No
    ■ Yes.  Describe.....

> Household Goods -Electronics:
>
> Television: $300
> DVD player: $20
> Gaming system: $150
> Laptop: $100
> Printer: $30
> Smart phone: $350
> Location: 3552 W Honda Ave, Salt Lake City, UT 84119

$950.00

8.  **Collectibles of value**
    *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
    ■ No
    ☐ Yes.  Describe.....

Debtor 1    **Tavaras LaMar Pearson**
Debtor 2    **Desarae LaShae Pearson**                              Case number *(if known)* **16-24465**

9. **Equipment for sports and hobbies**
    *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools;
    musical instruments
    ☐ No
    ■ Yes. Describe.....

| | |
|---|---|
| **Camera**<br>**Location: 3552 W Honda Ave, Salt Lake City, UT 84119** | **$50.00** |

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ■ No
    ☐ Yes. Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ■ Yes. Describe.....

| | |
|---|---|
| **Clothing**<br>**Location: 3552 W Honda Ave, Salt Lake City UT 84119** | **$200.00** |

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ☐ No
    ■ Yes. Describe.....

| | |
|---|---|
| **Jewelry**<br>**Location: 3552 W Honda Ave, Salt Lake City, UT 84119** | **$300.00** |

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ☐ No
    ■ Yes. Describe.....

| | |
|---|---|
| **Cat**<br>**Location: 3552 W Honda Ave, Salt Lake City, UT 84119** | **Unknown** |

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    ☐ No
    ■ Yes. Give specific information.....

| | |
|---|---|
| **Collections:**<br><br>**DVDs**<br>**Location: 3552 W Honda Ave, Salt Lake City, UT 84119** | **$60.00** |

| | |
|---|---|
| **BBQ Grill: $50**<br>**Trampoline: $50**<br>**Location: 3552 W Honda Ave, Salt Lake City, UT 84119** | **$100.00** |

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached**
    **for Part 3. Write that number here** ..............................................................................    **$2,270.00**

| Part 4: | Describe Your Financial Assets |
|---|---|

| Debtor 1 | **Tavaras LaMar Pearson** | | |
|---|---|---|---|
| Debtor 2 | **Desarae LaShae Pearson** | Case number *(if known)* | **16-24465** |

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**

*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

■ No

☐ Yes.................................................................................................................

**17. Deposits of money**

*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No

■ Yes........................     Institution name:

| 17.1. | **Prepaid Account** | **Green Dot** | $270.00 |
|---|---|---|---|

**18. Bonds, mutual funds, or publicly traded stocks**

*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

■ No

☐ Yes..................     Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

■ No

☐ Yes. Give specific information about them...................     Name of entity:                     % of ownership:

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.

*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

■ No

☐ Yes. Give specific information about them     Issuer name:

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☐ No

■ Yes. List each account separately.

| | Type of account: | Institution name: | |
|---|---|---|---|
| | **Retirement-Investment Plan** | **Comcast Corporation** | $208.57 |
| | **401(k) Retirement Savings Plan** | **SPS Holding Corp** | $203.81 |

**22. Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company

*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

■ No

☐ Yes. .....................     Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

■ No

☐ Yes............     Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**

26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

■ No

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                     Best Case Bankruptcy

| Debtor 1 | **Tavaras LaMar Pearson** | | |
|---|---|---|---|
| Debtor 2 | **Desarae LaShae Pearson** | Case number *(if known)* | **16-24465** |

☐ Yes............     Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
■ No
☐ Yes.  Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
■ No
☐ Yes.  Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
■ No
☐ Yes.  Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**28.  Tax refunds owed to you**
■ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

**29.  Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
☐ No
■ Yes. Give specific information......

| Child Support | Child Support | $35,000.00 |
|---|---|---|

**30.  Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security benefits; unpaid loans you made to someone else
■ No
☐ Yes.  Give specific information..

**31.  Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
■ No
☐ Yes. Name the insurance company of each policy and list its value.
  Company name:            Beneficiary:            Surrender or refund value:

**32.  Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
■ No
☐ Yes.  Give specific information..

**33.  Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples:* Accidents, employment disputes, insurance claims, or rights to sue
■ No
☐ Yes.  Describe each claim.........

**34.  Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
■ No
☐ Yes.  Describe each claim.........

| Official Form 106A/B | Schedule A/B: Property | page 5 |
|---|---|---|

| Debtor 1 | **Tavaras LaMar Pearson** | | |
|----------|---------------------------|--|--|
| Debtor 2 | **Desarae LaShae Pearson** | Case number *(if known)* | **16-24465** |

**35. Any financial assets you did not already list**

■ No

☐ Yes. Give specific information..

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**.............................................................................................................. | **$35,682.38**

| **Part 5:** | **Describe Any Business-Related Property You Own or Have an Interest In.** List any real estate in Part 1. |

**37. Do you own or have any legal or equitable interest in any business-related property?**

■ No. Go to Part 6.

☐ Yes. Go to line 38.

| **Part 6:** | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |
| | If you own or have an interest in farmland, list it in Part 1. |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

■ No. Go to Part 7.

☐ Yes. Go to line 47.

| **Part 7:** | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |

**53. Do you have other property of any kind you did not already list?**

*Examples:* Season tickets, country club membership

■ No

☐ Yes. Give specific information.........

**54. Add the dollar value of all of your entries from Part 7. Write that number here** ..................................... | **$0.00**

| **Part 8:** | **List the Totals of Each Part of this Form** |

| | | | |
|--|--|--|--|
| **55.** | **Part 1: Total real estate, line 2** ........................................................................................................ | | **$0.00** |
| **56.** | **Part 2: Total vehicles, line 5** | **$8,900.00** | |
| **57.** | **Part 3: Total personal and household items, line 15** | **$2,270.00** | |
| **58.** | **Part 4: Total financial assets, line 36** | **$35,682.38** | |
| **59.** | **Part 5: Total business-related property, line 45** | **$0.00** | |
| **60.** | **Part 6: Total farm- and fishing-related property, line 52** | **$0.00** | |
| **61.** | **Part 7: Total other property not listed, line 54** | + **$0.00** | |
| **62.** | **Total personal property.** Add lines 56 through 61... | **$46,852.38** | Copy personal property total **$46,852.38** |
| **63.** | **Total of all property on Schedule A/B.** Add line 55 + line 62 | | **$46,852.38** |

Schedule A/B: Property

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Tavaras LaMar Pearson** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Desarae LaShae Pearson** | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF UTAH | | |
| Case number | 16-24465 | | |
| (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt                    4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.**

### Part 1:   Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

    ■ You are claiming state and federal nonbankruptcy exemptions.   11 U.S.C. § 522(b)(3)

    ☐ You are claiming federal exemptions.   11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | | Specific laws that allow exemption |
|---|---|---|---|---|
| **2002 Ford Explorer 133,000 miles Value based on nada.com Location: 3552 W Honda Ave, Salt Lake City, UT 84119** <br> Line from *Schedule A/B*: **3.1** | $2,100.00 | ■ | $3,000.00 | **Utah Code Ann. § 78B-5-506(3)** |
| | | ☐ 100% of fair market value, up to any applicable statutory limit | | |
| **Household Goods - Applicances:** <br><br> **Microwave: $20 Washer: $80 Dryer: $80** <br><br> **Location: 3552 W Honda Ave, Salt Lake City, UT 84119** <br> Line from *Schedule A/B*: **6.1** | $180.00 | ■ | $180.00 | **Utah Code Ann. § 78B-5-505(1)(a)(viii)(A)** |
| | | ☐ 100% of fair market value, up to any applicable statutory limit | | |
| **Household Goods - Furnishings:** <br><br> **Living Room Furniture Location: 3552 W Honda Ave, Salt Lake City, UT 84119** <br> Line from *Schedule A/B*: **6.2** | $150.00 | ■ | $150.00 | **Utah Code Ann. § 78B-5-506(1)(a)** |
| | | ☐ 100% of fair market value, up to any applicable statutory limit | | |

Official Form 106C                    **Schedule C: The Property You Claim as Exempt**                    page 1 of 3

| Debtor 1 | **Tavaras LaMar Pearson** | | |
|---|---|---|---|
| Debtor 2 | **Desarae LaShae Pearson** | | |
| | | Case number (if known) | **16-24465** |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Household Goods - Furnishings:**<br><br>**Dining Room Furniture**<br>Location: 3552 W Honda Ave, Salt Lake City, UT 84119<br>Line from *Schedule A/B*: **6.3** | $80.00 | ■ $80.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Utah Code Ann. § 78B-5-506(1)(b) |
| **Household Goods - Furnishings:**<br><br>**Bedroom Furniture**<br>Location: 3552 W Honda Ave, Salt Lake City, UT 84119<br>Line from *Schedule A/B*: **6.4** | $200.00 | ■ $200.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Utah Code Ann. § 78B-5-505(1)(a)(viii)(E) |
| **Household Goods -Electronics:**<br><br>**Television: $300<br>DVD player: $20<br>Gaming system: $150<br>Laptop: $100<br>Printer: $30<br>Smart phone: $350**<br>Location: 3552 W Honda Ave, Salt Lake City, UT 84119<br>Line from *Schedule A/B*: **7.1** | $950.00 | ■ $950.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Utah Code Ann. § 78B-5-506(1)(a) |
| **Clothing**<br>Location: 3552 W Honda Ave, Salt Lake City UT 84119<br>Line from *Schedule A/B*: **11.1** | $200.00 | ■ $200.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Utah Code Ann. § 78B-5-505(1)(a)(viii)(D) |
| **Jewelry**<br>Location: 3552 W Honda Ave, Salt Lake City, UT 84119<br>Line from *Schedule A/B*: **12.1** | $300.00 | ■ $300.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Utah Code Ann. § 78B-5-506(1)(d) |
| **Cat**<br>Location: 3552 W Honda Ave, Salt Lake City, UT 84119<br>Line from *Schedule A/B*: **13.1** | Unknown | ■ Unknown<br>☐ 100% of fair market value, up to any applicable statutory limit | Utah Code Ann. § 78B-5-506(1)(c) |
| **Retirement-Investment Plan:**<br>**Comcast Corporation**<br>Line from *Schedule A/B*: **21.1** | $208.57 | ■ $208.57<br>☐ 100% of fair market value, up to any applicable statutory limit | Utah Code Ann. § 78B-5-505(1)(a)(xiv) |
| **401(k) Retirement Savings Plan: SPS Holding Corp**<br>Line from *Schedule A/B*: **21.2** | $203.81 | ■ $203.81<br>☐ 100% of fair market value, up to any applicable statutory limit | Utah Code Ann. § 78B-5-505(1)(a)(xiv) |
| **Child Support: Child Support**<br>Line from *Schedule A/B*: **29.1** | $35,000.00 | ■ $35,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Utah Code Ann. § 78B-5-505(1)(a)(vi) |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case 16-24465   Doc 50   Filed 06/08/16   Entered 06/08/16 22:04:56   Desc Main
Document      Page 52 of 184

Debtor 1  **Tavaras LaMar Pearson**
Debtor 2  **Desarae LaShae Pearson**                                    Case number (if known)   **16-24465**

3. **Are you claiming a homestead exemption of more than $160,375?**
    (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

☑  No

☐  Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

    ☐   No

    ☐   Yes

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                Best Case Bankruptcy

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Tavaras LaMar Pearson** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Desarae LaShae Pearson** | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF UTAH | | |
| Case number | **16-24465** | | |
| (if known) | | | |

☐ Check if this is an amended filing

Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

**2. List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A<br>**Amount of claim**<br>Do not deduct the value of collateral. | Column B<br>**Value of collateral that supports this claim** | Column C<br>**Unsecured portion**<br>If any |
|---|---|---|---|---|
| **2.1** AmeriCredit/GM Financial | Describe the property that secures the claim: | $10,827.00 | $6,800.00 | $4,027.00 |

Creditor's Name

Describe the property that secures the claim:

**2010 Chrysler Town and Country
81,000 miles
Value based on nada.com
Location: 3552 W Honda Ave, Salt Lake City, UT 84119**

**PO Box 183583
Arlington, TX 76096**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)    Auto Loan

**Opened
11/01/15
Last Active
5/11/16**

Date debt was incurred

Last 4 digits of account number    **6852**

| | | | | |
|---|---|---|---|---|
| **2.2** Les Schwab | Describe the property that secures the claim: | $263.00 | $0.00 | $263.00 |

Creditor's Name

**Charge Account**

**Les Schwab Corp Office
Po Box 5350
Bend, OR 97708**

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

☐ Debtor 1 only
■ Debtor 2 only
☐ Debtor 1 and Debtor 2 only

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor 1  **Tavaras LaMar Pearson**
          First Name            Middle Name            Last Name          Case number (if know)    **16-24465**
Debtor 2  **Desarae LaShae Pearson**
          First Name            Middle Name            Last Name

☐ At least one of the debtors and another        ☐ Judgment lien from a lawsuit
☐ **Check if this claim relates to a**           ☐ Other (including a right to offset) _____
    **community debt**

|  |  |  |
|---|---|---|
| **Opened 5/01/15 Last Active** | | |

Date debt was incurred  **2/10/16**    Last 4 digits of account number   **9135**

---

| 2.3 | **Morgan Jewelers** | Describe the property that secures the claim: | **$1,006.00** | **$0.00** | **$1,006.00** |
|---|---|---|---|---|---|
| | Creditor's Name | | | | |

**Po Box 45820
Salt Lake City, UT 84145**
Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.                **Nature of lien.** Check all that apply.
☐ Debtor 1 only                                  ☐ An agreement you made (such as mortgage or secured
☐ Debtor 2 only                                       car loan)
■ Debtor 1 and Debtor 2 only                     ☐ Statutory lien (such as tax lien, mechanic's lien)
☐ At least one of the debtors and another        ☐ Judgment lien from a lawsuit
☐ **Check if this claim relates to a**           ■ Other (including a right to offset)  **Charge Account**
    **community debt**

|  |  |  |
|---|---|---|
| **Opened 2/01/15 Last Active** | | |

Date debt was incurred  **2/29/16**    Last 4 digits of account number   **4227**

---

| 2.4 | **Title Max Loans** | Describe the property that secures the claim: | **$400.00** | **$2,100.00** | **$0.00** |
|---|---|---|---|---|---|
| | Creditor's Name | | | | |

**4163 West 5415 South
Salt Lake City, UT 84118**
Number, Street, City, State & Zip Code

**2002 Ford Explorer 133,000 miles
Value based on nada.com
Location: 3552 W Honda Ave, Salt
Lake City, UT 84119**

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.                **Nature of lien.** Check all that apply.
☐ Debtor 1 only                                  ☐ An agreement you made (such as mortgage or secured
☐ Debtor 2 only                                       car loan)
■ Debtor 1 and Debtor 2 only                     ☐ Statutory lien (such as tax lien, mechanic's lien)
☐ At least one of the debtors and another        ☐ Judgment lien from a lawsuit
☐ **Check if this claim relates to a**           ■ Other (including a right to offset)  **Title Loan**
    **community debt**

Date debt was incurred  _____    Last 4 digits of account number   _____

---

Add the dollar value of your entries in Column A on this page. Write that number here:      **$12,496.00**
If this is the last page of your form, add the dollar value totals from all pages.
Write that number here:                                                                    **$12,496.00**

**Part 2:** List Others to Be Notified for a Debt That You Already Listed

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is
trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more

Case 16-24465   Doc 50   Filed 06/08/20   Entered 06/08/20 22:07:56   Desc Main
Document      Page 54 of 184

| Debtor 1 | **Tavaras LaMar Pearson** | | | Case number (if know) | **16-24465** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |
| Debtor 2 | **Desarae LaShae Pearson** | | | | |
| | First Name | Middle Name | Last Name | | |

**than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.**

---

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Tavaras LaMar Pearson** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | **Desarae LaShae Pearson** |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF UTAH |
| Case number | 16-24465 |
| (if known) | |

☐ Check if this is an
amended filing

Official Form 106E/F

## Schedule E/F: Creditors Who Have Unsecured Claims    12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

1.   Do any creditors have priority unsecured claims against you?

   ■ No. Go to Part 2.

   ☐ Yes.

### Part 2:    List All of Your NONPRIORITY Unsecured Claims

3.   Do any creditors have nonpriority unsecured claims against you?

   ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

   ■ Yes.

4.   List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim. If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

| | | | Total claim |
|---|---|---|---|
| 4.1 | **1st Choice Money Center** | Last 4 digits of account number    3262 | $1,312.44 |
| | Nonpriority Creditor's Name | | |
| | **7210 South 900 East** | When was the debt incurred?    10/2014 | |
| | **Midvale, UT 84047** | | |
| | Number Street City State Zip Code | As of the date you file, the claim is: Check all that apply | |

Who incurred the debt? Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    Loan

Debtor 1    **Tavaras LaMar Pearson**
Debtor 2    **Desarae LaShae Pearson**

Case number (if know)    **16-24465**

| 4.2 | **Allied Interstate Llc** | Last 4 digits of account number | **8540** | $287.00 |

Nonpriority Creditor's Name
**Po Box 361445**
**Columbus, OH 43236**
Number Street City State Zip Code

When was the debt incurred?    **Opened  2/01/16**

As of the date you file, the claim is: Check all that apply

**Who incurred the debt?** Check one.

☐ Debtor 1 only
■ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Collection Account for Dish Network L.L.C**

---

| 4.3 | **AMC Property Management** | Last 4 digits of account number | | Unknown |

Nonpriority Creditor's Name
**1954 E Fort Union Blvd**
**Salt Lake City, UT 84121**
Number Street City State Zip Code

When was the debt incurred?    **2008**

As of the date you file, the claim is: Check all that apply

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Collection Account for Somerset Village Apartment**

---

| 4.4 | **American Coradius International** | Last 4 digits of account number | **1486** | $440.00 |

Nonpriority Creditor's Name
**2420 Sweet Home Rd #150**
**Buffalo, NY 14228-2244**
Number Street City State Zip Code

When was the debt incurred?    **5/2013**

As of the date you file, the claim is: Check all that apply

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
■ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Collection Account for Paypal**

---

Debtor 1    **Tavaras LaMar Pearson**
Debtor 2    **Desarae LaShae Pearson**

Case number (if know)    **16-24465**

| 4.5 | **American Title Loans** | Last 4 digits of account number | **1032** | $443.35 |
|---|---|---|---|---|

Nonpriority Creditor's Name
**7710 S State St**
**Midvale, UT 84047**
Number Street City State Zip Code

When was the debt incurred?    **10/2009**

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Loan**

| 4.6 | **Attorney General's Office** | Last 4 digits of account number | **4531** | $42.53 |
|---|---|---|---|---|

Nonpriority Creditor's Name
**PO Box 413064**
**Salt Lake City, UT 84141-3064**
Number Street City State Zip Code

When was the debt incurred?    **3/2015**

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Collection Account for University of Utah**

| 4.7 | **California Business Bureau** | Last 4 digits of account number | **4201** | $26,450.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name
**1711 S Mountain Ave**
**Monrovia, CA 91016**
Number Street City State Zip Code

When was the debt incurred?    **Opened  4/01/14**

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Collection Account for Anaheim Regional Med Ctr**

Debtor 1   **Tavaras LaMar Pearson**
Debtor 2   **Desarae LaShae Pearson**

Case number (if know)    **16-24465**

| 4.8 | **Capital One** | Last 4 digits of account number | **6253** | $295.00 |

Nonpriority Creditor's Name

**Po Box 30285
Salt Lake City, UT 84130**

When was the debt incurred?   **Opened 9/01/15 Last Active 4/27/16**

Number Street City State ZIp Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Credit Card**

| 4.9 | **Chase Bank** | Last 4 digits of account number | **5706** | $221.17 |

Nonpriority Creditor's Name

**PO Box 182223
Dept OH1-1272
Columbus, OH 43218**

When was the debt incurred?

Number Street City State ZIp Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Bank Fees**

| 4.10 | **Check City** | Last 4 digits of account number | **1802** | $352.66 |

Nonpriority Creditor's Name

**PO Box 970183
Orem, UT 84097**

When was the debt incurred?   **2016**

Number Street City State ZIp Code

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Payday Loan**

Debtor 1    **Tavaras LaMar Pearson**
Debtor 2    **Desarae LaShae Pearson**

Case number (if know)    **16-24465**

| 4.1<br>1 | **CMRE Financial Services** | Last 4 digits of account number | **4502** | **$635.00** |

Nonpriority Creditor's Name
**3075 E Imperial Hwy**
**Suite 200**
**Brea, CA 92821**
Number Street City State Zip Code

When was the debt incurred?    **Opened 11/01/13**

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Collection Account for Pathology Assoc. Of Anaheim**

| 4.1<br>2 | **CMRE Financial Services** | Last 4 digits of account number | **8812** | **$490.00** |

Nonpriority Creditor's Name
**3075 E Imperial Hwy**
**Suite 200**
**Brea, CA 92821**
Number Street City State Zip Code

When was the debt incurred?    **Opened  8/01/14  Last Active 11/10/14**

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Collection Account for Anesthesia Specialists Of Orange**

| 4.1<br>3 | **CMRE Financial Services** | Last 4 digits of account number | **4520** | **$244.00** |

Nonpriority Creditor's Name
**3075 E Imperial Hwy**
**Suite 200**
**Brea, CA 92821**
Number Street City State Zip Code

When was the debt incurred?    **Opened 11/01/13**

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Collection Account for Pathology Assoc. Of Anaheim**

Debtor 1    **Tavaras LaMar Pearson**
Debtor 2    **Desarae LaShae Pearson**

Case number (if known)    **16-24465**

| | | | | |
|---|---|---|---|---|
| **4.1** **4** | **Commonwealth Financial Systems** | Last 4 digits of account number | **71N1** | **$1,150.00** |

Nonpriority Creditor's Name
**245 Main St**
**Dickson City, PA 18519**
Number Street City State Zip Code

When was the debt incurred?    **Opened  2/01/16**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

■ Other. Specify    **Collection Account for Emcare Shadow Emergency Physicians**

| | | | | |
|---|---|---|---|---|
| **4.1** **5** | **Commonwealth Financial Systems** | Last 4 digits of account number | **74N1** | **$59.00** |

Nonpriority Creditor's Name
**245 Main St**
**Dickson City, PA 18519**
Number Street City State Zip Code

When was the debt incurred?    **Opened  2/01/16**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

■ Other. Specify    **Collection Account for Emcare Shadow Emergency Physicians**

| | | | | |
|---|---|---|---|---|
| **4.1** **6** | **Designed Receivable So** | Last 4 digits of account number | **9540** | **$760.00** |

Nonpriority Creditor's Name
**1 Centerpointe Dr Ste 45**
**La Palma, CA 90623**
Number Street City State Zip Code

When was the debt incurred?    **Opened  3/01/14**

**Who incurred the debt?** Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**
☐ Student loans

**Is the claim subject to offset?**

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

■ Other. Specify    **Collection Account for Anaheim Memorial Er Physicians**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                   Best Case Bankruptcy

Debtor 1  **Tavaras LaMar Pearson**
Debtor 2  **Desarae LaShae Pearson**

Case number (if know)   **16-24465**

| 4.1 7 | **Discover Financial** | Last 4 digits of account number | 9623 | $636.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 3025**
**New Albany, OH 43054**

When was the debt incurred?   **Opened 5/01/11 Last Active 5/01/12**

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

☐ Debtor 1 only

■ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Credit Card**

| 4.1 8 | **E Partner Net** | Last 4 digits of account number | 7620 | $534.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name
**740 E 1910 S**
**Provo, UT 84606**

When was the debt incurred?

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

☐ Debtor 1 only

■ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Collection Account for Golds Gym Of Utah**

| 4.1 9 | **EM PHYS INTEGRATED CARE (EPIC)** | Last 4 digits of account number | 2917 | $357.44 |
|---|---|---|---|---|

Nonpriority Creditor's Name
**PO Box 96398**
**Oklahoma City, OK 73143-6398**

When was the debt incurred?   **3/2016**

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Medical**

Debtor 1   **Tavaras LaMar Pearson**
Debtor 2   **Desarae LaShae Pearson**

Case number (if know)   **16-24465**

| 4.20 | **ERC/Enhanced Recovery Corp** | Last 4 digits of account number | **6376** | $584.00 |

Nonpriority Creditor's Name

**8014 Bayberry Rd**
**Jacksonville, FL 32256**

When was the debt incurred?   **Opened  3/01/14**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a  community debt**

Is the claim subject to offset?

- ☑ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify   **Collection Account for Tmobile**

| 4.21 | **ERC/Enhanced Recovery Corp** | Last 4 digits of account number | **0679** | $296.00 |

Nonpriority Creditor's Name

**8014 Bayberry Rd**
**Jacksonville, FL 32256**

When was the debt incurred?   **Opened  6/01/15**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a  community debt**

Is the claim subject to offset?

- ☑ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify   **Collection Account for Sprint**

| 4.22 | **Express Recovery Services** | Last 4 digits of account number | **2487** | $334.00 |

Nonpriority Creditor's Name

**Po Box 26415**
**Salt Lake City, UT 84126**

When was the debt incurred?   **Opened  2/01/15**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a  community debt**

Is the claim subject to offset?

- ☑ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify   **Collection Account for Wasatch Endoscopy Center**

Debtor 1    **Tavaras LaMar Pearson**
Debtor 2    **Desarae LaShae Pearson**

Case number (if know)    **16-24465**

---

| 4.2 3 | **Fed Loan Servicing** | Last 4 digits of account number | **0002** | $6,318.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name

**Po Box 69184**
**Harrisburg, PA 17106**

When was the debt incurred?    **Opened 10/01/13  Last Active 4/30/16**

Number Street City State ZIp Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ■ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify _____

**Student Loans**

---

| 4.2 4 | **Fed Loan Servicing** | Last 4 digits of account number | **0004** | $6,172.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name

**Po Box 69184**
**Harrisburg, PA 17106**

When was the debt incurred?    **Opened 5/01/14  Last Active 4/30/16**

Number Street City State ZIp Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ■ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify _____

**Student Loans**

---

| 4.2 5 | **Fed Loan Servicing** | Last 4 digits of account number | **0003** | $4,586.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name

**Po Box 69184**
**Harrisburg, PA 17106**

When was the debt incurred?    **Opened 5/01/14  Last Active 4/30/16**

Number Street City State ZIp Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ■ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☐ Other. Specify _____

**Student Loans**

---

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

Debtor 1   **Tavaras LaMar Pearson**

Debtor 2   **Desarae LaShae Pearson**

Case number (if know)   **16-24465**

| 4.2 6 | | | |
|---|---|---|---|
| **Fed Loan Servicing** | Last 4 digits of account number | **0001** | **$3,567.00** |
| Nonpriority Creditor's Name | | | |

**Po Box 69184
Harrisburg, PA 17106**

When was the debt incurred?   **Opened 10/01/13  Last Active 4/30/16**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

■ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

■ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Other. Specify _____

**Student Loans**

| 4.2 7 | | | |
|---|---|---|---|
| **First Premier Bank** | Last 4 digits of account number | **6814** | **$446.00** |
| Nonpriority Creditor's Name | | | |

**3820 N Louise Ave
Sioux Falls, SD 57107**

When was the debt incurred?   **Opened 8/01/12  Last Active 3/14/13**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only

■ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

■ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Credit Card**

| 4.2 8 | | | |
|---|---|---|---|
| **Gentry Finance** | Last 4 digits of account number | **2600** | **$573.00** |
| Nonpriority Creditor's Name | | | |

**Po Box 1947
Boerne, TX 78006**

When was the debt incurred?   **Opened 4/01/10  Last Active 3/30/10**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only

■ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Loan**

Debtor 1  **Tavaras LaMar Pearson**
Debtor 2  **Desarae LaShae Pearson**

Case number (if know)  **16-24465**

| 4.29 | **Harris & Harris, Ltd** | Last 4 digits of account number | **0462** | **$50.00** |

Nonpriority Creditor's Name
**111 W Jackson Blvd**
**Suite 400**
**Chicago, IL 60604**
Number Street City State Zip Code

When was the debt incurred?  **Opened  4/01/11**

Who incurred the debt? Check one.

☐ Debtor 1 only
■ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Collection Account for Riverton Hospital**

| 4.30 | **IC Systems, Inc** | Last 4 digits of account number | **7285** | **$1,188.00** |

Nonpriority Creditor's Name
**444 Highway 96 East**
**Po Box 64378**
**St Paul, MN 55164**
Number Street City State Zip Code

When was the debt incurred?

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Collection Account for Intermountain Healthcare**

| 4.31 | **Jefferson Capital Systems** | Last 4 digits of account number | **6814** | **$446.29** |

Nonpriority Creditor's Name
**16 McLelland Rd**
**Saint Cloud, MN 56303**
Number Street City State Zip Code

When was the debt incurred?  **9/2015**

Who incurred the debt? Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No
☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Collection Account for Premier Bank**

Debtor 1    **Tavaras LaMar Pearson**
Debtor 2    **Desarae LaShae Pearson**

Case number (if know)    **16-24465**

| 4.3 2 | **Johnson Mark Llc** | Last 4 digits of account number | **8077** | $136.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name

**4246 S Riverboat Rd Ste**
**Salt Lake City, UT 84123**

When was the debt incurred?    **Opened  3/01/11**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only

■ Debtor 2 only

☐ Contingent

☐ Debtor 1 and Debtor 2 only

☐ Unliquidated

☐ At least one of the debtors and another

☐ Disputed

☐ **Check if this claim is for a community debt**

Type of NONPRIORITY unsecured claim:

☐ Student loans

Is the claim subject to offset?

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

■ Other. Specify    **Collection Account for Mountain View Dental Care**

---

| 4.3 3 | **JPMorgan Chase Bank** | Last 4 digits of account number | **5890** | Unknown |
|---|---|---|---|---|

Nonpriority Creditor's Name

**6275 S Highland Dr**
**Salt Lake City, UT 84121**

When was the debt incurred?    **5/6/2009**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only

☐ Debtor 2 only

☐ Contingent

■ Debtor 1 and Debtor 2 only

☐ Unliquidated

☐ At least one of the debtors and another

☐ Disputed

☐ **Check if this claim is for a community debt**

Type of NONPRIORITY unsecured claim:

☐ Student loans

Is the claim subject to offset?

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

■ Other. Specify    **Bank Fees**

---

| 4.3 4 | **KeyBank** | Last 4 digits of account number | **2638** | $556.38 |
|---|---|---|---|---|

Nonpriority Creditor's Name

**34 North Main St**
**Dayton, OH 45402**

When was the debt incurred?    **9/12/2012**

Number Street City State Zip Code

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only

☐ Debtor 2 only

☐ Contingent

■ Debtor 1 and Debtor 2 only

☐ Unliquidated

☐ At least one of the debtors and another

☐ Disputed

☐ **Check if this claim is for a community debt**

Type of NONPRIORITY unsecured claim:

☐ Student loans

Is the claim subject to offset?

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No

☐ Debts to pension or profit-sharing plans, and other similar debts

☐ Yes

■ Other. Specify    **Bank Fees**

---

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor 1 **Tavaras LaMar Pearson**
Debtor 2 **Desarae LaShae Pearson**

Case number (if know)   **16-24465**

| | | |
|---|---|---|
| 4.3 5 | **Knight Adjustment Bureau** | |

Nonpriority Creditor's Name
**404 E 4500 S #A34**
**Salt Lake City, UT 84107**
Number Street City State Zip Code
Who incurred the debt? Check one.

Last 4 digits of account number **1189**   $778.00

When was the debt incurred?   **Opened 11/01/15**

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**
Is the claim subject to offset?
■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed
**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify **Collection Account for Lift Credit**

---

| | | |
|---|---|---|
| 4.3 6 | **Knight Adjustment Bureau** | |

Nonpriority Creditor's Name
**404 E 4500 S #A34**
**Salt Lake City, UT 84107**
Number Street City State Zip Code
Who incurred the debt? Check one.

Last 4 digits of account number **6780**   $171.00

When was the debt incurred?

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**
Is the claim subject to offset?
■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed
**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify **Collection Account for Mountain America Credit Union**

---

| | | |
|---|---|---|
| 4.3 7 | **Lamont, Hanley & Assoc** | |

Nonpriority Creditor's Name
**PO Box 179**
**Manchester, NH 03105-0179**
Number Street City State Zip Code
Who incurred the debt? Check one.

Last 4 digits of account number **4126**   $99.60

When was the debt incurred?

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**
Is the claim subject to offset?
■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed
**Type of NONPRIORITY unsecured claim:**
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify **Collection Account for Bristol West Insurance**

Debtor 1    **Tavaras LaMar Pearson**
Debtor 2    **Desarae LaShae Pearson**

Case number (if know)    **16-24465**

| | | | |
|---|---|---|---|
| **4.3 8** | **Loyal Loans** | Last 4 digits of account number    **0104** | **$779.44** |

Nonpriority Creditor's Name
**3163 West 5400 South**
**Salt Lake City, UT 84129**
Number Street City State Zip Code

When was the debt incurred?    **2016**

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    **Judgment for Loan**

| | | | |
|---|---|---|---|
| **4.3 9** | **Midwest Recovery Fund** | Last 4 digits of account number | **Unknown** |

Nonpriority Creditor's Name
**12100 Single Tree Lane, Ste 163**
**Eden Prairie, MN 55344**
Number Street City State Zip Code

When was the debt incurred?    **8/2008**

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    **Collection Account for FastBucks**

| | | | |
|---|---|---|---|
| **4.4 0** | **Mountain Loan Center** | Last 4 digits of account number    **4740** | **$1,549.81** |

Nonpriority Creditor's Name
**981 East 3300 South**
**Salt Lake City, UT 84115**
Number Street City State Zip Code

When was the debt incurred?    **2014**

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    **Judgment for Loan**

Debtor 1    **Tavaras LaMar Pearson**
Debtor 2    **Desarae LaShae Pearson**

Case number (if know)    **16-24465**

| 4.4 |
|-----|
| 1 |

**Mountain Medical Physician Specialists**
Nonpriority Creditor's Name
**Dept 340**
**PO Box 30015**
**Salt Lake City, UT 84130-0015**
Number Street City State Zip Code

Who incurred the debt? Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**
Is the claim subject to offset?
■ No
☐ Yes

Last 4 digits of account number    **9227**

When was the debt incurred?    **12/2015**

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Medical**

$45.35

| 4.4 |
|-----|
| 2 |

**Mountainland Collections, Inc**
Nonpriority Creditor's Name
**852 East 1050 South**
**American Fork, UT 84003**
Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**
Is the claim subject to offset?
■ No
☐ Yes

Last 4 digits of account number    **1727**

When was the debt incurred?    **Opened  2/01/14  Last Active 10/31/14**

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Collection Account for Gold Cross Services Inc**

$324.00

| 4.4 |
|-----|
| 3 |

**Mountainland Collections, Inc**
Nonpriority Creditor's Name
**852 East 1050 South**
**American Fork, UT 84003**
Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**
Is the claim subject to offset?
■ No
☐ Yes

Last 4 digits of account number    **8828**

When was the debt incurred?    **Opened  7/01/15**

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Collection Account for Utah Gastroenterology**

$37.00

Debtor 1    **Tavaras LaMar Pearson**
Debtor 2    **Desarae LaShae Pearson**

Case number *(if know)*    **16-24465**

| | | | |
|---|---|---|---|
| 4.4 4 | **North American Recovery** | Last 4 digits of account number    **7014** | **$151.00** |

Nonpriority Creditor's Name
**Nar, Inc**
**Po Box 271014**
**Salt Lake City, UT 84127**
Number Street City State Zip Code

When was the debt incurred?    **Opened 5/01/13**

Who incurred the debt? Check one.

☐ Debtor 1 only

■ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No

☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    **Collection Account for Eagle Gate College-Downtown Campus**

| | | | |
|---|---|---|---|
| 4.4 5 | **North American Recovery** | Last 4 digits of account number    **5313** | **$44.00** |

Nonpriority Creditor's Name
**Nar, Inc**
**Po Box 271014**
**Salt Lake City, UT 84127**
Number Street City State Zip Code

When was the debt incurred?    **Opened 2/01/11**

Who incurred the debt? Check one.

☐ Debtor 1 only

■ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No

☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    **Collection Account for Physician Group Of Utah**

| | | | |
|---|---|---|---|
| 4.4 6 | **North American Recovery** | Last 4 digits of account number    **5314** | **$30.00** |

Nonpriority Creditor's Name
**Nar, Inc**
**Po Box 271014**
**Salt Lake City, UT 84127**
Number Street City State Zip Code

When was the debt incurred?    **Opened 2/01/11**

Who incurred the debt? Check one.

☐ Debtor 1 only

■ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a community debt**

Is the claim subject to offset?

■ No

☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    **Collection Account for Physician Group Of Utah**

Debtor 1   **Tavaras LaMar Pearson**
Debtor 2   **Desarae LaShae Pearson**

Case number (if know)    **16-24465**

| 4.4 7 | **Progressive Leasing** | Last 4 digits of account number | **8194** | **$386.61** |
|---|---|---|---|---|

Nonpriority Creditor's Name

**PO Box 413110**
**Salt Lake City, UT 84141**
Number Street City State Zip Code

**When was the debt incurred?**    **1/2014**

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**
■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

| 4.4 8 | **Progressive Leasing** | Last 4 digits of account number | **7906** | **$1,197.73** |
|---|---|---|---|---|

Nonpriority Creditor's Name

**PO Box 413110**
**Salt Lake City, UT 84141**
Number Street City State Zip Code

**When was the debt incurred?**    **1/2014**

**Who incurred the debt?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**
■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify _____

---

| 4.4 9 | **Quick Loan/ryl Mgt** | Last 4 digits of account number | **1001** | **$375.00** |
|---|---|---|---|---|

Nonpriority Creditor's Name

**25331 W Ih 10**
**San Antonio, TX 78257**
Number Street City State Zip Code

**When was the debt incurred?**    **Opened  5/01/10  Last Active 5/02/11**

**Who incurred the debt?** Check one.

☐ Debtor 1 only
■ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**
■ No
☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Loan**

---

Debtor 1    **Tavaras LaMar Pearson**
Debtor 2    **Desarae LaShae Pearson**

Case number (*if know*)    **16-24465**

| 4.5 0 | **Santander Consumer USA** | Last 4 digits of account number | **1000** | **$7,000.00** |

Nonpriority Creditor's Name

**Po Box 961245
Fort Worth, TX 76161**

When was the debt incurred?    **Opened  6/01/11  Last Active 6/13/15**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only

■ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

■ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    **Automobile**

---

| 4.5 1 | **Sunbelt Credit** | Last 4 digits of account number | **0963** | **$438.00** |

Nonpriority Creditor's Name

**3565 West 3500 South
Salt Lake City, UT 84119**

When was the debt incurred?    **Opened 11/27/09  Last Active 11/27/09**

Number Street City State Zip Code

**Who incurred the debt?** Check one.

☐ Debtor 1 only

■ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    **Loan**

---

| 4.5 2 | **Swift Funds** | Last 4 digits of account number | **0245** | **$954.00** |

Nonpriority Creditor's Name

**927 Deep Valley Dr
Palos Verdes P, CA 90274**

When was the debt incurred?

Number Street City State Zip Code

**Who incurred the debt?** Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

As of the date you file, the claim is: Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    **Collection Account for Vasa Fitness**

---

Debtor 1  **Tavaras LaMar Pearson**
Debtor 2  **Desarae LaShae Pearson**

Case number (if know)   **16-24465**

| 4.5 3 | **Swift Funds** | Last 4 digits of account number | **0794** | **$166.00** |

Nonpriority Creditor's Name
**927 Deep Valley Dr**
**Palos Verdes P, CA 90274**
Number Street City State Zip Code

When was the debt incurred?

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans

Is the claim subject to offset?

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No
☐ Yes

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Collection Account for Vasa Fitness**

| 4.5 4 | **Tfc Credit** | Last 4 digits of account number | **0040** | **$2,895.00** |

Nonpriority Creditor's Name
**2010 Crow Canyon Place Suite 300**
**San Ramon, CA 94583**
Number Street City State Zip Code

When was the debt incurred?   **Opened 10/01/13  Last Active 11/30/13**

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

■ Student loans

Is the claim subject to offset?

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No
☐ Yes

☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Other. Specify   **Student Loans**

| 4.5 5 | **Titanium Funds** | Last 4 digits of account number | **5451** | **$3,647.00** |

Nonpriority Creditor's Name
**1265 S State St**
**Clearfield, UT 84015**
Number Street City State Zip Code

When was the debt incurred?   **Opened  8/01/11  Last Active 4/12/12**

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

☐ Debtor 1 only
■ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans

Is the claim subject to offset?

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

■ No
☐ Yes

☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   **Automobile**

Debtor 1   **Tavaras LaMar Pearson**
Debtor 2   **Desarae LaShae Pearson**                                          Case number (if know)   **16-24465**

---

| | | | |
|---|---|---|---|
| 4.5 6 | **United Debt Holding, LLC** | **Last 4 digits of account number** | **Unknown** |

Nonpriority Creditor's Name

**4833 Front Street**
**Castle Rock, CO 80104**

Number Street City State Zip Code

**When was the debt incurred?**   **9/2009**

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Collection Account for Check N Go**

---

| | | | |
|---|---|---|---|
| 4.5 7 | **University of Utah Health** | **Last 4 digits of account number**   **2487** | **$263.79** |

Nonpriority Creditor's Name

**PO Box 30465**
**Salt Lake City, UT 84130**

Number Street City State Zip Code

**When was the debt incurred?**

**Who incurred the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

■ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Medical**

---

| | | | |
|---|---|---|---|
| 4.5 8 | **Vista Fin/ryl Mgt** | **Last 4 digits of account number**   **3368** | **$696.00** |

Nonpriority Creditor's Name

**25331 W lh 10**
**San Antonio, TX 78257**

Number Street City State Zip Code

**When was the debt incurred?**   **Opened  4/01/10  Last Active 1/14/11**

**Who incurred the debt?** Check one.

☐ Debtor 1 only

■ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

**As of the date you file, the claim is:** Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify   **Secured**

---

Debtor 1  **Tavaras LaMar Pearson**
Debtor 2  **Desarae LaShae Pearson**

Case number (if known)  **16-24465**

| 4.59 | **Wakefield & Associates** | Last 4 digits of account number | **4ZFR** | $2,008.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name
**Attn: Bankruptcy
Po Box 441590
Aurora, CO 80044**
Number Street City State Zip Code

**When was the debt incurred?**  **Opened 12/01/14**

Who incurred the debt? Check one.

☐ Debtor 1 only
■ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?
■ No
☐ Yes

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Collection Account for US Bank National Association**

| 4.60 | **Wells Fargo Bank** | Last 4 digits of account number | **7855** | $365.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name
**302 2nd St, 4th Floor
San Francisco, CA 94107**
Number Street City State Zip Code

**When was the debt incurred?**  **12/24/2010**

Who incurred the debt? Check one.

☐ Debtor 1 only
☐ Debtor 2 only
■ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?
■ No
☐ Yes

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  **Bank Fees**

**Part 3:  List Others to Be Notified About a Debt That You Already Listed**

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

Name and Address
**Constar Financial Services
3561 W Bell Rd
Phoenix, AZ 85053**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.50** of (Check one):
☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

Name and Address
**Leading Edge Recovery Solutions
5440 N Cumberland Ave Ste 300
Chicago, IL 60656**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.17** of (Check one):
☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

Name and Address
**Mountain America Credit Union
Po Box 9001
West Jordan, UT 84084**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.36** of (Check one):
☐ Part 1: Creditors with Priority Unsecured Claims
■ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number

Name and Address
**Raush, Sturm, Israel, Enerson &**

On which entry in Part 1 or Part 2 did you list the original creditor?
Line **4.50** of (Check one):
☐ Part 1: Creditors with Priority Unsecured Claims

| Debtor 1 | **Tavaras LaMar Pearson** | | |
|---|---|---|---|
| Debtor 2 | **Desarae LaShae Pearson** | | |
| | | Case number (if know) | **16-24465** |

| **Hornik**<br>**922 West Baxter Drive**<br>**Suite 130**<br>**South Jordan, UT 84095** | ☐ Part 2: Creditors with Nonpriority Unsecured Claims |
|---|---|
| Last 4 digits of account number | |

| Name and Address<br>**US Bank**<br>**PO Box 5220**<br>**Cincinnati, OH 45201** | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.59** of (Check one):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>☑ Part 2: Creditors with Nonpriority Unsecured Claims |
|---|---|
| Last 4 digits of account number | |

| Name and Address<br>**Van Ru Credit Corporation**<br>**1350 East Tohy Ave**<br>**Suite 100 E**<br>**Des Plaines, IL 60018** | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.17** of (Check one):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>☑ Part 2: Creditors with Nonpriority Unsecured Claims |
|---|---|
| Last 4 digits of account number | |

| **Part 4:** | **Add the Amounts for Each Type of Unsecured Claim** |
|---|---|

6.  **Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.**

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $ 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ 0.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ 0.00 |

| | | | | Total Claim |
|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | $ 23,538.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ 0.00 |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 60,825.59 |
| | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ 84,363.59 |

Fill in this information to identify your case:

| Debtor 1 | **Tavaras LaMar Pearson** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Desarae LaShae Pearson** | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF UTAH | | |
| Case number (if known) | 16-24465 | | |

☐ Check if this is an amended filing

Official Form 106G
# Schedule G: Executory Contracts and Unexpired Leases
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1.  **Do you have any executory contracts or unexpired leases?**
    ☐ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
    ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2.  **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| | Person or company with whom you have the contract or lease Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|---|
| 2.1 | **Comcast Cable Communications, LLC Attn: Bankruptcy Dept PO Box 551080 Jacksonville, FL 32255** | **Cable, Internet Contract Ends 08/2017** |
| 2.2 | **Marathon Property Management 966 West 800 North Salt Lake City, UT 84116** | **Residential Lease Ends 06/30/2016** |
| 2.3 | **Sprint 5475 Adams Avenue Ogden, UT 84405** | **Cellphone Contract Ends 2017** |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Tavaras LaMar Pearson** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | **Desarae LaShae Pearson** |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF UTAH |
| Case number (if known) | 16-24465 |

☐ Check if this is an amended filing

## Official Form 106H
## Schedule H: Your Codebtors                                                  12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

**1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

■ No
☐ Yes

**2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

■ No. Go to line 3.
☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| *Column 1:* **Your codebtor** Name, Number, Street, City, State and ZIP Code | *Column 2:* **The creditor to whom you owe the debt** Check all schedules that apply: |
|---|---|
| 3.1 _____<br>Name<br><br>_____<br>Number    Street<br>_____<br>City          State          ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |
| 3.2 _____<br>Name<br><br>_____<br>Number    Street<br>_____<br>City          State          ZIP Code | ☐ Schedule D, line _____<br>☐ Schedule E/F, line _____<br>☐ Schedule G, line _____ |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                        Best Case Bankruptcy

Fill in this information to identify your case:

| Debtor 1 | **Tavaras LaMar Pearson** |
|---|---|
| Debtor 2 (Spouse, if filing) | **Desarae LaShae Pearson** |
| United States Bankruptcy Court for the: | DISTRICT OF UTAH |
| Case number (If known) | **16-24465** |

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income                                    12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Employment status | ■ Employed<br>☐ Not employed | ☐ Employed<br>■ Not employed |
| | Occupation | Loan Servicing Rep | |
| | Employer's name | Select Portfolio Servicing, Inc. | |
| | Employer's address | 3217 Decker Lake Drive<br>Salt Lake City, UT 84119 | |
| | How long employed there? | 10 Months | |

### Part 2:    Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ 4,430.63 | $ 0.00 |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$ 0.00 | +$ 0.00 |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. | $ 4,430.63 | $ 0.00 |

| Debtor 1 | **Tavaras LaMar Pearson** |
|---|---|
| Debtor 2 | **Desarae LaShae Pearson** |

Case number (*if known*)  **16-24465**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| | **Copy line 4 here** | 4. $ **4,430.63** | $ **0.00** |

5. **List all payroll deductions:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ **621.26** | $ **0.00** |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ **0.00** | $ **0.00** |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ **43.72** | $ **0.00** |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ **0.00** | $ **0.00** |
| 5e. | **Insurance** | 5e. | $ **437.99** | $ **0.00** |
| 5f. | **Domestic support obligations** | 5f. | $ **0.00** | $ **0.00** |
| 5g. | **Union dues** | 5g. | $ **0.00** | $ **0.00** |
| 5h. | **Other deductions.** Specify: | 5h.+ | $ **0.00** | + $ **0.00** |

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 6. | **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ **1,102.97** | $ **0.00** |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ **3,327.66** | $ **0.00** |

8. **List all other income regularly received:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ **0.00** | $ **0.00** |
| 8b. | **Interest and dividends** | 8b. | $ **0.00** | $ **0.00** |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ **0.00** | $ **0.00** |
| 8d. | **Unemployment compensation** | 8d. | $ **0.00** | $ **0.00** |
| 8e. | **Social Security** | 8e. | $ **0.00** | $ **0.00** |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ **0.00** | $ **0.00** |
| 8g. | **Pension or retirement income** | 8g. | $ **0.00** | $ **0.00** |
| 8h. | **Other monthly income.** Specify: | 8h.+ | $ **0.00** | + $ **0.00** |

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 9. | **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ **0.00** | $ **0.00** |
| 10. | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ **3,327.66** + $ **0.00** | = $ **3,327.66** |

11. **State all other regular contributions to the expenses that you list in *Schedule J.***
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify: _____  11. +$ **0.00**

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies
12. $ **3,327.66**
**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
■ No.
☐ Yes. Explain: _____

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | Tavaras LaMar Pearson |
| Debtor 2 (Spouse, if filing) | Desarae LaShae Pearson |
| United States Bankruptcy Court for the: | DISTRICT OF UTAH |
| Case number (If known) | 16-24465 |

Check if this is:
- ☐ An amended filing
- ☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J
# Schedule J: Your Expenses                                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Your Household

1. **Is this a joint case?**
   - ☐ No. Go to line 2.
   - ☒ Yes. **Does Debtor 2 live in a separate household?**
       - ☒ No
       - ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2. **Do you have dependents?**    ☐ No

   Do not list Debtor 1 and Debtor 2.    ☒ Yes.  Fill out this information for each dependent..............

   Do not state the dependents names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Son | 2 years | ☐ No ☒ Yes |
| Daughter | 3 Years | ☐ No ☒ Yes |
| Daughter | 7 Years | ☐ No ☒ Yes |
| Daughter | 9 Years | ☐ No ☒ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**
   - ☒ No
   - ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | Your expenses |
|---|---|

| | | | |
|---|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ | 1,227.00 |
| | If not included in line 4: | | |
| 4a. | Real estate taxes | 4a. $ | 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ | 23.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | 0.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ | 0.00 |
| 5. | Additional mortgage payments for your residence, such as home equity loans | 5. $ | 0.00 |

| Debtor 1 | **Tavaras LaMar Pearson** | | |
|---|---|---|---|
| Debtor 2 | **Desarae LaShae Pearson** | Case number (if known) | **16-24465** |

| 6. | **Utilities:** | | | |
|---|---|---|---|---|
| | 6a. | Electricity, heat, natural gas | 6a. $ | **200.00** |
| | 6b. | Water, sewer, garbage collection | 6b. $ | **9.00** |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | **360.00** |
| | 6d. | Other. Specify: | 6d. $ | **0.00** |
| 7. | **Food and housekeeping supplies** | | 7. $ | **600.00** |
| 8. | **Childcare and children's education costs** | | 8. $ | **0.00** |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | **60.00** |
| 10. | **Personal care products and services** | | 10. $ | **60.00** |
| 11. | **Medical and dental expenses** | | 11. $ | **40.00** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | **200.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | **70.00** |
| 14. | **Charitable contributions and religious donations** | | 14. $ | **0.00** |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | **0.00** |
| | 15b. | Health insurance | 15b. $ | **0.00** |
| | 15c. | Vehicle insurance | 15c. $ | **158.00** |
| | 15d. | Other insurance. Specify: | 15d. $ | **0.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. $ | **0.00** |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | **280.00** |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | **0.00** |
| | 17c. | Other. Specify:  **Ring** | 17c. $ | **75.00** |
| | 17d. | Other. Specify: | 17d. $ | **0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5,** *Schedule I, Your Income* **(Official Form 106I).** | | 18. $ | **0.00** |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. $ | **0.00** |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on** *Schedule I: Your Income.* | | | |
| | 20a. | Mortgages on other property | 20a. $ | **0.00** |
| | 20b. | Real estate taxes | 20b. $ | **0.00** |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | **0.00** |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | **0.00** |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | **0.00** |
| 21. | **Other:** Specify:  **Pet Care** | | 21. +$ | **30.00** |

22. **Calculate your monthly expenses**

| 22a. Add lines 4 through 21. | $ | **3,392.00** |
|---|---|---|
| 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | $ | |
| 22c. Add line 22a and 22b.  The result is your monthly expenses. | $ | **3,392.00** |

23. **Calculate your monthly net income.**

| 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | **3,327.66** |
|---|---|---|
| 23b. Copy your monthly expenses from line 22c above. | 23b. -$ | **3,392.00** |
| 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. $ | **-64.34** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.    Explain here:

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Tavaras LaMar Pearson** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | **Desarae LaShae Pearson** |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF UTAH |
| Case number | **16-24465** |
| (if known) | |

☐ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

■ No

☐ Yes. Name of person _____    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

| X **/s/ Tavaras LaMar Pearson** | X **/s/ Desarae LaShae Pearson** |
|---|---|
| **Tavaras LaMar Pearson** | **Desarae LaShae Pearson** |
| Signature of Debtor 1 | Signature of Debtor 2 |
| Date **June 6, 2016** | Date **June 6, 2016** |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Tavaras LaMar Pearson** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | **Desarae LaShae Pearson** |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF UTAH |
| Case number (if known) | 16-24465 |

☐ Check if this is an
   amended filing

## Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy
4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information.  If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Give Details About Your Marital Status and Where You Lived Before

**1.    What is your current marital status?**

■ Married
☐ Not married

**2.    During the last 3 years, have you lived anywhere other than where you live now?**

☐ No
■ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|
| **1264 River Bed Dr #1228 Salt Lake City, UT 84119** | From-To: | ■ Same as Debtor 1 | ■ Same as Debtor 1 From-To: |

**3.    Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

■ No
☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2    Explain the Sources of Your Income

**4.    Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No
■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) | **Sources of income** Check all that apply. | **Gross income** (before deductions and exclusions) |

| Debtor 1 | Tavaras LaMar Pearson | | | |
|---|---|---|---|---|
| Debtor 2 | Desarae LaShae Pearson | | | |
| | | | Case number (if known) | 16-24465 |

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) | **Sources of income**<br>Check all that apply. | **Gross income**<br>(before deductions and exclusions) |
| **From January 1 of current year until the date you filed for bankruptcy:** | ■ Wages, commissions, bonuses, tips<br>☐ Operating a business | $22,554.71 | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | $0.00 |
| **For last calendar year:**<br>**(January 1 to December 31, 2015 )** | ■ Wages, commissions, bonuses, tips<br>☐ Operating a business | $33,510.00 | ☐ Wages, commissions, bonuses, tips<br>■ Operating a business | $1,930.00 |
| **For the calendar year before that:**<br>**(January 1 to December 31, 2014 )** | ■ Wages, commissions, bonuses, tips<br>☐ Operating a business | $26,128.00 | ☐ Wages, commissions, bonuses, tips<br>☐ Operating a business | $4,401.00 |

5. **Did you receive any other income during this year or the two previous calendar years?**
   Include income regardless of whether that income is taxable. Examples of other income are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

   List each source and the gross income from each source separately. Do not include income that you listed in line 4.

   ☐ No
   ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | **Sources of income**<br>Describe below. | **Gross income from each source**<br>(before deductions and exclusions) | **Sources of income**<br>Describe below. | **Gross income**<br>(before deductions and exclusions) |
| **For the calendar year before that:**<br>**(January 1 to December 31, 2014 )** | | $0.00 | Retirement Income | $560.00 |
| | | $0.00 | Unemployment | $4,154.00 |

## Part 3: List Certain Payments You Made Before You Filed for Bankruptcy

6. **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

   ☐ No. **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** Consumer debts are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,425* or more?
   ☐ No. Go to line 7.
   ☐ Yes   List below each creditor to whom you paid a total of $6,425* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
   * Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.

   ■ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
   During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

   ☐ No. Go to line 7.
   ■ Yes   List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

| Debtor 1 | **Tavaras LaMar Pearson** | | | |
|---|---|---|---|---|
| Debtor 2 | **Desarae LaShae Pearson** | | Case number *(if known)* | **16-24465** |

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|
| **AmeriCredit/GM Financial**<br>**PO Box 183583**<br>**Arlington, TX 76096** | **March to May 2016** | **$831.00** | **$10,827.00** | ☐ Mortgage<br>☐ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |
| **Lobel Financial Corp**<br>**19829 N 27th Ave**<br>**Phoenix, AZ 85027** | **02/2016** | **$980.00** | **$0.00** | ☐ Mortgage<br>☐ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |
| **Les Schwab Tire Center**<br>**3837 1st Ave SE**<br>**Cedar Rapids, IA 52402-5602** | **02/2016** | **$1,600.00** | **$0.00** | ☐ Mortgage<br>☐ Car<br>☐ Credit Card<br>☐ Loan Repayment<br>☐ Suppliers or vendors<br>☐ Other___ |

7.  **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
    *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

    ■ No
    ☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8.  **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
    Include payments on debts guaranteed or cosigned by an insider.

    ■ No
    ☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment<br>Include creditor's name |
|---|---|---|---|---|

**Part 4:**   Identify Legal Actions, Repossessions, and Foreclosures

9.  **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
    List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

    ☐ No
    ■ Yes. Fill in the details.

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| **Loyal Loans**<br>**Vs**<br>**Tavaras LaMar Pearson**<br>**168600104** | **Debt Collection** | **Salt Lake County Justice Court**<br>**PO Box 144575**<br>**Salt Lake City, UT 84114** | ■ Pending<br>☐ On appeal<br>☐ Concluded<br><br>**Garnishment** |

| Debtor 1 | **Tavaras LaMar Pearson** | | |
|---|---|---|---|
| Debtor 2 | **Desarae LaShae Pearson** | Case number *(if known)* | **16-24465** |

| Case title<br>Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| **Checknet Inc<br>Vs<br>Desarae LaShae Pearson<br>150412365** | **Debt Collection** | **Third District Court -  West Jordan Dept<br>8080 S Redwood Rd Ste 1701<br>West Jordan, UT 84088** | ■ Pending<br>☐ On appeal<br>☐ Concluded<br><br>**Judgment** |
| **Mountain Loan Centers Inc<br>Vs<br>Tavaras LaMar Pearson<br>149404740** | **Debt Collection** | **Fourth Judicial District<br>125 North 100 West<br>Provo, UT 84601** | ■ Pending<br>☐ On appeal<br>☐ Concluded<br><br>**Garnishment** |

10. **Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?**
Check all that apply and fill in the details below.

☐ No. Go to line 11.
■ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property<br><br>Explain what happened | Date | Value of the property |
|---|---|---|---|
| **Loyal Loans<br>3163 W 5400 S<br>Salt Lake City, UT 84129** | **Garnishment from paystub**<br>☐ Property was repossessed.<br>☐ Property was foreclosed.<br>■ Property was garnished.<br>☐ Property was attached, seized or levied. | **05/2016** | **Unknown** |
| **Mountain Loan Centers, Inc.<br>Attn: Bankruptcy<br>PO Box 3000<br>Anaheim, CA 92803** | **Garnishment from paystub**<br>☐ Property was repossessed.<br>☐ Property was foreclosed.<br>■ Property was garnished.<br>☐ Property was attached, seized or levied. | **01/2015** | **Unknown** |

11. **Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?**

■ No
☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12. **Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?**

■ No
☐ Yes

**Statement of Financial Affairs for Individuals Filing for Bankruptcy**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com

| Debtor 1 | **Tavaras LaMar Pearson** |
|---|---|
| Debtor 2 | **Desarae LaShae Pearson** |

Case number (*if known*) **16-24465**

| Part 5: | List Certain Gifts and Contributions |
|---|---|

**13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?**

■ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person<br><br>Person to Whom You Gave the Gift and Address: | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|

**14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?**

■ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600<br>Charity's Name<br>Address (Number, Street, City, State and ZIP Code) | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|

| Part 6: | List Certain Losses |
|---|---|

**15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?**

■ No
☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br><br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|

| Part 7: | List Certain Payments or Transfers |
|---|---|

**16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?**
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
■ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Summit Financial Education, Inc.<br>4800 E Flower St<br>Tucson, AZ 85712 | $9.95 for Credit Counseling Services | 05/17/2016 | $9.95 |
| Vannova Legal PLCC<br>47 W 9000 S<br>#1<br>Sandy, UT 84070 | $112 Attorney Fee<br>$33 Credit Report<br>$335 Court Filing Fee | 05/16/2016 | $112.00 |

**17. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

■ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com · Best Case Bankruptcy

Debtor 1   **Tavaras LaMar Pearson**

Debtor 2   **Desarae LaShae Pearson**

Case number *(if known)*   16-24465

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

■ No
☐ Yes. Fill in the details.

| Person Who Received Transfer Address<br><br>Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices*.)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

**Part 8:**   List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☐ No
■ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| **JPMorgan Chase Bank, N.A.**<br>**4425 Burley Drive**<br>**Pocatello, ID 83202** | XXXX- | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | | $0.00 |

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ No
☐ Yes. Fill in the details.

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

| Debtor 1 | **Tavaras LaMar Pearson** | | |
|---|---|---|---|
| Debtor 2 | **Desarae LaShae Pearson** | | |
| | | Case number *(if known)* | **16-24465** |

| Part 9: | Identify Property You Hold or Control for Someone Else |
|---|---|

23. **Do you hold or control any property that someone else owns?** Include any property you borrowed from, are storing for, or hold in trust for someone.

■ No
☐ Yes. Fill in the details.

| Owner's Name<br>**Address** (Number, Street, City, State and ZIP Code) | Where is the property?<br>(Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

| Part 10: | Give Details About Environmental Information |
|---|---|

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

■ No
☐ Yes. Fill in the details.

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

25. **Have you notified any governmental unit of any release of hazardous material?**

■ No
☐ Yes. Fill in the details.

| Name of site<br>**Address** (Number, Street, City, State and ZIP Code) | Governmental unit<br>**Address** (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

26. **Have you been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

■ No
☐ Yes. Fill in the details.

| Case Title<br>Case Number | Court or agency<br>Name<br>**Address** (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|

| Part 11: | Give Details About Your Business or Connections to Any Business |
|---|---|

27. **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

---

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case 16-24465    Doc 50    Filed 06/06/16    Entered 06/06/16 12:04:56    Desc Main
Document    Page 31 of 56

| Debtor 1 | Tavaras LaMar Pearson | | |
|---|---|---|---|
| Debtor 2 | Desarae LaShae Pearson | | Case number *(if known)* | **16-24465** |

■ **No. None of the above applies. Go to Part 12.**

☐ **Yes. Check all that apply above and fill in the details below for each business.**

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| | | |

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

■ **No**

☐ **Yes. Fill in the details below.**

| Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|
| | |

| Part 12: | Sign Below |
|---|---|

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

/s/ Tavaras LaMar Pearson                              /s/ Desarae LaShae Pearson

**Tavaras LaMar Pearson**                              **Desarae LaShae Pearson**
**Signature of Debtor 1**                              **Signature of Debtor 2**

Date    **June  6, 2016**                              Date    **June  6, 2016**

**Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?**
■ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**
■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Tavaras LaMar Pearson** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | **Desarae LaShae Pearson** |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF UTAH |
| Case number | 16-24465 |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 108
# Statement of Intention for Individuals Filing Under Chapter 7                    12/15

**If you are an individual filing under chapter 7, you must fill out this form if:**

■ **creditors have claims secured by your property, or**

■ **you have leased personal property and the lease has not expired.**

**You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form**

**If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).**

**Part 1:    List Your Creditors Who Have Secured Claims**

1. **For any creditors that you listed in Part 1 of Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D), fill in the information below.**

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name: **AmeriCredit/GM Financial**<br><br>Description of property securing debt: **2010 Chrysler Town and Country 81,000 miles Value based on nada.com Location: 3552 W Honda Ave, Salt Lake City, UT 84119** | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>■ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]:<br><br>_____ | ■ No<br><br>☐ Yes |
| Creditor's name: **Title Max Loans**<br><br>Description of property securing debt: **2002 Ford Explorer 133,000 miles Value based on nada.com Location: 3552 W Honda Ave, Salt Lake City, UT 84119** | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>■ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]:<br><br>_____ | ☐ No<br><br>■ Yes |

**Part 2:    List Your Unexpired Personal Property Leases**

**For any unexpired personal property lease that you listed in Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G), fill in the information below. Do not list real estate leases. Unexpired leases are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).**

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                        Best Case Bankruptcy

Case 16-24465    Doc 50    Filed 06/08/16    Entered 06/08/16 22:04:56    Desc Main
Document    Page 53 of 58

| Debtor 1 | **Tavaras LaMar Pearson** | | |
|---|---|---|---|
| Debtor 2 | **Desarae LaShae Pearson** | Case number (*if known*) | **16-24465** |

| Describe your unexpired personal property leases | Will the lease be assumed? |
|---|---|

| Lessor's name: | **Comcast Cable Communications, LLC** | ☐ No |
|---|---|---|
| | | ■ Yes |
| Description of leased Property: | **Cable, Internet Contract Ends 08/2017** | |
| Lessor's name: | **Marathon Property Management** | ☐ No |
| | | ■ Yes |
| Description of leased Property: | **Residential Lease Ends 06/30/2016** | |
| Lessor's name: | **Sprint** | ☐ No |
| | | ■ Yes |
| Description of leased Property: | **Cellphone Contract Ends 2017** | |

## Part 3: Sign Below

Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal property that is subject to an unexpired lease.

| X **/s/ Tavaras LaMar Pearson** | X **/s/ Desarae LaShae Pearson** |
|---|---|
| **Tavaras LaMar Pearson** | **Desarae LaShae Pearson** |
| Signature of Debtor 1 | Signature of Debtor 2 |
| Date **June 6, 2016** | Date **June 6, 2016** |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

**You are an individual filing for bankruptcy,** and

**Your debts are primarily consumer debts.**
*Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

Chapter 7 - Liquidation

Chapter 11 - Reorganization

Chapter 12 - Voluntary repayment plan for family farmers or fishermen

Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $75 | administrative fee |
| + $15 | trustee surcharge |
| $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

most taxes;

most student loans;

domestic support and property settlement obligations;

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                   Best Case Bankruptcy

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

## Chapter 11: Reorganization

|         | $1,167  | filing fee          |
| ------- | ------- | ------------------- |
| +       | $550    | administrative fee  |
|         | $1,717  | total fee           |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

**Read These Important Warnings**

**Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.**

**Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.**

**You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.**

**Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Chapter 12: Repayment plan for family farmers or fishermen

|   | $200 | filing fee |
|---|------|-----------|
| + | $75  | administrative fee |
|   | $275 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

### Chapter 13: Repayment plan for individuals with regular income

|   | $235 | filing fee |
|---|------|-----------|
| + | $75  | administrative fee |
|   | $310 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

    domestic support obligations,

    most student loans,

    certain taxes,

    debts for fraud or theft,

    debts for fraud or defalcation while acting in a fiduciary capacity,

    most criminal fines and restitution obligations,

    certain debts that are not listed in your bankruptcy papers,

    certain debts for acts that caused death or personal injury, and

    certain long-term secured debts.

**Warning: File Your Forms on Time**

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to:
http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

### Bankruptcy crimes have serious consequences

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

### Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

### Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html.

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCredit AndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

Case 16-24465    Doc 50    Filed 06/08/16    Entered 06/08/16 12:04:56    Desc Main
Document      Page 99 of 154

# United States Bankruptcy Court
## District of Utah

| | | | |
|---|---|---|---|
| In re | Tavaras LaMar Pearson<br>Desarae LaShae Pearson | Case No. | **16-24465** |
| | Debtor(s) | Chapter | **7** |

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtors hereby verify that the attached list of creditors is true and correct to the best of their knowledge.

Date:    **June  6, 2016**                          /s/ Tavaras LaMar Pearson
                                                                **Tavaras LaMar Pearson**
                                                                Signature of Debtor

Date:    **June  6, 2016**                          /s/ Desarae LaShae Pearson
                                                                **Desarae LaShae Pearson**
                                                                Signature of Debtor

# Exhibit "G"

The Order of the Court is stated below:

**Dated:** February 28, 2018
09:08:08 AM

At the direction of:
/s/  ANDREW H STONE
District Court Judge

**by**
/s/  JANET ROGERS
District Court Clerk

Chad C. Rasmussen (13847)
ALPINA LEGAL
2230 N University Pkwy., Ste. 7E
Provo, UT 84604
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

*Attorney for Plaintiff*

## IN THE SALT LAKE CITY DEPT. OF THE THIRD JUDICIAL DISTRICT COURT
### SALT LAKE COUNTY, STATE OF UTAH
**450 S State St., Salt Lake City, UT 84111 - 801-238-7300**

| | |
|---|---|
| CASCADE COLLECTIONS LLC, <br><br> Plaintiff, <br><br> v. <br><br> DESARAE DIAZ, an individual, <br><br> Defendant. | **BENCH WARRANT** <br><br> Case No. 129918006 <br><br> Judge: ANDREW H STONE <br><br> *2013-LCKYS-1484* |

THE STATE OF UTAH TO ANY PEACE OFFICER IN THE STATE OF UTAH:

On February 27, 2018, the judgment debtor DESARAE DIAZ failed to attend a hearing in violation of a court order.

YOU ARE THEREFORE COMMANDED to arrest the above-named judgment debtor and bring him/her before this Court, or, if court has adjourned, to deliver him/her to the Sheriff of this County until the Court is next in session.

Bail is set at the sum of $300.00 (cash only). Personal or corporate surety is not acceptable. This warrant is returnable and the above-named judgment debtor is ordered to appear at a hearing in the courthouse on:

Date: Wednesday, ~~May 2~~ September 26, 2018                Time: 2:00 p.m.

Address: 450 S State St., Salt Lake City, UT 84111                Room: S-31

February 28, 2018 09:08 AM                                                                 1 of 2

The above-named judgment debtor is ordered to attend the hearing, to show cause why he/she should not be punished for contempt for failing to attend the in the above-entitled case as set for in the Order/Notice Scheduling Hearing to Identify Judgment Debtor's Property or the Order to Show Cause to answer questions under oath concerning his/her property interests and bring financial documents.

The above-named judgment debtor is ordered to bring all records concerning employment, bank accounts, vehicles, real property, business entities and any other property in which he/she has an interest, including bank statements and copies of his/her two most recent tax returns.

Bail will be held in trust to secure the above-named judgment debtor's attendance. Upon the approval of the judgment debtor or order of this court, bail may be forfeited to the judgment creditor in full or partial satisfaction of the judgment.

In compliance with the Americans with Disabilities Act, individuals needing special accommodations (including auxiliary communicative aids and services) during this proceeding should contact a judicial services representative at least three working days prior to the hearing.

---END OF DOCUMENT---
(Signature appears at the top of the first page.)

Serve: DESARAE DIAZ
3653 W 7990 S, West Jordan
West Jordan, UT 84088

# Exhibit "H"

Russell C. Skousen, Utah Bar No. 6441
**SKOUSEN LAW, PLLC**
10808 S. River Front Parkway, Ste. 310
South Jordan, UT 84095
Telephone: (801) 505-9980
Fax: (801) 907-7241
Email: rskousen@skousenlawfirm.com
*Attorneys for Defendant, Desarae Pearson*

---

IN THE DISTRICT COURT OF UTAH
THIRD JUDICIAL DISTRICT, SALT LAKE COUNTY, SALT LAKE DEPARTMENT
450 SOUTH STATE STREET, SALT LAKE CITY, UTAH 84114

| | |
|---|---|
| CASCADE COLLECTIONS, LLC, | **MOTION TO QUASH BENCH WARRANT** |
| *Plaintiff,* | |
| v. | Case No.: 129918006 |
| DESARAE DIAZ, n.k.a: DESARAE PEARSON, an individual, | Judge: ANDREW H. STONE |
| *Defendant.* | |

COMES NOW, Defendant, DESARAE DIAZ, now known as DESARAE PEARSON, by and through her counsel, moves the court for entry of an order quashing the Bench Warrant issued February 28, 2018 due to defendant's failure to appear at the Supplemental Order hearing scheduled February 27, 2018. The reasons are as follows:

1. Defendant filed for Bankruptcy on May 23, 2016 as case number 16-24465 (the "Bankruptcy").

2. Defendant received a discharge of her debts on August 31, 2016 ("Discharge Order"). A true and correct copy of the Discharge Order is attached hereto as Exhibit A.

3. The Discharge Order states that creditors cannot collect on discharged debts, meaning that "creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts." Exhibit A, at p. 1.

4. Titanium Funds, LLC is listed as a creditor in the Bankruptcy.  See Exhibit A at p. 4.

5. The Complaint in this matter states that the Defendant's alleged obligation to Titanium Funds, LLC has been "been assigned to Plaintiff through a Collection Agreement and Assignment of Accounts between Plaintiff and Titanium."  Complaint at ¶5.

6. On February 27, 2018 -- Approximately 18 months after Defendant received a discharge of Plaintiff's claim -- a supplemental proceeding was held at which Defendant did not appear and a bench warrant was issued by the Court.

7. On March 21, 2018 a Notice of Bankruptcy Filing was filed with the Court.

8. On July 28, 2018 a copy of the bench warrant issued by the Court after the Notice of Bankruptcy Filing was lodged with the Court, Plaintiff served a copy of the bench warrant on Defendant.

9. Plaintiff is attempting to require Defendant to appear at a hearing before the Court on September 26, 2018.

10. Plaintiff's continued collection efforts are a violation of the Bankruptcy Court's Discharge Order.

THEREFORE, Defendant respectfully requests that this Court quash the Bench Warrant and any further supplemental proceedings in this matter.

DATED, this 25th day of September, 2018.

SKOUSEN LAW, PLLC

/s/ *Russell C. Skousen*
Russell C. Skousen
*Attorney for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 25th day of September, 2018, I caused a true and correct copy of the foregoing **MOTION TO QUASH BENCH WARRANT** via court approved e-filing.

Chad C. Rasmussen (13847)
**Electronic Filing Only**
*Attorney for Plaintiff*

/s/ *Rachelle Olsen*
Rachelle Olsen
Paralegal, Skousen Law, PLLC

EXHIBIT A

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Tavaras LaMar Pearson** | Social Security number or ITIN  **xxx–xx–8726** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | **Desarae LaShae Pearson** | Social Security number or ITIN  **xxx–xx–2926** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **District of Utah** | | |
| Case number:  **16–24465  KRA** | Chapter 7 | Petition date: 5/23/16 |

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Tavaras LaMar Pearson
aka Tavaras Fuller

Desarae LaShae Pearson
aka Desarae Diaz, aka Desarae Quintero

8/31/16

**By the court:** Kevin R. Anderson
United States Bankruptcy Judge

## Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

### Most debts are discharged

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318          **Order of Discharge**          page 1

Case 19-24465  Doc 15  Filed 09/02/16  Entered 09/02/16 22:52:58  Desc Main
Certificate of Notice  Page 2 of 4

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support
obligations;

♦ debts for most student loans;

♦ debts for most taxes;

♦ debts that the bankruptcy court has
decided or will decide are not discharged
in this bankruptcy case;

♦ debts for most fines, penalties,
forfeitures, or criminal restitution
obligations;

♦ some debts which the debtors did not
properly list;

♦ debts for certain types of loans owed to
pension, profit sharing, stock bonus, or
retirement plans; and

♦ debts for death or personal injury caused
by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation
agreement are not discharged.

In addition, this discharge does not stop
creditors from collecting from anyone else who
is also liable on the debt, such as an insurance
company or a person who cosigned or
guaranteed a loan.

---

**This information is only a general summary
of the bankruptcy discharge; some
exceptions exist. Because the law is
complicated, you should consult an
attorney to determine the exact effect of the
discharge in this case.**

---

United States Bankruptcy Court
District of Utah

In re:                                                                    Case No. 16-24465-KRA
Tavaras LaMar Pearson                                                     Chapter 7
Desarae LaShae Pearson
        Debtors

## CERTIFICATE OF NOTICE

District/off: 1088-2          User: admin          Page 1 of 2          Date Rcvd: Aug 31, 2016
                              Form ID: 318          Total Noticed: 58

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 02, 2016.
```
db/jdb       +Tavaras LaMar Pearson,   Desarae LaShae Pearson,   3552 W Honda Ave,
              Salt Lake City, UT 84119-1606
10249566     +1st Choice Money Center,   7210 South 900 East,   Midvale, UT 84047-4489
10249568     +AMC Property Management,   1954 E Fort Union Blvd,   Salt Lake City, UT 84121-6800
10249567     +Allied Interstate Llc,   Po Box 361445,   Columbus, OH 43216-1445
10249569      American Coradius International,   2420 Sweet Home Rd #150,   Buffalo, NY 14228-2244
10249570     +American Title Loans,   7710 S State St,   Midvale, UT 84047-3200
10249572      Attorney General's Office,   PO Box 413064,   Salt Lake City, UT 84141-3064
10249577     +CMRE Financial Services,   3075 E Imperial Hwy,   Suite 200,   Brea, CA 92821-6753
10249573     +California Business Bureau,   1711 S Mountain Ave,   Monrovia, CA 91016-4256
10249575     +Chase Bank,   PO Box 182223,   Dept OH1-1272,   Columbus, OH 43218-2223
10249576     +Check City,   PO Box 970183,   Orem, UT 84097-0183
10249578     +Commonwealth Financial Systems,   245 Main St,   Dickson City, PA 18519-1641
10249579     +Constar Financial Services,   3561 W Bell Rd,   Phoenix, AZ 85053-2965
10249580     +Designed Receivable So,   1 Centerpointe Dr Ste 45,   La Palma, CA 90623-1052
10249582      E Partner Net,   740 E 1910 S,   Provo, UT 84606
10249583      EM PHYS INTEGRATED CARE (EPIC),   PO Box 96398,   Oklahoma City, OK 73143-6398
10249586     +Fed Loan Servicing,   Po Box 69184,   Harrisburg, PA 17106-9184
10249588     +Gentry Finance,   Po Box 1947,   Boerne, TX 78006-6947
10249589     +Harris & Harris, Ltd,   111 W Jackson Blvd,   Suite 400,   Chicago, IL 60604-4135
10249593     +JPMorgan Chase Bank,   6275 S Highland Dr,   Salt Lake City, UT 84121-2193
10249592     +Johnson Mark Llc,   4246 S Riverboat Rd Ste,   Salt Lake City, UT 84123-2587
10249596      Lamont, Hanley & Assoc,   PO Box 179,   Manchester, NH 03105-0179
10249599     +Loyal Loans,   3163 West 5400 South,   Salt Lake City, UT 84129-2271
10249601     +Morgan Jewelers,   Po Box 45820,   Salt Lake City, UT 84145-0820
10249604      Mountain Medical Physician Specialists,   Dept 340,   PO Box 30015,
              Salt Lake City, UT 84130-0015
10249606     +North American Recovery,   Nar, Inc,   Po Box 271014,   Salt Lake City, UT 84127-1014
10249607     +Progressive Leasing,   PO Box 413110,   Salt Lake City, UT 84141-3110
10249608     +Quick Loan/ryl Mgt,   25331 W Ih 10,   San Antonio, TX 78257-9504
10249609     #+Raush, Sturm, Israel, Enerson & Hornik,   922 West Baxter Drive,   Suite 130,
              South Jordan, UT 84095-8626
10249612     +Swift Funds,   927 Deep Valley Dr,   Palos Verdes P, CA 90274-3808
10249613     +Tfc Credit,   2010 Crow Canyon Place Suite 300,   San Ramon, CA 94583-1344
10249615     +Title Max Loans,   4163 West 5415 South,   Salt Lake City, UT 84118-4345
10249618     +US BANK,   PO BOX 5229,   CINCINNATI OH 45201-5229
             (address filed with court: US Bank,   PO Box 5220,   Cincinnati, OH 45201)
10249619     +Van Ru Credit Corporation,   1350 East Toby Ave,   Suite 100 E,   Des Plaines, IL 60018-3337
10249620     +Vista Fin/ryl Mgt,   25331 W Ih 10,   San Antonio, TX 78257-9504
10249621     +Wakefield & Associates,   Attn: Bankruptcy,   Po Box 441590,   Aurora, CO 80044-1590
10249622      Wells Fargo Bank,   302 2nd St, 4th Floor,   San Francisco, CA 94107
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
10249571     +EDI: PHINAMERI.COM Sep 01 2016 09:48:00      AmeriCredit/GM Financial,   Po Box 183583,
              Arlington, TX 76096-3583
10249574     +EDI: CAPITALONE.COM Sep 01 2016 09:48:00      Capital One,   Po Box 30285,
              Salt Lake City, UT 84130-0285
10249581     +EDI: DISCOVER.COM Sep 01 2016 09:48:00      Discover Financial,   Attn: Bankruptcy,
              Po Box 3025,   New Albany, OH 43054-3025
10249584     +E-mail/Text: bknotice@erccollections.com Sep 01 2016 10:06:35      ERC/Enhanced Recovery Corp,
              8014 Bayberry Rd,   Jacksonville, FL 32256-7412
10249585     +E-mail/Text: bankruptcy@expressrecovery.com Sep 01 2016 10:06:24      Express Recovery Services,
              Po Box 26415,   Salt Lake City, UT 84126-0415
10249587     +EDI: AMINFOFP.COM Sep 01 2016 09:48:00      First Premier Bank,   3820 N Louise Ave,
              Sioux Falls, SD 57107-0145
10249590     +EDI: IIC9.COM Sep 01 2016 09:48:00      IC Systems, Inc,   444 Highway 96 East,   Po Box 64378,
              St Paul, MN 55164-0378
10249591      EDI: JEFFERSONCAP.COM Sep 01 2016 09:49:00      Jefferson Capital Systems,   16 McLelland Rd,
              Saint Cloud, MN 56303
10249594     +E-mail/Text: key_bankruptcy_ebnc@keybank.com Sep 01 2016 10:06:39      KeyBank,
              34 North Main St,   Dayton, OH 45402-1909
10249595     +E-mail/Text: bureauknight@yahoo.com Sep 01 2016 10:06:20      Knight Adjustment Bureau,
              404 E 4500 S #A34,   Salt Lake City, UT 84107-2710
10249597     +EDI: LEADINGEDGE.COM Sep 01 2016 09:49:00      Leading Edge Recovery Solutions,
              5440 N Cumberland Ave Ste 300,   Chicago, IL 60656-1486
10249598     +E-mail/Text: ZyCredit.A.User@lesschwab.com Sep 01 2016 10:06:53      Les Schwab,
              Les Schwab Corp Office,   Po Box 5350,   Bend, OR 97708-5350
10249602      E-mail/Text: jlothrop@macu.com Sep 01 2016 10:06:21      Mountain America Credit Union,
              Po Box 9001,   West Jordan, UT 84084
10249603     +E-mail/Text: alcmlcbks@gmail.com Sep 01 2016 10:07:29      Mountain Loan Center,
              981 East 3300 South,   Salt Lake City, UT 84106-2167
10249605     +E-mail/Text: wendy@mountainlandcollections.com Sep 01 2016 10:07:11
              Mountainland Collections, Inc,   852 East 1050 South,   American Fork, UT 84003-3798
```

District/off: 1088-2         User: admin              Page 2 of 2           Date Rcvd: Aug 31, 2016
                            Form ID: 318               Total Noticed: 58

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
10249611        EDI: SECFIN.COM Sep 01 2016 09:49:00      Sunbelt Credit,    3565 West 3500 South,
                Salt Lake City, UT 84119
10249610        +EDI: DRIV.COM Sep 01 2016 09:49:00       Santander Consumer USA,    Po Box 961245,
                Fort Worth, TX 76161-0244
10249614        +E-mail/Text: bknotices@lac77.com Sep 01 2016 10:06:06      Titanium Funds,    1265 S State St,
                Clearfield, UT 84015-1602
10261377        EDI: RECOVERYCORP.COM Sep 01 2016 09:48:00       Tosh, Inc. dba Check City,
                Care of Recovery Management Systems Corp,    25 S.E. 2nd Avenue, Suite 1120,
                Miami, FL 33131-1605
10249616        +E-mail/Text: Kellie@udhllc.com Sep 01 2016 10:07:28      United Debt Holding, LLC,
                4833 Front Street,    Castle Rock, CO 80104-7902
10249617        +E-mail/Text: collections@healthcare.utah.edu Sep 01 2016 10:07:19      University of Utah Health,
                PO Box 30465,    Salt Lake City, UT 84130-0465
                                                                                    TOTAL: 21

         ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
10249600        ##+Midwest Recovery Fund,    12100 Single Tree Lane, Ste 163,    Eden Prairie, MN 55344-7952
                                                                       TOTALS: 0, * 0, ## 1

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 02, 2016                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on August 31, 2016 at the address(es) listed below:
          Matthew K. Broadbent   on behalf of Joint Debtor Desarae LaShae Pearson matt@vannovalegal.com,
          vannova.ecf@gmail.com
          Matthew K. Broadbent   on behalf of Debtor Tavaras LaMar Pearson matt@vannovalegal.com,
          vannova.ecf@gmail.com
          Stephen W. Rupp tr   rupptrustee@mbt-law.com,  UT03@ecfcbis.com
          United States Trustee   USTPRegion19.SK.ECF@usdoj.gov
                                                                       TOTAL: 4

# Exhibit "I"

Matthew K. Broadbent (9667)
Vannova Legal, PLLC
49 West 9000 South
Sandy, Utah 84070
Telephone: (801) 415-9800
Facsimile: (801) 415-9818
Email: info@VannovaLegal.com
*Attorney for Debtors*

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In Re: | CASE NO: 16-24465 |
|---|---|
| TAVARAS LAMAR PEARSON<br>DESARAE LASHAE PEARSON | Chapter 7 |
| Debtors. | Judge Kevin R. Anderson |

---

### MOTION TO REOPEN CHAPTER 7 BANKRUPTCY
### TO INCLUDE UNSECURED CREDITOR

Debtors, through counsel undersigned, hereby move this court for an order reopening their Chapter 7 Bankruptcy Case to allow the Debtors to amend the schedules to include CASCADE COLLECTIONS, LLC, an unsecured creditor. The Debtors respectfully represent as follows:

1. The Debtors filed their Chapter 7 Bankruptcy on May 23, 2016.

2. The Debtors' case was discharged on August 31, 2016 and was closed on January 2, 2018.

3. Among the creditors listed in the Debtors' Petition was Titanium Funds ("Titanium").

4. Titanium held a claim for a pre-petition, unsecured debt that was ultimately discharged in the bankruptcy.

5. Although Cascade Collections, LLC ("Cascade") was not listed as an unsecured Creditor in their Schedules, the Debtors believed that by listing Titanium Funds, any collections associated with that debt would be included and discharged in the bankruptcy.

6. Despite having been given notice of the bankruptcy on numerous occasions from Debtors and Debtors' counsel, Cascade has continued to aggressively collect from Debtors post-petition on the unsecured, pre-petition debt.

7. For this purpose, Debtors move this Court to reopen the bankruptcy to allow Debtors to amend their schedules to add Cascade as an unsecured creditor and receive a discharge of this debt.

WHEREFORE, Debtors respectfully request an Order reopening their Chapter 7 Bankruptcy Case to allow them to amend their schedules and include Cascade as an unsecured creditor so that they may receive a discharge of this debt.

DATED: January 11, 2019

/s/ Matthew K. Broadbent

Matthew K. Broadbent
Attorney for Debtors

# Exhibit "J"

Chad C. Rasmussen (13847)
Chase R. Nielson (16913)
ALPINA LEGAL
2230 N University Pkwy, Ste. 7E
Provo, UT 84604
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com
E-mail: chase@AlpinaLegal.com

*Attorney for CASCADE COLLECTIONS LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>TAVARAS LAMAR PEARSON AND DESARAE LASHAE PEARSON (aka/fka DESARAE DIAZ),<br><br>                      Debtors. | **OBJECTION TO MOTION TO REOPEN CHAPTER 7 BANKRUPTCY TO INCLUDE UNSECURED CREDITOR**<br><br>Case No. 16-24465 (Ch. 7)<br><br>Judge: Kevin R. Anderson |

CASCADE COLLECTIONS LLC ("Cascade"), by and through counsel of Alpina Legal, and pursuant to Local Rule 9013-2(e), hereby objects to Debtors' Motion to Reopen Chapter 7 Bankruptcy to Include Unsecured Creditor.

In support of this objection, Cascade responds to the Motion and states as follows:

1. Cascade admits the statements of ¶ 1 of the Motion.

2. Cascade admits the statements of ¶ 2 of the Motion. Cascade adds that a proof of claim deadline of June 21, 2017 existed in the case.

3. Cascade denies the statements of ¶ 3 of the Motion that Titanium was listed in the Debtors' Petition. Cascade does admit that Titanium was listed in the Debtors' filed Schedules. Cascade also adds that it was not listed in the Debtors' Schedules.

4. Cascade denies the statement of ¶ 4 of the Motion that at the time of discharge Titanium Funds ("Titanium") "held a claim for a pre-petition, unsecured debt that was ultimately discharged in the bankruptcy." Titanium's claim against Debtor Desarae Diaz had been previously assigned to Cascade, which subsequently reduced such claim to judgment on February 11, 2013 after she was personally served with process. Debtor Desarae Diaz received notice that Cascade was the judgment creditor for this obligation on multiple occasions prior to Debtors' filing for bankruptcy. Attached hereto as Exhibit "A" is a copy of that Judgment.

5. Cascade admits the statements of ¶ 5 only to the extent that this paragraph reflects Debtors' subjective and unreasonable incorrect understanding.

6. Cascade denies the statements of ¶ 6 to the extent that they imply that Cascade at any time received notice of the bankruptcy prior to the Proof of Claim deadline of June 21, 2017. Cascade first received notice of Debtor's bankruptcy in December 2017. Furthermore, Cascade denies that the Judgment it holds is necessarily the same "claim" that was previously held by Titanium, primarily because it is now the holder.

7. Cascade denies the statements of ¶ 7 of the Motion as granting this motion would circumvent established bankruptcy law and stymie sound public policy. It is unclear what the "purpose" is as stated in ¶ 7, but Cascade objects to the requested relief.

8. Cascade further states that it was neither listed nor scheduled on the schedules filed by Debtor, nor was Cascade notified of the Debtors' bankruptcy in time to timely file a proof of claim by June 21, 2017. Cascade states that the debt it is collecting from Debtor was originated by Lucky's Auto Credit LLC which assigned it to Titanium which assigned it to Cascade. While Titanium was listed on the schedules filed by Debtor, Cascade was

not.  Accordingly, Cascade was not properly listed and was not given any notice of the

Debtor's bankruptcy case.

9.  Cascade initiated a lawsuit against Debtor in Utah Courts on December 26, 2012, prior to

the filing of Debtors' bankruptcy case and, as such, Debtor Desarae Diaz should have no

excuse for why she chose neither to list Cascade nor to give it notice of her bankruptcy

case.  Indeed, the legal standard is that a debtor may not list the original creditor "when

he knows, or ought to know, that another is the present holder of his obligation…" In re

Osofsky, 50 F.2d 241, 243 (S.D.N.Y. 1931); *see also* Columbia Bank v. Birkett, 174

N.E. 112, 66 N.E. 652 102 Am.St.Rep. 478 (N.Y. Ct. App. 1903), aff'd in 195 U.S. 345,

25 S.Ct. 38, 49 L.Ed. 231 (the payee on a note was listed in the debtor's bankruptcy but

not the current holder; held the obtained discharge did not cover the note).

10.  Cascade was first notified of the Debtors' bankruptcy in December 2017, after both the

discharge of Debtors and the deadline for filing proofs of claim, when Cascade's counsel

received an email from Debtors' counsel's office. Attached hereto as Exhibit "B" is copy

of that email.

11.  Given the proof of claim filing deadline in this case of June 21, 2017, the notice Cascade

received in December 2017 is meaningless. Cascade was neither listed nor scheduled on

the schedules filed by Debtor in time to permit a timely filing of a proof of claim and

Cascade's notice and knowledge of the case, including that of its attorney, did not allow

for such a timely filing. The burden is upon the Debtor to prove or show Cascade had

notice or actual knowledge of the Debtor's bankruptcy case sufficient for it to timely file

a proof of claim. *See* U.S., Small Business Admin. v. Bridges, 894 F.2d 108, 111 (5th Cir.

1990) ("The burden of proof rests with [the debtor] to show that the [creditor] had 'notice or actual knowledge' under section 523(a)(3).").

12. Debtor has failed to even put forth evidence of a prima facie showing that Cascade had notice or actual knowledge and, in fact, the evidence extant establishes that December 20, 2017 was the first date that Cascade could possibly have had notice or actual knowledge of Debtor's bankruptcy filing. Given this notice date, Cascade is prejudiced and was unable to participate in the Debtor's bankruptcy for attending the 341 meeting, obtaining 2004 orders, objecting to claimed exemptions, filing motions to dismiss, filing a complaint for any appropriate reason, or, more importantly, filing a proof of claim.

13. This case is similar to the Tenth Circuit Bankruptcy Appellate Panel's ruling in *Dawson v. Unruh (In re Dawson)*, in that pursuant to 11. U.S.C. 523(a)(3), the Debtors' discharge in this case did not discharge Debtor Desarae Diaz from the debt that Cascade is collecting, primarily because a claims bar date exists here, and granting the Debtors' Motion to reopen the case would be improper, resulting in judicial waste. 209 B. R. 246 (10th Cir. BAP 1997)

14. Furthermore, the doctrine of collateral estoppel should prevent Debtors' Motion from being granted. The United States Supreme Court explained in *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), that federal courts traditionally have adhered to the doctrine of collateral estoppel, and "generally have also consistently accorded preclusive effect to issues decided by state courts." *Id.* at 94-95, 101 S.Ct. at 415; *see also Navajo Nation v. District Court for Utah County*, 624 F.Supp. 130, 35-36 (D.Utah 1985). The Court in *Allen* stated: "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue

4

in a suit on a different cause of action involving a party to the first case." 449 U.S. at 94,

101 S.Ct. at 414. On January 15, 2019, the Third District Court for the State of Utah

signed an Order on this same issue, concluding that as "Defendant's [Desarae] judgment

creditor, Plaintiff [Cascade] should have been listed in and given notice by Defendant of

her bankruptcy case," and that "[p]ursuant to 11 U.S.C. 523(a)(3), the discharge entered

in Defendant's bankruptcy does not cover the judgment Plaintiff obtained against her in

this case and, accordingly, the discharge injunction is not applicable to Plaintiff."

Attached hereto as Exhibit "C" is a copy of that Order.  Debtor's argument failed in State

court and she seeks to relitigate the issue again here.

15. The United States District Court for the Southern District of New York aptly stated that

"[I]t is appropriate for a bankruptcy court to consider the merits of the underlying claim

when deciding whether or not to grant a motion to reopen the proceedings. Thus, where

the underlying claim is certain to fail upon a reopening of the proceedings, a bankruptcy

court may properly deny the motion. In addition, courts ordinarily consider 'the benefit to

the debtor, the prejudice to the would-be defendant in the litigation, and the benefit to the

creditors.'" In re Kassover, 448 B.R. 625, 631 (S.D. N.Y. 2011). It is also notable that the

Fifth Circuit has held that a debtor did not exercise reasonable diligence in accurately

scheduling his debts and, as a result, was denied the opportunity to amend his schedules

so that he could obtain a discharge of the debt. Matter of Faden, 96 F.3d 792 (5th Cir.

1996). In light of this, it would be fruitless to reopen this case when the clear meaning

and effect of 11 U.S.C. § 523(a)(3), as applied to Cascade, is that the debt it is collecting

is not discharged and so adding Cascade as a creditor in the Debtors' Schedules would be

a pointless exercise, nor would sanctions be available for Cascade's attempting to collect

the debt.

16. In sum, Debtors' Motion is, in essence, an attempt to allow them to request that this Court

rule that their discharge applies as to Cascade (it is interesting that they have already done

what their Motion seeks by filing on January 15, 2019 an amendment to their Schedules

to add Cascade, which effectively renders their Motion moot). However, Debtors are

attempting to put the cart before the horse because Debtors have failed to show how the

discharge is applicable to Cascade. The reason is simple: the Debtors have no actual

evidence of how Cascade is subject to the discharge. Further, as this dispute/issue has

already been settled in Cascade's favor, reopening this case to ultimately relitigate the

issue can only result in a waste of this Court's time and resources as well as Cascade's.

WHEREFORE, Cascade respectfully requests that this Court deny the Debtors' Motion

because Debtors have failed to establish that the discharge order is applicable to Cascade and

granting the Motion will result in waste of judicial resources and the time and money of all

interested parties. Furthermore, Cascade respectfully requests that in its Order it provide that

Debtors' recent amendment of their Schedules to list/include Cascade and its legal counsel has

no effect.

DATED this 28th day of January, 2019.

/s/ Chase R. Nielson
Chase R. Nielson

CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of January, 2019, I sent a copy of the foregoing

Objection via the Electronic Case Filing System to the following:

Matthew K. Broadbent
matt@vannovalegal.com, vannova.ecf@gmail.com, broadbentmr74548@notify.bestcase.com,
vannovalegal@ecf.courtdrive.com, encoreresss.inbound@gmail.com,
ecfarchive@vannovalegal.com

Stephen W. Rupp
rupptrustee@mbt-law.com, UT03@ecfcbis.com

United States Trustee
USTPRegion19.SK.ECF@usdoj.gov

/s/ Chase R. Nielson
Chase R. Nielson

**Exhibit "A"**

Chad Rasmussen (13847)
ALPINA LEGAL
350 E Center Street #7
Provo, UT 84606
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

*Attorney for Plaintiff*

IN THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| CASCADE COLLECTIONS LLC, a Utah Limited Liability Company, | **DEFAULT JUDGMENT** |
| Plaintiff, | |
| v. | Case No. 129918006 |
| DESARAE DIAZ, an individual, | Judge: COLLECTION |
| Defendant(s). | |

In accordance with Utah Rule of Civil Procedure 55(b)(1), and in response to Plaintiff's request for entry of default judgment, judgment by default in favor of the Plaintiff is hereby entered against the Defendant, for the sum of $3,238.44 plus interest of $505.51 plus costs of $210.00 plus attorney fees of $550.00, a total judgment of $4,503.95 with interest on the total judgment at a rate of 24.88% per annum after the day of the judgment.

IT IS FURTHER ORDERED that this judgment may be augmented in the amount of

1

reasonable costs and attorney fees expended in collection of the total judgment by execution or

otherwise as shall be established by affidavit.

DATED this _____ day of _____, 20___

_____
Clerk of the Court

**Dated:** February 11, 2013          /s/   Jacqueline M. Carter
          04:13:27 PM                    District Court Clerk

2

**Exhibit "B"**

    **Chad Rasmussen <chad.rasmussen@gmail.com>**

---

## [18458] Desarae & Tavaras Pearson - BK7 #16-24465 * Notice of Filing

**BK Paralegal** <bkparalegal@vannovalegal.com>                      Wed, Dec 20, 2017 at 11:24 AM
To: "chad@alpinalegal.com" <chad@alpinalegal.com>

Hello,

Attached you will find the Notice of Filing for the debtors listed above with Case No. 129918006.

Feel free to contact our office for any questions or concerns regarding this matter.

Thank you,

**Legal Assistant**



49 West 9000 South

Sandy, UT 84070

T: 801-415-9800

F: 801-415-9818

**www.VannovaLegal.com**

This transmission (including any attachments) may contain confidential information, privileged material (including material protected by the attorney-client or other applicable privilege), or constitute non-public information.  Any use of this information by anyone other than the intended recipient is prohibited.  If you have received this transmission in error, please immediately reply to the sender and delete this information from your system.  Use, dissemination, distribution, or reproduction of this transmission by unintended recipients is not authorized and may be unlawful.

---


**NoticeOfFiling.pdf**
123K

**Exhibit "C"**

The Order of the Court is stated below:
Dated:  January 15, 2019        /s/   ANDREW H STONE
                03:49:52 PM              District Court Judge

Chad C. Rasmussen (UT - 13847)
ALPINA LEGAL
2230 N University Pkwy., Ste. 7E
Provo, UT 84604
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

*Attorney for Plaintiff*

IN THE SALT LAKE CITY DEPT. OF THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH
**450 S State St., Salt Lake City, UT 84111 - 801-238-7300**

| | |
|---|---|
| CASCADE COLLECTIONS LLC, | **ORDER ON MOTIONS TO QUASH BENCH WARRANT, TO STRIKE AFFIDAVITS, AND TO SUBSTITUTE DECLARATIONS FOR AFFIDAVIT** |
| Plaintiff, | |
| v. | Case No. 129918006 |
| DESARAE DIAZ, | Judge: ANDREW H STONE |
| Defendant. | |
| | 2013-LCKYS-1484 |

Defendant's MOTION TO QUASH BENCH WARRANT and MOTION TO STRIKE

"AFFIDAVITS" OF CHAD RASMUSSEN AND DIANA TARTAGLIA, and Plaintiff's

MOTION TO SUBSTITUTE DECLARATIONS FOR AFFIDAVIT have been filed. On January

3, 2019, this Court held a hearing on these Motions at which counsel for Plaintiff Chad

Rasmussen appeared and counsel for Defendant Russell Skousen appeared. The Court having

read and heard the arguments and evidence of counsel as presented in their briefing and at the

hearing, and the Court having read the file herein and being fully advised , and good cause

appearing therefor;

THE COURT FINDS AND CONCLUDES as follows:

1

1. Defendant was personally served with a summons and complaint in this case as evidenced by the summons on return filed in this case.

2. Defendant has failed to show by clear and convincing evidence that she was not personally served with a summons and complaint in this case.

3. Plaintiff obtained a judgment against Defendant and became her judgment creditor on February 11, 2013, and notice of the judgment was given to her.

4. Over three years after judgment was entered against her, Defendant filed a petition for bankruptcy in the Utah Bankruptcy Court, which was assigned case number 16-24465.

5. Plaintiff was not listed as a creditor in her bankruptcy case, although the original creditor of the debt the judgment was based upon was listed by Defendant in her bankruptcy.

6. As Defendant's judgment creditor, Plaintiff should have been listed in and given notice by Defendant of her bankruptcy case.

7. On August 31, 2016, Defendant obtained a discharge in her bankruptcy case.

8. Plaintiff did not have notice of Defendant's bankruptcy case prior to the deadline of filing proofs of claim of June 21, 2017.

9. Plaintiff first received notice of Defendant's bankruptcy case on December 20, 2017 and therefore Plaintiff did not have notice in time to file a proof of claim by the June 21, 2017 deadline.

10. Pursuant to 11 U.S.C. 523(a)(3), the discharge entered in Defendant's bankruptcy does not cover the judgment Plaintiff obtained against her in this case and, accordingly, the discharge injunction is not applicable to Plaintiff.

IT IS HEREBY FURTHER ORDERED that Defendant's MOTION TO QUASH

2

BENCH WARRANT and MOTION TO STRIKE "AFFIDAVITS" OF CHAD RASMUSSEN

AND DIANA TARTAGLIA are denied, and Plaintiff's MOTION TO SUBSTITUTE

DECLARATIONS FOR AFFIDAVIT is granted, and the Court's Bench Warrant issued

February 28, 2018 is still valid and enforceable and Plaintiff may proceed to serve such upon

Defendant.

---END OF DOCUMENT---
(Signature appears at the top of the first page.)

APPROVED AS TO FORM VIA EMAIL:

/s/ Russell C. Skousen
Russell C. Skousen


/s/ Chad C. Rasmussen
Chad C. Rasmussen

3

*Certificate of Service*

I certify that on January 7, 2019, I served a copy of this proposed Order via email to the following:

Russell C. Skousen, Utah Bar No. 6441
SKOUSEN LAW, PLLC
10808 S. River Front Parkway, Ste. 310
South Jordan, UT 84095
Telephone: (801) 505-9980
Fax: (801) 907-7241
Email: rskousen@skousenlawfirm.com

/s/ Chad C. Rasmussen                    
Chad C. Rasmussen

4

# Exhibit "K"

The Order of the Court is stated below:
Dated:  January 15, 2019                /s/   ANDREW H STONE
       03:49:52 PM                              District Court Judge

Chad C. Rasmussen (UT - 13847)
ALPINA LEGAL
2230 N University Pkwy., Ste. 7E
Provo, UT 84604
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

*Attorney for Plaintiff*

IN THE SALT LAKE CITY DEPT. OF THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH
**450 S State St., Salt Lake City, UT 84111 - 801-238-7300**

| | |
|---|---|
| CASCADE COLLECTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>DESARAE DIAZ,<br><br>Defendant. | **ORDER ON MOTIONS TO QUASH BENCH WARRANT, TO STRIKE AFFIDAVITS, AND TO SUBSTITUTE DECLARATIONS FOR AFFIDAVIT**<br><br>Case No. 129918006<br><br>Judge: ANDREW H STONE<br><br>2013-LCKYS-1484 |

Defendant's MOTION TO QUASH BENCH WARRANT and MOTION TO STRIKE

"AFFIDAVITS" OF CHAD RASMUSSEN AND DIANA TARTAGLIA, and Plaintiff's

MOTION TO SUBSTITUTE DECLARATIONS FOR AFFIDAVIT have been filed. On January

3, 2019, this Court held a hearing on these Motions at which counsel for Plaintiff Chad

Rasmussen appeared and counsel for Defendant Russell Skousen appeared. The Court having

read and heard the arguments and evidence of counsel as presented in their briefing and at the

hearing, and the Court having read the file herein and being fully advised , and good cause

appearing therefor;

THE COURT FINDS AND CONCLUDES as follows:

1

1. Defendant was personally served with a summons and complaint in this case as evidenced by the summons on return filed in this case.

2. Defendant has failed to show by clear and convincing evidence that she was not personally served with a summons and complaint in this case.

3. Plaintiff obtained a judgment against Defendant and became her judgment creditor on February 11, 2013, and notice of the judgment was given to her.

4. Over three years after judgment was entered against her, Defendant filed a petition for bankruptcy in the Utah Bankruptcy Court, which was assigned case number 16-24465.

5. Plaintiff was not listed as a creditor in her bankruptcy case, although the original creditor of the debt the judgment was based upon was listed by Defendant in her bankruptcy.

6. As Defendant's judgment creditor, Plaintiff should have been listed in and given notice by Defendant of her bankruptcy case.

7. On August 31, 2016, Defendant obtained a discharge in her bankruptcy case.

8. Plaintiff did not have notice of Defendant's bankruptcy case prior to the deadline of filing proofs of claim of June 21, 2017.

9. Plaintiff first received notice of Defendant's bankruptcy case on December 20, 2017 and therefore Plaintiff did not have notice in time to file a proof of claim by the June 21, 2017 deadline.

10. Pursuant to 11 U.S.C. 523(a)(3), the discharge entered in Defendant's bankruptcy does not cover the judgment Plaintiff obtained against her in this case and, accordingly, the discharge injunction is not applicable to Plaintiff.

IT IS HEREBY FURTHER ORDERED that Defendant's MOTION TO QUASH

2

BENCH WARRANT and MOTION TO STRIKE "AFFIDAVITS" OF CHAD RASMUSSEN

AND DIANA TARTAGLIA are denied, and Plaintiff's MOTION TO SUBSTITUTE

DECLARATIONS FOR AFFIDAVIT is granted, and the Court's Bench Warrant issued

February 28, 2018 is still valid and enforceable and Plaintiff may proceed to serve such upon

Defendant.

---END OF DOCUMENT---
(Signature appears at the top of the first page.)

APPROVED AS TO FORM VIA EMAIL:

/s/ Russell C. Skousen
Russell C. Skousen


/s/ Chad C. Rasmussen
Chad C. Rasmussen

3

*Certificate of Service*

I certify that on January 7, 2019, I served a copy of this proposed Order via email to the following:

Russell C. Skousen, Utah Bar No. 6441
SKOUSEN LAW, PLLC
10808 S. River Front Parkway, Ste. 310
South Jordan, UT 84095
Telephone: (801) 505-9980
Fax: (801) 907-7241
Email: rskousen@skousenlawfirm.com


/s/ Chad C. Rasmussen
Chad C. Rasmussen

4

# Exhibit "L"

Matthew K. Broadbent (9667)
Logan E. Finlay (16815)
Vannova Legal, PLLC
49 West 9000 South
Sandy, Utah 84070
Telephone: (801) 415-9800
Facsimile: (801) 415-9818
Email: law@VannovaLegal.com
*Counsel for Debtor*

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH
### Central Division

| In re: | Case No.: 16-24465 |
|---|---|
| **Desarae LaShae Pearson and Tavaras LaMar Pearson** | Chapter 7 |
| Debtors. | Judge Kevin R. Anderson |

---

### MOTION TO REOPEN CASE WITHOUT THE APPOINTMENT OF A TRUSTEE TO DETERMINE DISCHARGEABILITY OF A PREPETITION CLAIM

Debtor, Desarae Lashae Pearson, ("Debtor"), by and through counsel and pursuant to 11 U.S.C. § 350, and § 5010 of the Federal Bankruptcy Code and Rules of Procedure, respectfully files this Motion to Reopen Case Without the Appointment of a Trustee to Determine Dischargeability of a Prepetition Claim (the "Motion") in the above-captioned Chapter 7 case ("Case") in order to obtain a determination of this Court regarding the dischargeability of a debt. The Motion is filed because a dispute has arisen regarding the dischargeability of a debt belonging to Titanium Funds L.L.C. ("Titanium"), a creditor originally included in Schedule E/F filed on the Petition Date. The Debtor intends to pursue discovery to clarify the ownership of the debt and, if the evidence warrants, to file an adversary proceeding for declaratory judgment determining the debt discharged pursuant to Federal Rules of Bankruptcy Procedure Rule 4007. In support of this Motion, the Debtors represent as follows:

1

1.      On August 1, 2011, Debtor entered into a purchase agreement ("Purchase Agreement") (attached as Exhibit A) with Lucky's Auto Credit, LLC ("Lucky's Auto") for the purchase of a 1996 Chrysler Concorde for $5,694.79. The vehicle served as collateral for a loan (the "Debt"), and thereafter, Lucky's Auto assigned the rights of the Debt (the "Claim") to Titanium.

2.      On May 23, 2016 ("Petition Date"), the above-named debtors filed the Case.

3.      On the Petition Date, the above-named debtors included Titanium's Claim on Schedule E/F: Creditors Who Have Unsecured Claims (See Docket No. 5, p. 33).

4.      On August 31, 2016, this Court issued a Discharge Order which enjoined the collection of all dischargeable prepetition debts pursuant to 11 U.S.C. § 524(a).

5.      The Debtor has reason to believe the Debt was owned by Titanium at the time the petition was filed, knows that Titanium's Claim was included in the Petition and, therefore, believes the Debt discharged and is subject to the permanent injunction of 11 U.S.C. § 524(a).

6.      On January 2, 2018, this Court ordered the Bankruptcy Case closed.

7.      Pursuant to 11 U.S.C. §350(b), "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

8.      Despite the issuance of the Discharge Order, efforts have been made to collect on the Claim post-discharge, and as a result, a dispute ("Dispute") has arisen regarding the dischargeability of the Claim. The Debtor is scheduled to appear in the Utah State district court on Wednesday, June 26, 2019, to give a full accounting of her assets.

9.      To resolve the Dispute, Debtor seeks to reopen the Case to allow her to resolve the question of dischargeability before this court, which has exclusive jurisdiction over the question pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (I), by pursuing discovery and, if

2

appropriate, filing an adversary complaint pursuant to 11 U.S.C. § 4007.

10.     The Debtor contends that notice and opportunity to other creditors and parties

listed on the mailing matrix, with the exception of Titanium, the U.S. Trustee, and the Chapter 7

Trustee, is unnecessary for the purpose of reopening this Bankruptcy Case. Additionally, no fee

should be assessed to reopen this case because this action is brought in relation to the

enforcement of Debtors' discharge.

WHEREFORE, the Debtor requests this Court grant the Motion without the appointment

of a trustee.

Dated:  April 11, 2019

VANNOVA LEGAL, PLLC


_____ /s/ _____

Logan E. Finlay
Counsel for Debtor

3

# Exhibit "M"

Chad C. Rasmussen (13847)
Chase R. Nielson (16913)
ALPINA LEGAL
2230 N University Pkwy, Ste. 7E
Provo, UT 84604
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com
E-mail: chase@AlpinaLegal.com

*Attorney for CASCADE COLLECTIONS LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>TAVARAS LAMAR PEARSON AND<br>DESARAE LASHAE PEARSON (aka/fka<br>DESARAE DIAZ),<br><br>                    Debtors. | **OBJECTION TO MOTION TO REOPEN CASE WITHOUT THE APPOINTMENT OF A TRUSTEE TO DETERMINE DISCHARGEABILITY OF A PREPETITION CLAIM**<br><br>Case No. 16-24465 (Ch. 7)<br><br>Judge: Kevin R. Anderson |

CASCADE COLLECTIONS LLC ("Cascade"), by and through counsel of Alpina Legal,

and pursuant to Local Rule 9013-2(e), hereby objects to Debtors' Motion to Reopen Case

Without the Appointment of a Trustee to Determine Dischargeability of a Prepetition Claim (the

"Motion").

In support of this objection, Cascade responds to the Motion and states as follows:

1. This is the second such motion that Debtors have filed. On January 11, 2019 Debtors

   filed a very similar motion regarding Cascade's judgment that it is attempting to collect

   on. However Debtors withdrew such motion on March 18, 2019 after continuing the

original hearing on the motion two separate times and after Cascade had filed an objection to such motion.

2. Cascade admits the statements of ¶ 1 of the Motion but denies that any exhibit was included with the Motion. Cascade also asserts and states that the original debt was ultimately assigned to Cascade by Titanium Funds LLC ("Titanium") on or about June 9, 2012.

3. Cascade admits the statements of ¶ 2 of the Motion. Cascade adds that a proof of claim deadline of June 21, 2017 existed in the case.

4. Cascade admits the statements of ¶ 3 of the Motion that Titanium was listed in the Debtors' filed Schedules. Cascade also asserts and states that it was not listed in the Debtors' Schedules as originally filed. It was only January 15, 2019 when Debtors filed an amended Schedule E/F to include Cascade at a time when the case was closed and it has not been reopened to allow such amendment.

5. Cascade admits the statement of ¶ 4 of the Motion that the discharge covered "all dischargeable prepetition debts." However, Cascade asserts and states that such discharge did not cover the debt once held by Titanium because it had been previously assigned to Cascade, which subsequently reduced such claim to judgment on February 11, 2013 after Debtor Desarae Diaz was personally served with process. Debtor Desarae Diaz received notice that Cascade was the judgment creditor for this obligation on multiple occasions prior to Debtors' filing for bankruptcy. Notice of the judgment was sent to her on February 11, 2013 and then again a copy of the judgment was sent to her on June 23, 2014 with a Motion. Attached hereto as Exhibit "A" is a copy of the Proof of Service of the Summons, the Judgment, the Notice of Judgment, and the Motion.

2

6.  Cascade denies the statements of ¶ 5. Debtor Desarae Diaz did not have reason to have the belief she did because of the fact that she was personally served with a summons in the state court case and judgment was entered against over three years prior to her filing her bankruptcy petition. Furthermore, Debtor Desarae Diaz's subjective belief or intent to have the debt discharged does not displace the plain provisions of the Bankruptcy Code.

7.  Cascade admits the statements of ¶ 6.

8.  Cascade admits the statements of ¶ 7 to the extent they correctly reflect the cited code section.

9.  Cascade admits the statements of ¶ 8 to the extent that efforts by Cascade have been expended to collect the judgment it has obtained; however the statements are denied to the extent that they imply Titanium has put forth efforts to collect on its "Claim" post-discharge. Furthermore, it is denied that a "Dispute" has arisen regarding the dischargeability as set forth below.

10. Cascade admits the statements of ¶ 9 to the extent that it accurately reflects the Debtor's "desire"; however, Cascade denies that this court has exclusive jurisdiction over the issue of dischargeabilty of debts. In fact, 28 U.S.C. § 1334 states that federal district courts have original "but not exclusive jurisdiction" of all proceedings arising under Title 11 of the United States Code. In particular state courts have concurrent jurisdiction over determining dischargeability of unlisted debts pursuant to 11 U.S.C. § 523(a)(3). *See In re McGhan*, 288 F.3d 1172 (9th Cir. 2002) ("Federal courts have exclusive jurisdiction over §§ 523(a) (6) (nondischargeability of willful and malicious injury) and 523(c) (1) (adequacy of notice to a listed creditor) of the code, **whereas state and federal courts**

**have concurrent jurisdiction over § 523(a) (3) (unlisted or unscheduled debt) proceedings.**" *Id.* at 1176 (bold emphasis added).).

11. Cascade admits the statements of ¶ 9 to the extent that it accurately reflects the Debtor's contention, but denies that notice need only be given to Titanium. Clearly Cascade should be given notice, and Cascade trusts this Court in its discretion can determine proper notice.

12. Cascade further states that it was neither listed nor scheduled on the schedules filed by Debtor, nor was Cascade notified of the Debtors' bankruptcy in time to timely file a proof of claim by June 21, 2017. Cascade states that the debt it is collecting from Debtor was originated by Lucky's Auto Credit LLC which assigned it to Titanium which assigned it to Cascade. While Titanium was listed on the schedules filed by Debtor, Cascade was not. Accordingly, Cascade was not properly listed and was not given any notice of the Debtor's bankruptcy case or the opportunity to file a timely proof of claim.

13. Cascade initiated a lawsuit against Debtor in Utah Courts on December 26, 2012, prior to the filing of Debtors' bankruptcy case and, as such, Debtor Desarae Diaz should have no excuse for why she chose neither to list Cascade nor to give it notice of her bankruptcy case. Indeed, the legal standard is that a debtor may not list the original creditor "when he knows, or ought to know, that another is the present holder of his obligation…" *In re Osofsky*, 50 F.2d 241, 243 (S.D.N.Y. 1931); *see also Columbia Bank v. Birkett*, 174 N.Y. 112, 66 N.E. 652 102 Am.St.Rep. 478 (N.Y. Ct. App. 1903), *aff'd* in 195 U.S. 345, 25 S.Ct. 38, 49 L.Ed. 231 (the payee on a note was listed in the debtor's bankruptcy but not the current holder; held the obtained discharge did not cover the note).

4

14. Cascade was first notified of the Debtors' bankruptcy in December 2017, after both the

discharge of Debtors and the deadline for filing proofs of claim, when Cascade's counsel

received an email from Debtors' counsel's office. Attached hereto as Exhibit "B" is copy

of that email.

15. Given the proof of claim filing deadline in this case of June 21, 2017, the notice Cascade

received in December 2017 is meaningless. Cascade was neither listed nor scheduled on

the schedules filed by Debtor in time to permit a timely filing of a proof of claim and

Cascade's notice and knowledge of the case, including that of its attorney, did not allow

for such a timely filing. The burden is upon the Debtor to prove or show Cascade had

notice or actual knowledge of the Debtor's bankruptcy case sufficient for it to timely file

a proof of claim. *See U.S., Small Business Admin. v. Bridges*, 894 F.2d 108, 111 (5th Cir.

1990) ("The burden of proof rests with [the debtor] to show that the [creditor] had 'notice

or actual knowledge' under section 523(a)(3)."). Debtor has not shown that Cascade had

timely notice, and the reason is because such timely notice is nonexistent.

16. Debtor has failed to even put forth evidence of a prima facie showing that Cascade had

notice or actual knowledge and, in fact, the evidence extant establishes that December 20,

2017 was the first date that Cascade could possibly have had notice or actual knowledge

of Debtor's bankruptcy filing. Given this notice date, Cascade is prejudiced and was

unable to participate in the Debtor's bankruptcy for attending the 341 meeting, obtaining

2004 orders, objecting to claimed exemptions, filing motions to dismiss, filing a

complaint for any appropriate reason, or, more importantly, filing a proof of claim.

17. This case is similar to the Tenth Circuit Bankruptcy Appellate Panel's ruling in *Dawson*

*v. Unruh (In re Dawson)*, in that pursuant to 11. U.S.C. 523(a)(3), the Debtors' discharge

5

in this case did not discharge Debtor Desarae Diaz from the debt that Cascade is

collecting, primarily because a claims bar date exists here, and granting the Debtors'

Motion to reopen the case would be improper, resulting in judicial waste. 209 B. R. 246

(10th Cir. BAP 1997)

18. Furthermore, the doctrine of collateral estoppel should prevent Debtors' Motion from

being granted and from seeking a determination of dischargeability from this Court. The

United States Supreme Court explained in *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411,

66 L.Ed.2d 308 (1980), that federal courts traditionally have adhered to the doctrine of

collateral estoppel, and "generally have also consistently accorded preclusive effect to

issues decided by state courts." *Id.* at 94-95, 101 S.Ct. at 415; *see also Navajo Nation v.*

*District Court for Utah County*, 624 F.Supp. 130, 35-36 (D.Utah 1985). The Court in

*Allen* stated: "Under collateral estoppel, once a court has decided an issue of fact or law

necessary to its judgment, that decision may preclude relitigation of the issue in a suit on

a different cause of action involving a party to the first case." 449 U.S. at 94, 101 S.Ct. at

414.

19. On January 15, 2019, the Third District Court for the State of Utah signed an Order on

this same issue, concluding that as "Defendant's [Desarae] judgment creditor, Plaintiff

[Cascade] should have been listed in and given notice by Defendant of her bankruptcy

case," and that "[p]ursuant to 11 U.S.C. 523(a)(3), the discharge entered in Defendant's

bankruptcy does not cover the judgment Plaintiff obtained against her in this case and,

accordingly, the discharge injunction is not applicable to Plaintiff." Attached hereto as

Exhibit "C" is a copy of that Order. Debtor's argument failed in State court and she seeks

to relitigate the issue again here.

20. The United States District Court for the Southern District of New York aptly stated that
"[I]t is appropriate for a bankruptcy court to consider the merits of the underlying claim
when deciding whether or not to grant a motion to reopen the proceedings. Thus, where
the underlying claim is certain to fail upon a reopening of the proceedings, a bankruptcy
court may properly deny the motion. In addition, courts ordinarily consider 'the benefit to
the debtor, the prejudice to the would-be defendant in the litigation, and the benefit to the
creditors.'" *In re Kassover*, 448 B.R. 625, 631 (S.D. N.Y. 2011). It is also notable that the
Fifth Circuit has held that a debtor did not exercise reasonable diligence in accurately
scheduling his debts and, as a result, was denied the opportunity to amend his schedules
so that he could obtain a discharge of the debt. *Matter of Faden*, 96 F.3d 792 (5th Cir.
1996). In light of this, it would be fruitless to reopen this case when the clear meaning
and effect of 11 U.S.C. § 523(a)(3), as applied to Cascade, is that the debt it is collecting
is not discharged and so adding Cascade as a creditor in the Debtors' Schedules would be
a pointless exercise, nor would sanctions be available for Cascade's attempting to collect
the debt.

21. In sum, Debtors' Motion is, in essence, an attempt to allow them to request that this Court
rule that their discharge applies as to Cascade. However, Debtors are attempting to put
the cart before the horse because Debtors have failed to show how the discharge is
applicable to Cascade. The reason is simple: the Debtors have no actual evidence of how
Cascade is subject to the discharge. Further, as this dispute/issue has already been settled
in Cascade's favor in state court proceedings, reopening this case to ultimately relitigate
the issue can only result in a waste of this Court's time and resources as well as
Cascade's.

7

WHEREFORE, Cascade respectfully requests that this Court deny the Debtors' Motion because Debtors have failed to establish that the discharge order is applicable to Cascade and granting the Motion will result in waste of judicial resources and the time and money of all interested parties. Furthermore, Cascade respectfully requests that in its Order it provide that Debtors' recent amendment of their Schedules to list/include Cascade and its legal counsel has no effect on the discharge previously entered by the Court.

DATED this 12th day of April, 2019.

/s/ Chad C. Rasmussen
Chad C. Rasmussen

CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April, 2019, I sent a copy of the foregoing

Objection via the Electronic Case Filing System to the following:

Matthew K. Broadbent
matt@vannovalegal.com, vannova.ecf@gmail.com, broadbentmr74548@notify.bestcase.com,
vannovalegal@ecf.courtdrive.com, encoreresss.inbound@gmail.com,
ecfarchive@vannovalegal.com

Logan E. Finlay
Logan@VannovaLegal.com

Chase R. Nielson
chase@alpinalegal.com, contact@alpinalegal.com, Chad@alpinalegal.com

Stephen W. Rupp
rupptrustee@mbt-law.com, UT03@ecfcbis.com

United States Trustee
USTPRegion19.SK.ECF@usdoj.gov

/s/ Chad C. Rasmussen
Chad C. Rasmussen

**Exhibit "A"**

Serve DESARAE DIAZ: (801) 205-5041, 801-649-8989
1264 River Bed Dr. #1228
West Valley City, UT 84119

Chad Rasmussen (13847)
ALPINA LEGAL
350 E Center Street #7
Provo, UT 84606
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

Attorney for *Plaintiff*

IN THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| CASCADE COLLECTIONS LLC, a Utah Limited Liability Company, | **10-DAY SUMMONS** |
| Plaintiff, | |
| v. | Case No. |
| DESARAE DIAZ, an individual, | Judge: |
| Defendant(s). | |

THE STATE OF UTAH TO DESARAE DIAZ:

You are summoned and required to answer the attached complaint. Within 20 days after service of this summons, you must file your written answer with the clerk of the court at the following address: 450 South State St, Salt Lake City, UT 84114, and you must mail or deliver a copy to plaintiff's attorney at the address listed above. If you fail to do so, judgment by default may be taken against you for the relief demanded in the complaint. Within 10 business days after service of this summons on you, the complaint will be filed with the clerk of the court. If the complaint is not filed with the court within 10 business days after service of this summons upon you, then you do not need to file an answer to the complaint. You may call the clerk of the court at 801-238-7300 at least 13 days after service of this summons upon you to determine if the complaint has been filed.

DATED this __12th__ day of December, 2012

_/s/ Chad Rasmussen_
Chad Rasmussen

STATE OF UTAH    )            AFFIDAVIT OF SERVICE
COUNTY OF SALT LAKE )
I hereby make return and certify that I am a Private Investigator in the
State of Utah and not a party to this action.


I received the following process on _12/14/_2012  and served the within and
hereto annexed:

__X_ Summons & Complaint ( _10_ Day)  ____ Writ of Execution

____ Supp order                    Bench Warrant

____ Order to show cause            Other


upon _Desarae Diaz_
the within named Defendant, by delivering to and leaving said process with

__X_Defendant personally,        DESCRIPTION: HEIGHT: _A_  AGE: _120's 30's_
                                 (APPROX)
                                              WEIGHT: _H_  HAIR: _Brn_

                                              OTHER: _____

_____, a person of suitable
age and discretion, residing at the listed resident of said Defendant
at _1264 River bed Dr. #1228 WVCUT 84119_ _____Utah on _12/16_/2012.

I further certify that at the time of service of the said article(s), I
endorsed the date and place of service and added my name and official
title, if any, thereto.

Active Military ___yes _X_no ___wouldn't say


PRIVATE INVESTIGATOR: Rick Gallegos

                                        MILES 1 WAY:_____

SUBSCRIBED TO BEFORE ME THIS            # OF TRIPS :_____
__17th_ DAY OF _Dec._, 2012.            TOTAL MILES:_____


NOTARY PUBLIC
                                        SERVICE FEE:$ _25_
        STATE OF UTAH NOTARY PUBLIC
            KENZIE PALMER              MILEAGE FEE:$ _—_
         COMMISSION # 660593
        MY COMMISSION EXPIRES          TOTAL FEE  :$ _25_
            11-25-2016

Chad Rasmussen (13847)
ALPINA LEGAL
350 E Center Street #7
Provo, UT 84606
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

*Attorney for Plaintiff*

IN THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| CASCADE COLLECTIONS LLC, a Utah Limited Liability Company, | **DEFAULT JUDGMENT** |
| Plaintiff, | |
| v. | Case No. 129918006 |
| DESARAE DIAZ, an individual, | Judge: COLLECTION |
| Defendant(s). | |

In accordance with Utah Rule of Civil Procedure 55(b)(1), and in response to Plaintiff's request for entry of default judgment, judgment by default in favor of the Plaintiff is hereby entered against the Defendant, for the sum of $3,238.44 plus interest of $505.51 plus costs of $210.00 plus attorney fees of $550.00, a total judgment of $4,503.95 with interest on the total judgment at a rate of 24.88% per annum after the day of the judgment.

IT IS FURTHER ORDERED that this judgment may be augmented in the amount of

1

reasonable costs and attorney fees expended in collection of the total judgment by execution or

otherwise as shall be established by affidavit.

DATED this _____ day of _____, 20___

_____
Clerk of the Court

**Dated:**  February 11, 2013          /s/  Jacqueline M. Carter
            04:13:27 PM                      District Court Clerk

2

Chad Rasmussen (13847)
ALPINA LEGAL
350 E Center Street #7
Provo, UT 84606
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

_Attorney for Plaintiff_

IN THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| CASCADE COLLECTIONS LLC, a Utah Limited Liability Company, | **NOTICE OF JUDGMENT** |
| Plaintiff, | |
| v. | Case No. 129918006 |
| DESARAE DIAZ, an individual, | Judge: COLLECTION |
| Defendant(s). | |

In accordance with Utah Rules of Civil Procedure 5(a)(2)(D) and/or 58A(d), Plaintiff

hereby gives notice to all parties to this action that on February 11, 2013, the court signed and

entered judgment against the Defendant(s).

DATED this __11th__ day of February, 2013

_/s/ Chad Rasmussen_
Chad Rasmussen

_Certificate of Service_

I certify that on February 11, 2013, I gave notice of the signing and entry of judgment in
this action by mailing a copy of the Notice of Default Judgment to Defendant(s) DESARAE
DIAZ at 1264 River Bed Dr. #1228, West Valley City, UT 84119.

_/s/ Chad Rasmussen_
Chad Rasmussen

Chad Rasmussen (13847)
ALPINA LEGAL
350 E Center Street #7
Provo, UT 84606
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

*Attorney for Plaintiff*

IN THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| CASCADE COLLECTIONS LLC, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>DESARAE DIAZ, an individual,<br><br>Defendant. | **MOTION FOR ORDER REQUIRING UTAH UNEMPLOYMENT INSURANCE DIVISION TO DISCLOSE EMPLOYMENT INFORMATION**<br><br>Case No. 129918006<br><br>Judge: COLLECTION |

Plaintiff by and through its counsel Alpina Legal hereby moves the Court to enter an

order, pursuant to Utah Code 35A-4-314, requiring the Utah Department of Workforce Services,

Unemployment Insurance Division ("Division") to disclose the Judgment Debtor Desarae Diaz's

last known employer's name and address. This motion is based on the following grounds:

1. Judgment in favor of Plaintiff, who is the Judgment Creditor, was entered against

    Desarae Diaz on February 11, 2013. A copy of this judgment is included as Exhibit "A."

2. To date, this Judgment remains unsatisfied.

3. Utah Code 35A-4-314 provides that the Division "shall disclose to a creditor who has

    obtained judgment against a debtor the name and address of the last known employer of

    the debtor" if the creditor obtains a court order requiring such disclosure and, after such

1

order is entered, the creditor provides the Division with a copy of the order, enters into a written agreement with the Division, pays a reasonable fee to the Division for complying with the order, and complies with data safeguard and security measures to protect the disclosed information.

4. Utah Code 35A-4-314(2) states that the Court "shall grant an order to disclose the information" if following occurs:

    i.    Plaintiff files a motion with the Court;

    ii.    Plaintiff includes a copy of the judgment against the Judgment Debtor Desarae Diaz;

    iii.    Plaintiff serves a copy of the motion upon the Judgment Debtor and upon the Division;

    iv.    The Judgment Debtor and the Division have an opportunity to respond; and

    v.    No objection to the motion is sustained by the Court.

5. Plaintiff has or will have satisfied the requirements of Utah Code 35A-4-314(2) by filing and serving this Motion upon Judgment Debtor Desarae Diaz and the Utah Unemployment Insurance Division.

Therefore, Plaintiff requests that this Court enter an order requiring the Utah Department of Workforce Services, Unemployment Insurance Division to disclose the last known name and address of the employer of Judgment Debtor Desarae Diaz.

DATED this 20th day of June, 2014.

/s/ Chad Rasmussen
Chad Rasmussen

CERTIFICATE OF SERVICE

2

        I hereby certify that on the 20th day of June, 2014, I sent a copy of this MOTION FOR
ORDER REQUIRING UTAH UNEMPLOYMENT INSURANCE DIVISION TO DISCLOSE
EMPLOYMENT INFORMATION by first-class mail, postage pre-paid, to the following:

Desarae Diaz
1264 River Bed Dr. #1228
West Valley City, UT 84119

Kathleen Bounous – via electronic mail only
Utah Department of Workforce Services
Unemployment Insurance Division
kbounous@utah.gov
mlmartinez@utah.gov

                                                    /s/ Chad Rasmussen
                                                    Chad Rasmussen

**Exhibit A**

Chad Rasmussen (13847)
ALPINA LEGAL
350 E Center Street #7
Provo, UT 84606
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

_Attorney for Plaintiff_

IN THE THIRD JUDICIAL DISTRICT COURT
SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| CASCADE COLLECTIONS LLC, a Utah Limited Liability Company, | **DEFAULT JUDGMENT** |
| Plaintiff, | |
| v. | Case No. 129918006 |
| DESARAE DIAZ, an individual, | Judge: COLLECTION |
| Defendant(s). | |

In accordance with Utah Rule of Civil Procedure 55(b)(1), and in response to Plaintiff's request for entry of default judgment, judgment by default in favor of the Plaintiff is hereby entered against the Defendant, for the sum of $3,238.44 plus interest of $505.51 plus costs of $210.00 plus attorney fees of $550.00, a total judgment of $4,503.95 with interest on the total judgment at a rate of 24.88% per annum after the day of the judgment.

IT IS FURTHER ORDERED that this judgment may be augmented in the amount of

1

reasonable costs and attorney fees expended in collection of the total judgment by execution or

otherwise as shall be established by affidavit.

DATED this _____ day of _____, 20___

_____
Clerk of the Court

**Dated:** February 11, 2013          /s/   Jacqueline M. Carter
04:13:27 PM                                 District Court Clerk

2

**Exhibit "B"**

 Gmail

**Chad Rasmussen <chad.rasmussen@gmail.com>**

---

# [18458] Desarae & Tavaras Pearson - BK7 #16-24465 * Notice of Filing

**BK Paralegal** <bkparalegal@vannovalegal.com>                    Wed, Dec 20, 2017 at 11:24 AM
To: "chad@alpinalegal.com" <chad@alpinalegal.com>

Hello,

Attached you will find the Notice of Filing for the debtors listed above with Case No. 129918006.

Feel free to contact our office for any questions or concerns regarding this matter.

Thank you,

**Legal Assistant**

 **VANNOVA** L E G A L

49 West 9000 South

Sandy, UT 84070

T: 801-415-9800

F: 801-415-9818

**www.VannovaLegal.com**

This transmission (including any attachments) may contain confidential information, privileged material (including material protected by the attorney-client or other applicable privilege), or constitute non-public information.  Any use of this information by anyone other than the intended recipient is prohibited.  If you have received this transmission in error, please immediately reply to the sender and delete this information from your system.  Use, dissemination, distribution, or reproduction of this transmission by unintended recipients is not authorized and may be unlawful.

---

📄 **NoticeOfFiling.pdf**
123K

**Exhibit "C"**

The Order of the Court is stated below:
Dated:   January 15, 2019          /s/   ANDREW H STONE
              03:49:52 PM                       District Court Judge

Chad C. Rasmussen (UT - 13847)
ALPINA LEGAL
2230 N University Pkwy., Ste. 7E
Provo, UT 84604
Phone: 801-747-9529
Fax: 801-384-0519
E-mail: chad@AlpinaLegal.com

*Attorney for Plaintiff*

### IN THE SALT LAKE CITY DEPT. OF THE THIRD JUDICIAL DISTRICT COURT
### SALT LAKE COUNTY, STATE OF UTAH
**450 S State St., Salt Lake City, UT 84111 - 801-238-7300**

| | |
|---|---|
| CASCADE COLLECTIONS LLC, <br><br> Plaintiff, <br><br> v. <br><br> DESARAE DIAZ, <br><br> Defendant. | **ORDER ON MOTIONS TO QUASH BENCH WARRANT, TO STRIKE AFFIDAVITS, AND TO SUBSTITUTE DECLARATIONS FOR AFFIDAVIT** <br><br> Case No. 129918006 <br><br> Judge: ANDREW H STONE <br><br> 2013-LCKYS-1484 |

Defendant's MOTION TO QUASH BENCH WARRANT and MOTION TO STRIKE

"AFFIDAVITS" OF CHAD RASMUSSEN AND DIANA TARTAGLIA, and Plaintiff's

MOTION TO SUBSTITUTE DECLARATIONS FOR AFFIDAVIT have been filed. On January

3, 2019, this Court held a hearing on these Motions at which counsel for Plaintiff Chad

Rasmussen appeared and counsel for Defendant Russell Skousen appeared. The Court having

read and heard the arguments and evidence of counsel as presented in their briefing and at the

hearing, and the Court having read the file herein and being fully advised , and good cause

appearing therefor;

THE COURT FINDS AND CONCLUDES as follows:

1

1. Defendant was personally served with a summons and complaint in this case as evidenced by the summons on return filed in this case.

2. Defendant has failed to show by clear and convincing evidence that she was not personally served with a summons and complaint in this case.

3. Plaintiff obtained a judgment against Defendant and became her judgment creditor on February 11, 2013, and notice of the judgment was given to her.

4. Over three years after judgment was entered against her, Defendant filed a petition for bankruptcy in the Utah Bankruptcy Court, which was assigned case number 16-24465.

5. Plaintiff was not listed as a creditor in her bankruptcy case, although the original creditor of the debt the judgment was based upon was listed by Defendant in her bankruptcy.

6. As Defendant's judgment creditor, Plaintiff should have been listed in and given notice by Defendant of her bankruptcy case.

7. On August 31, 2016, Defendant obtained a discharge in her bankruptcy case.

8. Plaintiff did not have notice of Defendant's bankruptcy case prior to the deadline of filing proofs of claim of June 21, 2017.

9. Plaintiff first received notice of Defendant's bankruptcy case on December 20, 2017 and therefore Plaintiff did not have notice in time to file a proof of claim by the June 21, 2017 deadline.

10. Pursuant to 11 U.S.C. 523(a)(3), the discharge entered in Defendant's bankruptcy does not cover the judgment Plaintiff obtained against her in this case and, accordingly, the discharge injunction is not applicable to Plaintiff.

IT IS HEREBY FURTHER ORDERED that Defendant's MOTION TO QUASH

2

BENCH WARRANT and MOTION TO STRIKE "AFFIDAVITS" OF CHAD RASMUSSEN

AND DIANA TARTAGLIA are denied, and Plaintiff's MOTION TO SUBSTITUTE

DECLARATIONS FOR AFFIDAVIT is granted, and the Court's Bench Warrant issued

February 28, 2018 is still valid and enforceable and Plaintiff may proceed to serve such upon

Defendant.

---END OF DOCUMENT---

(Signature appears at the top of the first page.)

APPROVED AS TO FORM VIA EMAIL:

/s/ Russell C. Skousen
Russell C. Skousen


/s/ Chad C. Rasmussen
Chad C. Rasmussen

3

*Certificate of Service*

I certify that on January 7, 2019, I served a copy of this proposed Order via email to the following:

Russell C. Skousen, Utah Bar No. 6441
SKOUSEN LAW, PLLC
10808 S. River Front Parkway, Ste. 310
South Jordan, UT 84095
Telephone: (801) 505-9980
Fax: (801) 907-7241
Email: rskousen@skousenlawfirm.com


/s/ Chad C. Rasmussen
Chad C. Rasmussen

4

# Exhibit "N"

Matthew K. Broadbent (9667)
Logan E. Finlay (16815)
Vannova Legal, PLLC
49 West 9000 South
Sandy, Utah 84070
Telephone: (801) 415-9800
Facsimile: (801) 415-9818
Email: law@VannovaLegal.com
Counsel for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH**
**Central Division**

| In re: | |
|---|---|
| Desarae LaShae Pearson and Tavaras LaMar Pearson | Case No.: 16-24465 |
| | Chapter 7 |
| Debtors. | Judge Kevin R. Anderson |

**REPLY TO CASCADE COLLECTION LLC's OBJECTION TO MOTION TO REOPEN CASE WITHOUT THE APPOINTMENT OF A TRUSTEE TO DETERMINE DISCHARGEABILITY OF A PREPETITION CLAIM**

Debtor, Desarae Lashae Pearson, ("Debtor"), by and through counsel and pursuant to Local Rule 9013-1(e), respectfully files this Reply ("Reply") to Cascade Collection LLC's ("Cascade") Objection ("Objection") to Motion to Reopen Case Without the Appointment of a Trustee to Determine Dischargeability of a Prepetition Claim ("Motion") in the above-captioned Chapter 7 case ("Case"). In support of this Reply, the Debtors represent as follows:

<u>**OVERVIEW**</u>

Debtor's objective in bringing this Motion is simple: It seeks to obtain evidence from Titanium to clarify its ownership of its Claim ("Claim") discharged in the Case. Debtor has reason to believe Titanium retains ownership of the Claim which Cascade continues to pursue. The Debtor has requested the information from Cascade on numerous occasions, and Cascade has refused to provide any documentation, other than an affidavit, proving its ownership. Cascade's Objection is

1

based entirely on the applicability of the state court order, and Cascade's arguments fail.

The issues before the Court caused by Cascade Collection LLC's Objection, are tow fold: (1) whether Cascade lacks standing because it has (a) failed to meet its burden of proof establishing (b) that it is a party in interest or creditor under interpretation of Rule 5010 of the Rules of Bankruptcy Procedure, such that it cannot object to the Motion to reopen; and (2), if the court finds that Cascade has standing to Object, whether collateral estoppel under the Rooker-Feldman Doctrine applies to the discharge order and state court order, such that the court may still reopen the case and determine the dischargeability of Titanium's Claim.

Cascade does not have standing to object to the Motion, because only "parties in interest" have standing to reopen or object thereto under Rule 5010. Parties in interest are debtors, creditors, or trustees, however, Cascade is none of those. By Cascade's own admissions within the state court it is not a creditor and its interest was excepted from discharge under 523(a)(3). Cascade has presented no other evidence that they are a party in interest, and as such, Cascade has failed to meet its burden of proof and has no standing to object to Debtor's Motion.

Cascade also asserts that collateral estoppel should preclude the Debtor from bringing this case because a state court order has been entered determining any claim held by Cascade was excepted from discharge. Cascade misunderstands the bankruptcy court's authority and the limitations of the Rooker-Feldman Doctrine. First, to reiterate, Debtor is seeking a determination regarding Titanium's debt, not Cascade's interest. Titanium was not a party to the state court case, nor was its Claim at issue in the state case, so collateral estoppel cannot apply.

2

Case 18-27468   Doc 54   Filed 04/28/20   Entered 04/28/20 20:50:28   Desc Main
Document   Page 173 of 184

## DEBTOR HAS REASON TO BELIEVE
## TITANIUM OWNS THE SCHEDULED CLAIM

As a preliminary issue, which must be determined before considering a motion to reopen or objection thereto, this Court must decide whether Cascade is a party in interests as defined by the Code pursuant to § 5010 and the applicable case law such that it has standing to object to the Motion to reopen. However, this is better understood if the background for this motion, and why the Debtor seeks to determine Titanium's Claim rather than Cascade's interest, is explained.

The debtor reasonably believes that Titanium was the owner of the Titanium claim on the Petition Date. Some of the reasons that lead Debtor to believe Titanium owns the debt are summarized and enumerated below:

If Cascade obtained an assignment of the full interest in the Titanium claim, neither Titanium or Cascade provided Debtor notice to Debtor. Cascade contends that service of Cascade's judgment constitutes notice. The Supreme Court of Utah ("Utah Court") disagrees. The Utah Court has held that "If the debt is to be discharged by payment to someone other than the creditor because of the assignment of the debt, unambiguous notification of the assignment must be given the debtor; otherwise, the debtor is entitled to discharge the debt by paying the original creditor." *Peoples Finance &b Thrift Co. v. Landes*, Supreme Court of Utah. November 16, 197228 Utah 2d 392503 P.2d 444. In 1998 the Utah Court held that notification to a debtor of an assignment of the debt is indispensable if the debtor is to be held liable to the assignee." *Webb v. Brinkerhoff Const. Co*, Supreme Court of Utah. December 1, 1998972 P.2d 74357 Utah Adv. Rep. 19.

In the collection complaint Cascade filed against Debtor, it stated that the debt was assigned to Cascade through a Collection Agreement and Assignment of Accounts between Plaintiff and Titanium. The name of the agreement implies a collection relationship. Other instances where

3

Titanium has transferred a claim in its entirely were transferred with a Bill of Sale. *See* Bankruptcy Case 14-22652, Docket No. 10 entered 04/15/14.

Debtor has cordially requested from Cascade, both in and out of court, to provide it with documentation proving assignment, justifying its claims as a creditor in bankruptcy, but Cascade refuses to present it, and instead provides affidavits of assignment. (*See* 3rd District Court of Utah, Case No. 129918006, Docket No. 53, 61, and 62). The Debtor requested that Cascade provide proof of ownership. *Id.* at Docket No. 61. Chad Rasmussen, on behalf of Alpina Legal, provided a declaration that Cascade was assigned the interest. Cascade's only "evidence" is a third-party affidavit from its own legal offices claiming assignment of the Claim. Cascade thinks that an affidavit is sufficient under the rules of evidence to prove ownership of a claim. This is incorrect under the best evidence rule, the bankruptcy rules, and case law. The contract substantiating ownership was never provided and the state court judge informed the parties that he would not rule on the issue of standing and that it could be raised and argued at a later date.

A legal representative of Titanium informed the Debtor that (1) it entered into third-party collection agreement with Cascade titled Collections and Assignment Agreement ("Collections Agreement"), (2) Titanium retained its ownership in the Claim, and (3) Cascade is a debt servicing agent that takes a percentage of the money it collects on behalf of Titanium.

Cascade has failed to provide a copy of the Collection and Assignment Agreement in spite of making numerous requests. This coupled with the other reasons above leads Debtor to pursue alternate means of finally resolving the status of Titanium's claim. However, for any of this to be relevant the court must find that Cascade has standing to object in the first place.

4

## CASCADE HAS NO STANDING TO OBJECT TO THE MOTION

### Interpretations by the Second, Fourth, Ninth, and Tenth Circuits of Rule 5010 "party in interest" and who has standing to reopen or object thereto.

Only a debtor or "party in interest" may reopen a case or object thereto under 11 U.S.C. § 5010 of the Bankruptcy Code (the "Code"), and standing is a threshold question which must be asked before reviewing an objection to a motion to reopen. *In re Alpex Computer Corp.*, 71 F.3d 353, 356 (10th Cir. 1995) (Standing is "a prudential requirement" to determining whether a case may be reopened and "[w]hile the decision to reopen remains within the broad discretion of the bankruptcy court, it must be tethered to the parameters of § 350(b), or it is an abuse of discretion.")(some internal citations omitted);[1] Fed. R. Bankr. P. 9013-1(e)(3).

Standing to object to a motion to reopen only exists where the objecting party is a party in interest pursuant to 11 U.S.C. § 5010.  "Party in interest" is undefined by the Code, ". . . courts have concluded, however, that in order to invoke the court's power . . . a party must be either a creditor or a debtor of the bankruptcy estate." *In re Miller*, 666 F.3d 1255, 1261 (10th Cir. 2012); *Nintendo Co. v. Patten (In re Alpex Computer Corp.)*, 71 F.3d 353 (10th Cir. 1995) (Holding that "while 'party in interest' is 'generally understood to include all persons whose pecuniary interests are directly affected by the bankruptcy proceedings,' case law implicitly **confines the concept [within the context of Rule 5010] to 'debtors, creditors, or trustees, each with a particular and direct stake in reopening cognizable under the Bankruptcy Code'**)(bolding added for emphasis).

---

[1] *See also,* St. Francis Regional Med. Ctr. v. Blue Cross & Blue Shield of Kan., Inc., 49 F.3d 1460, 1465 (10th Cir.1995); In re Alpex Computer Corp., 71 F.3d 353, 354 (10th Cir. 1995).

5

Significantly, on two occasions, the Tenth Circuit has determined that *only* "parties in interest" can bring a motion to reopen or object thereto. *See In re Alpex Computer Corp.*, 71 F.3d 353, 356 (10th Cir. 1995); *In re Riazuddin*, 363 B.R. 177, 182–83 (B.A.P. 10th Cir. 2007). In *Riazuddin*, a case similar to the Case before this court, the Tenth Circuit reversed the district court for failing to reopen the case were a party in a civil case, who was not included in the original bankruptcy, claimed to be a party in interest with standing to object because it could possibly lose its interest if the Debtor reopened its case. Riazuddin reaffirmed its ruling in *Alpex* and expanded Alpex holding. In *Riazuddin*, the Tenth Circuit stated:

"Bankruptcy Rule 5010 provides that a case may be reopened 'on motion of the debtor or other party in interest.' In *In re Alpex*, the Tenth Circuit determined that, "notwithstanding the expansive view of the term 'party in interest' in some bankruptcy contexts, the term should be restrictively interpreted in connection with motions to reopen. [*Alpex*] stated that standing to request reopening of a bankruptcy case is limited to the debtor, a creditor, or, perhaps, a trustee." *Id*.

Both *Riazuddin*, and *Alpex*, explain that the standard for determining standing as a party in interest is the same for both reopening and objecting to a motion to reopen. These two cases also prove that simply because an interest in a state civil case might be affected by the reopening of the bankruptcy that fact does not provide standing as a party in interest to object. *Riazuddin*, at 183.

Both the Second Circuit and Ninth Circuit, and the renowned treatise Collier on

6

Bankruptcy, all agree with the limitations set by the Tenth Circuit.[2] The Fourth circuit adds the limitation of **"a participant in the original case,"** to the standing requirement under Rule 5010. *Alexandria Consulting Group, LLC v. Alexandria Surveys Int'l LLC,* 589 Fed.Appx. 126 (4th Cir. 2014). Because the case law identifies "parties in interest" as a creditor, creditor must be defined. Thankfully, 11 U.S.C. § 101(10) defines "creditor" as  an "(A) entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor; or (B) entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title; or (C) entity that has a community claim."[3] Finally, it should be noted that the burden of standing as a party in interest is on the party claiming the status.

### Application

Because of the facts stated in the first section, but more specifically, because Cascade has not filed a claim and fails to provide any proof of assignment or other documentation to prove that they are not just an agent of Titanium but a true owner of the debt, Cascade cannot be considered a "party in interest" and lacks standing to object to the Motion as defined by § 5010 and the Second, Fourth, Ninth, and Tenth Circuits.  Thus, this Court should disregard Cascade's Objection, or simply require that Cascade simply submit the documentation providing the terms of its

---

[2] Goldenberg v. Deutsche Bank Nat'l Trust Co. (In re Papazov), 610 Fed.Appx. 700 (9th Cir. 2015); Saticoy Bay LLC, Series 2110 Club Meadows v. JPMorgan Chase Bank, N.A., No. 18-294, 2018 WL 2072514 (2d Cir. Apr. 18, 2018); 9 COLLIER ON BANKRUPTCY ¶ 5010.02 [4] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

[3] A "claim" is defined by the 11 U.S.C. § 101 (5) as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured . . . ."

7

assignment in court and resolve this whole dispute.

## **COLLATERAL ESTOPPEL FAILS**

Under paragraph 18 of the Objection, Cascade asserts that collateral estoppel should preclude the Debtor from bringing this case because a state court order has been entered determining that if cascade has a claim, then Cascade's claim was excepted from discharge. This is a reference to the Rooker-Feldman Doctrine. However, Cascade incorrectly believes that the state court order precludes the Debtor from seeking a determination on the dischargeability of Titanium's Claim (not Cascade's interest), and Cascade misunderstands the limitations of the Rooker-Feldman Doctrine. If Cascade's interest relies on Titanium's Claim, and Titanium's Claim is determined to have been included and properly discharged, then the state court's order will be ineffectual ab initio because a state court cannot infringe upon the jurisdiction of the bankruptcy court to make determinations on core matters, and the bankruptcy court has a duty to protect that jurisdiction and enforce the discharge order.

Cascade's Objection cites *In re McGhan*, 288 F.3d 1172 (9th Cir. 2002), as a source of its belief that the debtor cannot bring its claim in bankruptcy court because the state court has already made a determination of Cascade's claim exception from discharge, because the state court has concurrent jurisdiction to make such determinations. However, that same case stands as evidence that, although the state court may make preliminary determinations on the core matter of dischargeability, the Bankruptcy court has the ultimate determination on core matters because and congress intended the bankruptcy courts to have the final determination.

*McGhan* based it holding on *In re Gruntz*, 202 F.3d 1074 (9th Cir.2000). *Gruntz* focused on limiting interpreting the scope of the Rooker-Friedman Doctrine (the "Doctrine") in its application to the automatic stay. *Gruntz* held that the Doctrine does not deprive federal courts of

8

jurisdiction over the scope and applicability of the stay. In *Gruntz*, the Ninth Circuit summarized the Doctrine stating that "[a]t its core, the Rooker–Feldman doctrine stands for the unremarkable proposition that federal district courts are courts of original, not appellate, jurisdiction. Thus, it follows that federal district courts have 'no authority to review the final determinations of a state court in judicial proceedings.'" *In re Gruntz*, at 1078. The court continued, "Rooker itself relied upon "the legislation of Congress," namely the predecessors of these statutes in the Judicial Code." *Id*. The court reasoned that Congressional policy provides bankruptcy courts the ultimate say in all core matters such as the automatic stay and determinations of dischargeability. *See generally McGhan; Gruntz.*

*McGhan* further limited the Doctrine as it applied to determinations of dischargeability in bankruptcy cases. In *McGhan*, a creditor brought a case in state court to determine a claim nondischargeable, so it could pursue a debtor who included the creditor in its bankruptcy petition. The state court ordered that the claim was not discharged, and effectively modified the bankruptcy court's discharge order, infringing upon the bankruptcy court's jurisdiction over the core proceeding determining the of dischargeability of the claim. *McGhan*, relying on its previous opinion, *In re Gruntz*, held that the bankruptcy court abused its discretion by denying McGhan's § 350(b) motion to reopen his bankruptcy case, because the state court lacked authority to adjudicate the adequacy of the notice to a creditor, and it lacked authority modify the bankruptcy court's discharge order and permanent discharge injunction when it determined the dischargeability of a claim.

Ultimately, *McGhan* reaffirms *Gruntz* stating that (1) "not only that a federal court may review state court decisions modifying an automatic stay; but also [(2)] that state courts lack jurisdiction in the first instance to modify the stay"; and held that (3) that "the state court lacked

9

authority to adjudicate the adequacy of the notice . . . [incorrectly determined that the creditor was not bound by the discharge order nor the discharge injunction] . . . and effectively modified both orders, and in so doing impermissibly infringed upon the bankruptcy court's jurisdiction to enforce its orders." The Gruntz and McGhan together maintain that both orders of discharge and orders implementing the automatic stay cannot be attached outside of the bankruptcy court. *In re McGhan*, at 1179 (". . . 'bankruptcy court orders are not subject to collateral attack in other courts. . . a state court also lacks authority to modify or dissolve a discharge order or the § 524 discharge injunction.").

The court essentially states that Congress intended bankruptcy courts to maintain final jurisdiction over discharge which is why dischargeability is a core proceeding, citing *In re Pavelich*, 229 B.R. 777, 782 (B.A.P. 9th Cir.1999) ("Congress has plenary authority over bankruptcy in a manner that entitles it to preclude state courts from doing anything in derogation of the discharge."), but states that "we do not hold that a state court is divested of all jurisdiction to construe or determine the applicability of a discharge order when discharge in bankruptcy is raised as a defense to a state cause of action filed in state court by a listed creditor. *Pavelich*, 229 B.R. at 783 (holding that "state courts have the power to construe the discharge and determine whether a particular debt is or is not within the discharge" because "discharge in bankruptcy is a recognized defense under state law")." McGhan, at 1179.

The Six Circuit agreed with the Ninth Circuits findings in *In re Hamilton*, 540 F.3d 367 (6th Cir. 2008). Sixth Circuit ruled that the Code trumped 28 U.S.C.A. § 1334(b) and the Rooker-Feldman doctrine and that the bankruptcy court has unbridled jurisdiction over discharge matters covered by § 524(a). Specifically it found that (1) 11 U.S.C. § 524(a) of the Bankruptcy Code setting forth the discharge injunction makes a state-court judgment void ab initio when entered

10

against a debtor whose dischargeable debts had been discharged, notwithstanding the Rooker-Feldman doctrine, and (2) if the debt at issue was discharged pursuant to the bankruptcy court's discharge order, then the state-court judgment was a modification of the discharge order and was void ab initio, but if the debt was not discharged, then the state-court judgment was not a modification of the discharge order and the Rooker-Feldman doctrine would bar federal-court jurisdiction.

In summary, the state has concurrent jurisdiction only to the extent the state court gets the dischargeability determination right, but if they don't, "then state-court judgment [is] a modification of the discharge order and is void ab initio." *In re Hamilton*, 540 F.3d 367, 376 (6th Cir. 2008) (explaining that "state courts are allowed to construe the discharge in bankruptcy, but what they are not allowed to do is construe the discharge incorrectly because an incorrect application of the discharge order would be equivalent to a modification of the discharge order. Similarly, the state-court judgment in the case at hand would constitute a modification of the discharge in bankruptcy only if the debt was actually discharged pursuant to the bankruptcy court's discharge order.").

### Application

*McGhan* is similar to our case: here Titanium is creditor and the owner of the claim, which was listed on the schedules and discharge order. However, in this case, Cascade, the agent of Titanium, is the party that sought the determination of dischargeability in state court. Because Titanium is not the party or claim addressed in the state court order, a determination of the dischargeability in an adversary proceeding in this court would not constitute an appeal of the state court order under the Rooker-Feldman Doctrine. If the state court order were construed to address the claim of Titanium, however, the state court order would constitute a modification of this

11

bankruptcy court's order and an infringement on this court's jurisdiction under *In re McGhan* and *In re Hamilton* because Titanium's Claim was included in the discharge order. So, under either hypothetical, this court may determine of dischargeability of Titanium's claim.

Because the state court left open the issue of standing, the Rooker-Feldman Doctrine is inapplicable, however, even if the state court had made a determination on the dischargeability of the debt and standing, this court maintains jurisdiction because of the discharge order that predates the state court order. The need for determination is caused by Titanium's agent, Cascade, post-petition pursuit of the discharged claim. Cascade is a third-party debt servicing agent attempting to modify the discharge order against Titanium by obtaining a determination of dischargeability in state court. This in violation of the principals of that bankruptcy code and the jurisdiction of this court. This bankruptcy Court does have ultimate jurisdiction to make determinations of dischargeability as core proceedings in bankruptcy.

## **CONCLUSION**

This Court should grant the debtor's Motion to reopen, because (1) Cascade is not the debtor, a creditor, or a trustee, never participated in the underlying bankruptcy, fails to provide evidence that it holds any claim in this bankruptcy, admits that it is not accreditor subject to this Case's Discharge Order, and thus it lacks standing as a "party in interest" pursuant to Rule 5010 to object to the Motion to reopen; and, if this Court determines Cascade is a party in interest and considers Cascade's Objection, this Court should still grant the Debtor's Motion to reopen, because (2) the state court has not determined the dischargeability of Titanium's claim such that collateral estoppel and the Rooker-Feldman Doctrine is inapplicable such that this Court may make a dischargeability determination on Titanium's Claim; (3) Cascade is an agent of Titanium because Cascade only holds a right to collect on Titanium's behalf, such that any claim adjudicated non-

12

dischargeable by the state court was and adjudication of the dischargeability of Titanium's claim, and as such, this Court may determine that the state court order was a modification of the discharge injunction and an infringement on this Court's Discharge Order; and (4) the state court judge left the issue of Cascade's standing as an true owner of Titanium's Claim open for determination, so this Court may take up the issue independently.

## **PRAYER FOR RELIEF**

WHEREFORE, the Debtor requests this Court deny Cascade's Objection and grant Debtor's Motion.

Dated:  April 19, 2019

VANNOVA LEGAL, PLLC


_____/s/_____
Logan Finlay
Counsel for Debtor

13